IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE AK-CHIN INDIAN COMMUNITY, )
)
Plaintiff, )
v. )        Case No. 1:06CV02245-JR
)
DIRK KEMPTHORNE, SECRETARY )
OF THE INTERIOR; )
ROSS O. SWIMMER, SPECIAL )
TRUSTEE; and HENRY M. PAULSON, )
SECRETARY OF THE TREASURY, )
)
Defendants. )
_____ )

## ANSWER

Defendants Dirk Kempthorne, Secretary of the Interior, Ross O. Swimmer, Special

Trustee for American Indians, and Henry M. Paulson, Secretary of the Treasury (hereafter

collectively "Defendants" or "the United States") hereby submit the following Answer to the

Complaint.  Defendants specifically deny each and every allegation of the Complaint that is not

otherwise expressly admitted, qualified, or denied in this Answer.  The numbered paragraphs of

this Answer correspond to the numbered paragraphs of the Complaint.

### I.  "GENERAL NATURE OF THE ACTION"

1.  The allegations of Paragraph 1 constitute Plaintiff's characterizations of this suit to

which no response is required.

2.  As to the allegations of the first and second sentences of Paragraph 2, Defendants

admit that the Ak-Chin reservation comprises approximately 21,840 acres and that Plaintiff's trust

funds either include or in the past have included judgment funds and funds derived from the lease

or sale of trust assets.  As to the third sentence of Paragraph 2, Defendants aver that the term

"accounting," as used by Plaintiff, is vague and ambiguous, such that Defendants are unable to

formulate a response thereto, *see, e.g.*, Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d

ed. 1982). Notwithstanding the foregoing, Defendants aver that the Department of the Interior

has furnished and continues to furnish Plaintiff with financial and accounting data and

documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of

Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project,

Agreed-Upon Procedures and Findings Report for the Ak-Chin Indian Community" for Fiscal

Years 1973-1992 ("Agreed-Upon Procedures and Findings Report"), which set forth the results of

Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and ( c ) from

1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund

monies received by Defendants. Further, Defendants aver that the Department of the Interior has

furnished Plaintiff with trust account information as part of a judgment or settlement, in

satisfaction of Plaintiff's accounting claims in cases including, but not limited to, <u>American

Indians Residing on the Maricopa-Ak-Chin Reservation v. United States</u>, 31 Ind. Cl. Comm. 384

(1973) and <u>American Indians Residing on the Maricopa-Ak-Chin Reservation v. United States</u>, 37

Ind. Cl. Comm. 193 (1976). As to the fourth sentence of Paragraph 2, the term "true balances" is

vague and ambiguous such that Defendants are unable to formulate a response thereto.

Defendants deny the remaining factual allegations of Paragraph 2.

3. The first sentence of Paragraph 3 consists of Plaintiff's characterizations and

conclusions of law to which no response is required. Defendants admit the allegations contained

in the second sentence. As to the third sentence of Paragraph 3, Defendants admit that portions of

the lands have been leased for rights-of-way and other purposes. Further, the term "valuable

natural resources" is vague and ambiguous, such that Defendants are unable to formulate a response thereto. As to the fourth sentence of Paragraph 3, Defendants aver that the term "accounting," as used by Plaintiff, is vague and ambiguous, such that Defendants are unable to formulate a response thereto, *see, e.g.*, Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982). Notwithstanding the foregoing, Defendants aver that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Ak-Chin Indian Community" for Fiscal Years 1973-1992, which set forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and ( c ) from 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendant. Further, Defendants aver that Interior has furnished Plaintiff with trust account information as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in cases including, but not limited to, American Indians Residing on the Maricopa-Ak-Chin Reservation v. United States, 31 Ind. Cl. Comm. 384 (1973) and American Indians Residing on the Maricopa-Ak-Chin Reservation v. United States, 37 Ind. Cl. Comm. 193 (1976). Further, Defendants aver that additional information regarding Plaintiff's trust assets has historically been, and is, available to it upon request.

4. As to the allegations of Paragraph 4, Defendants admit that they hold positions in the United States Government that include duties as to the performance of certain legal obligations towards Plaintiff. The term "the record," in the second sentence of Paragraph 4, is vague and ambiguous such that Defendants are unable to formulate a response thereto. As to the allegations

contained in Subparagraph 4(a), Defendants aver that the term "accounting," as used by Plaintiff, is vague and ambiguous, such that Defendants are unable to formulate a response thereto.  *See, e.g.,* Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982).  Notwithstanding the foregoing, Defendants deny that the Secretary of the Treasury has any obligations related to certain alleged duties, such as providing an accounting to Plaintiff, managing the land and resources of Plaintiff, or approving, maintaining records of, or ensuring compensation for rights-of-way.   The remaining allegations in Paragraph 4 consist of Plaintiff's characterizations and conclusions of law to which no response is required.  To the extent the remaining allegations in Paragraph 4 also contain factual averments, Defendants deny those allegations.

## II.  "THE PARTIES"

5.  As to the allegations in Paragraph 5, Defendants admit that Plaintiff Ak-Chin Indian Community is a federally-recognized Indian tribe and that the United States holds lands and other assets in trust for Plaintiff.  Defendants aver that the term "accounting," as used by Plaintiff, is vague and  ambiguous, such that Defendants are unable to formulate a response thereto, *see, e.g.*, Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982).  Notwithstanding the foregoing, Defendants aver that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Ak-Chin Indian Community" for Fiscal Years 1973-1992, which set forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and ( c ) from 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received

by Defendant.   Further, Defendants aver that Interior has furnished Plaintiff with trust account

information as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in

cases including, but not limited to, <u>American Indians Residing on the Maricopa-Ak-Chin</u>

<u>Reservation</u> v. <u>United States</u>, 31 Ind. Cl. Comm. 384 (1973) and <u>American Indians Residing on</u>

<u>the Maricopa-Ak-Chin Reservation</u> v. <u>United States</u>, 37 Ind. Cl. Comm. 193 (1976).  Further,

Defendants aver that additional information regarding Plaintiff's trust assets has historically been,

and is, available to it upon request.

6.  As to the allegations contained in the first sentence of Paragraph 6, Defendants admit

that Dirk Kempthorne is the Secretary of the Interior and that the United States carries out certain

of its legal responsibilities for Plaintiff through the Secretary of the Interior.  As to the allegations

contained in the second sentence of Paragraph 6, the term "custody and control" is vague and

ambiguous such that Defendants are unable to formulate a response thereto.  Notwithstanding

such ambiguity, Defendants deny that the United States holds exclusive "custody and control"of

Ak-Chin trust assets, and aver that the Ak-Chin shares custody and control of such trust assets.

Defendants further aver that the respective extents of Plaintiff's and the United States' custody

and control of such trust assets also are set forth in the provisions of and the regulations

implementing statutes respecting tribal property held in trust.  The remaining allegations in the

paragraph are conclusions of law to which no response is required.

7.  As to the allegations contained in Paragraph 7, Defendant admits that Ross O.

Swimmer is the Special Trustee for American Indians; that he is appointed by the President of the

United States with the advice and consent of the Senate; and that the United States carries out

certain of its trust responsibilities for the Ak-Chin (such as some of those specified in the

American Indian Trust Reform Management Reform Act, 25 U.S.C. §§ 4001 *et seq*.) through the Special Trustee.  The remaining allegations in Paragraph 7 are conclusions of law to which no response is required.

8.  As to the allegations of Paragraph 8, Defendants admit that Henry M. Paulson is the Secretary of the Treasury.  The remaining allegations in Paragraph 8 are conclusions of law to which no response is required.

### III.  **"JURISDICTION AND VENUE"**

9.  As to the allegations in Paragraph 9, Defendants admit that the Community is a federally recognized Tribe.  The remaining allegations in Paragraph 9 consist of Plaintiff's conclusions of law to which no response is required.  The cited statutes speak for themselves and are the best evidence of their contents.

10.  Paragraph 10 consists of Plaintiff's characterizations and conclusions of law to which no response is required.  The cited statutes and judicial decisions speak for themselves and are the best evidence of their contents.

11.  Paragraph 11 consists of Plaintiff's conclusions of law to which no response is required.  The cited statute speaks for itself and is the best evidence of its contents.

### IV.  **"TRUST OBLIGATIONS"**

12.  Paragraph 12 consists of Plaintiff's characterizations and conclusions of law to which no response is required.  The cited judicial decision speaks for itself and is the best evidence of its contents.

13.  As to the allegations of Paragraph 13, Defendants admit that Plaintiff is the beneficial owner of certain lands and associated natural resources; that the United States holds title to such

lands and  associated natural resources in trust for the benefit of the Ak-Chin Indian Community;
and that income is derived from the sale of natural resources and conveyance of interests in the
lands, including through leases, easements, and rights of way.  As to the allegations in the first
sentence of Paragraph 13, the phrase "substantial portion" is vague and ambiguous such that
Defendants are unable to formulate a response thereto.  The allegation in the last sentence of
Paragraph 13 that Plaintiff's assets and income "form the core of " its tribal trust assets also is
vague and ambiguous such that Defendants are unable to formulate a response thereto.
Notwithstanding such ambiguities, Defendants deny that the United States exercises exclusive
control of or management over Ak-Chin trust assets, and aver that the Ak-Chin shares control and
management of such trust assets.  Defendants further aver that the respective extents of Plaintiff's
and of the United States' control and management of such trust assets also are set forth in the
provisions of and the regulations implementing statutes respecting tribal property held in trust.

14.  As to the allegations of Paragraph 14, Defendants admit that the United States has
held in trust for Plaintiff certain monies derived from settlements or judgments entered on claims
Plaintiff has brought against the United States, including claims brought under the Indian Claims
Commission Act.  Defendants admit that the United States has managed, invested and distributed
such judgment funds, and Defendant Department of the Interior avers that it has done so with
Plaintiff's advice and consent.  The remainder of the paragraph consists of Plaintiff's legal
conclusions and characterizations of various statutes, which Acts speak for themselves and are the
best evidence of their contents.

15.  The allegations of Paragraph 15 consist of Plaintiff's characterizations and
conclusions of law to which no response is required.  The cited judicial decisions speak for

themselves and are the best evidence of their contents.

16.  The allegations of Paragraph 16 consist of Plaintiff's characterizations and conclusions of law to which no response is required.  The cited statutes and regulations speak for themselves and are the best evidence of their contents.

17.  The allegations of Paragraph 17 consist of Plaintiff's characterizations and conclusions of law to which no response is required.  The cited Act and judicial decision speak for themselves and are the best evidence of their contents.

18.  The allegations of Paragraph 18 consist of Plaintiff's characterizations and conclusions of law to which no response is required.  The cited judicial decision speaks for itself and is the best evidence of its contents.

19.  The allegations of Paragraph 19 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

## V. "BREACHES OF TRUST"

20.  The allegations of Paragraph 20 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

21.  As to the allegations of Paragraph 21, Defendants deny that Plaintiff does not know or has no way to ascertain "the true state of its trust assets," and aver that information regarding Plaintiff's trust assets has been, and continues to be, available to it upon request.   Further, Defendants aver that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Ak-Chin Indian

Community" for Fiscal Years 1973-1992, which set forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and ( c )  from 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendant.   Further, Defendants aver that Interior has furnished Plaintiff with trust account information as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in cases including, but not limited to, American Indians Residing on the Maricopa-Ak-Chin Reservation v. United States, 31 Ind. Cl. Comm. 384 (1973) and American Indians Residing on the Maricopa-Ak-Chin Reservation v. United States, 37 Ind. Cl. Comm. 193 (1976).  As to the remaining allegations in Paragraph 21, they consist of Plaintiff's characterizations and conclusions of law to which no response is required.

22.  The allegations of Paragraph 22 consist of Plaintiff's characterizations of Cobell VI, 240 F.3d at 1090-91 and legal conclusions to which no response is required.  The cited judicial decision and reports speak for themselves and are the best evidence of their contents.

23.  The allegations of Paragraph 23 consist of Plaintiff's legal conclusions as well as characterizations of and quotations from the document entitled Misplaced Trust: The Bureau of Indian Affairs Mismanagement of the Indian Trust Fund, H.R. Rept. No. 102-499, 102nd Cong. 2d Sess. (1992), and Cobell VI, 240 F.3d at 1090, to which no response is required.  The cited judicial decision and Congressional report speak for themselves and are the best evidence of their contents.

24.  The allegations of Paragraph 24 consist of Plaintiff's legal conclusions as well as characterizations of and quotations from Cobell VI, 240 F.3d at 1100, to which no response is required.  The cited judicial decision speaks for itself and is the best evidence of its contents.

25.  The allegations of Paragraph 25 consist of Plaintiff's legal conclusions as well as characterizations of and quotations from a provision of the 1994 Trust Reform Act, 25 U.S.C. § 4011(a), and <u>Cobell VI</u>, 240 F.3d at 1102, to which no response is required.  The cited judicial decision and legislation speak for themselves and are the best evidence of their contents.

26.  The allegations of Paragraph 26 consist of Plaintiff's characterizations of and quotations from provisions of the 1994 Trust Reform Act, 25 §§ 4042 & 4041, to which no response is required.  The cited legislation speaks for itself and is the best evidence of its contents.

27.  The allegations of Paragraph 27 consist of Plaintiff's characterizations of and quotations from the 1994 Trust Reform Act to which no response is required.  The cited legislation speaks for itself and is the best evidence of its contents.

28.  As to the allegations contained in the first sentence of Paragraph 28, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.  In response to the allegations in sentence 3 of Paragraph 28, Defendant Swimmer denies that he has failed to take meaningful steps to achieve trust reform.  The remaining allegations of Paragraph 28 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

29.  The allegations in Paragraph 29 consist of Plaintiff's characterizations and conclusions of law to which no response is required.  The cited statutes speak for themselves and are the best evidence of their contents.

30.  In response to the allegations of Paragraph 30, Defendants aver that the terms "a complete, accurate, and adequate accounting" and a "full and complete accounting," as used by Plaintiff, are vague and  ambiguous, such that Defendants are unable to formulate a response

thereto, *see, e.g.*,  Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982).

Notwithstanding such ambiguity, Defendants deny that the Secretary of the Treasury has any

obligation to provide an accounting to Plaintiff.  Defendants further aver that, in addition to the

Arthur Andersen report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon

Procedures and Findings Report for the Ak-Chin Indian Community" for Fiscal Years 1973-1992,

which set forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years

1973-1992, Interior has furnished and continues to furnish Plaintiff with other financial and

accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled

"Summary and Detail of Trust Fund Statements;" and (b) from 1995 to the present, periodic

statements of accounts or performance for Plaintiff's trust fund monies received by Defendant.

Further, Defendants aver that Interior has also furnished Plaintiff with trust account information

as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in cases

including, but not limited to, American Indians Residing on the Maricopa-Ak-Chin Reservation v.

United States, 31 Ind. Cl. Comm. 384 (1973) and American Indians Residing on the Maricopa-

Ak-Chin Reservation v. United States, 37 Ind. Cl. Comm. 193 (1976).  Further, Defendants aver

that additional information regarding Plaintiff's trust assets has historically been, and is, available

to it upon request.  The second sentence of Paragraph 30 consists of Plaintiff's characterization of

and quotation from a document titled "Bureau of Indian Affairs' Proposed Legislative Options in

Response to Tribal Trust Fund Reconciliation Project Results (Dec. 1996), to which no response

is required.  The cited document speaks for itself and is the best evidence of its contents.  The last

sentence of Paragraph 30, including sub-paragraphs (a) through (d), consist of Plaintiff's

characterization of cited U.S. General Accounting Office Reports and testimony to which no

response is required.  The cited reports and testimony speak for themselves and are the best evidence of their contents.  The remainder of the allegations of Paragraph 30 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

31.  The allegations of Paragraph 31 consist of Plaintiff's legal conclusions as well as characterizations of and a quotation from a series of Interior Department Appropriations Acts, to which no response is required.  The cited Acts speak for themselves and are the best evidence of their contents.  Defendants further deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.

## COUNT ONE

32.  Defendants incorporate by reference herein their responses to the allegations in Paragraphs 1-31 of the Complaint.

33. The allegations of Paragraph 33 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

34.  The allegations of Paragraph 34 consist of Plaintiff's legal conclusions as well as characterization of and quotation from Cobell VI, 240 F.3d at 1103, to which no response is required.  The cited judicial decision speaks for itself and is the best evidence of its contents. Defendants further aver that the term "a complete, accurate and adequate accounting," as used by Plaintiff, is vague and ambiguous, such that Defendants are unable to formulate a response thereto, *see, e.g.*,  Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982). Notwithstanding such ambiguity, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.  Further, Defendants aver that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and

12

documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Ak-Chin Indian Community" for Fiscal Years 1973-1992, which set forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and ( c ) from 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendant.  Further, Defendants aver that Interior has furnished Plaintiff with trust account information as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in cases including, but not limited to, American Indians Residing on the Maricopa-Ak-Chin Reservation v. United States, 31 Ind. Cl. Comm. 384 (1973) and American Indians Residing on the Maricopa-Ak-Chin Reservation v. United States, 37 Ind. Cl. Comm. 193 (1976).  Defendants also aver that additional information regarding Plaintiff's trust assets has historically been, and is, available to it upon request.

35.  The allegations contained in paragraph 35 consist of conclusions of law to which no response is required.

36.  The allegations contained in paragraph 36 consist of conclusions of law to which no response is required.  Defendants further aver that the term "a complete, accurate and adequate accounting," as used by Plaintiff, is vague and ambiguous, such that Defendants are unable to formulate a response thereto, *see, e.g.*,  Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982).  Notwithstanding such ambiguity, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.  Further, Defendants aver that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of

13

Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Ak-Chin Indian Community" for Fiscal Years 1973-1992, which set forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and ( c )  from 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendant.  Further, Defendants aver that Interior has furnished Plaintiff with trust account information as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in cases including, but not limited to, American Indians Residing on the Maricopa-Ak-Chin Reservation v. United States, 31 Ind. Cl. Comm. 384 (1973) and American Indians Residing on the Maricopa-Ak-Chin Reservation v. United States, 37 Ind. Cl. Comm. 193 (1976).  Defendants also aver that additional information regarding Plaintiff's trust assets has historically been, and is, available to it upon request.

37.  The allegations of Paragraph 37 consist of Plaintiff's characterizations and conclusions of law and of the relief it requests in this action to which no response is required. Defendants further aver that the term "accounting," as used by Plaintiff, is vague and ambiguous, such that Defendants are unable to formulate a response thereto, *see, e.g.*,  Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982).  Notwithstanding such ambiguity, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Further, Defendants aver that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Ak-Chin Indian Community" for Fiscal Years 1973-1992, which set forth the results of Interior's

project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and ( c ) from 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendants.   Further, Defendants aver that Interior has furnished Plaintiff with trust account information as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in cases including, but not limited to, <u>American Indians Residing on the Maricopa-Ak-Chin Reservation</u> v. <u>United States</u>, 31 Ind. Cl. Comm. 384 (1973) and <u>American Indians Residing on the Maricopa-Ak-Chin Reservation</u> v. <u>United States</u>, 37 Ind. Cl. Comm. 193 (1976).  Defendants also aver that additional information regarding Plaintiff's trust assets has historically been, and is, available to it upon request.

38.  The allegations of Paragraph 38 consist of Plaintiff's characterizations and conclusions of law and of the relief it requests in this action to which no response is required. Defendants further aver that the term "accounting," as used by Plaintiff, is vague and ambiguous, such that Defendants are unable to formulate a response thereto, *see, e.g.*,  Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982).  Notwithstanding such ambiguity, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff. Further, Defendants aver that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Ak-Chin Indian Community" for Fiscal Years 1973-1992, which set forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and ( c )  from 1995 to the

present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendants.   Further, Defendants aver that Interior has furnished Plaintiff with trust account information as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in cases including, but not limited to, <u>American Indians Residing on the Maricopa-Ak-Chin Reservation</u> v. <u>United States</u>, 31 Ind. Cl. Comm. 384 (1973) and <u>American Indians Residing on the Maricopa-Ak-Chin Reservation</u> v. <u>United States</u>, 37 Ind. Cl. Comm. 193 (1976).  Defendants also aver that additional information regarding Plaintiff's trust assets has historically been, and is, available to it upon request.

39.  The allegations of Paragraph 39 consist of Plaintiff's characterizations and conclusions of law and of the relief it requests in this action to which no response is required.

## COUNT TWO

40. Defendants incorporate by reference herein their responses to the allegations in Paragraphs 1-39 of the Complaint.

41.  The allegations of Paragraph 41 consist of Plaintiff's characterizations and conclusions of law and of the relief it requests in this action to which no response is required.

42.  The allegations of Paragraph 42 consist of Plaintiff's characterizations and conclusions of law and of the relief it requests in this action to which no response is required.

43.  The allegations of Paragraph 43 consist of Plaintiff's characterizations and conclusions of law and of the relief it requests in this action to which no response is required.

44.  The allegations of Paragraph 44 consist of Plaintiff's characterizations and

conclusions of law and of the relief it requests in this action to which no response is required.

The remainder of the Complaint is Plaintiff's Prayer for Relief, to which no response is required.

## AFFIRMATIVE DEFENSES

1.  Plaintiff asserts claims that are barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2401.

2.  To the extent that Plaintiff  asserts claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70 et seq.).

3.  Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver and consent, and other equitable defenses.

4.  To the extent that Plaintiff asserts claims that it or its privies asserted or could have asserted in a prior adjudication in which a court of competent jurisdiction entered a final judgment, including, but not limited to,  American Indians Residing on the Maricopa-Ak-Chin Reservation v. United States, 31 Ind. Cl. Comm. 384 (1973); American Indians Residing on the Maricopa-Ak-Chin Reservation v. United States, 37 Ind. Cl. Comm. 193 (1976); and American Indians Residing on the Maricopa-Ak-Chin Reservation v. United States, 670 F.2d 980 (1981), cert. denied, 456 U.S. 989 (1982), those claims are barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

17

5.  Plaintiff asserts certain claims over which this Court lacks jurisdiction.

6.  Plaintiff fails to state a claim upon which relief can be granted.


Respectfully submitted this 13th day of March, 2007.


MATTHEW McKEOWN
Acting Assistant Attorney General

*s/ Laura M.L. Maroldy*
LAURA M.L. MAROLDY, Fed. Bar # MD024409
Trial Attorney
MARTIN J. LALONDE, IL Bar # 6218249
Senior Counsel
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P. O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0247
Tel: (202) 514-4565
Fax: (202) 353-2021
E-mail: martin.lalonde@usdoj.gov
           laura.maroldy@usdoj.gov

Attorneys of Record for Defendant


OF COUNSEL:

Elisabeth C. Brandon
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

Teresa E. Dawson
Office of Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20240