IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Assiniboine & Sioux Tribes of the Fort Peck Indian Reservation v. Norton, et al. | : : : | Civil Action No. 02-0035 (JR) |
| Standing Rock Sioux Tribe v. Norton, et al. | : : | Civil Action No. 02-0040 (JR) |
| Three Affiliated Tribes of the Fort Berthold Reservation v. Norton, et al. | : : : | Civil Action No. 02-0253 (JR) |
| Shoshone-Bannock Tribes of The Fort Hall Reservation v. Norton, et al. | : : : | Civil Action No. 02-0254 (JR) |
| Chippewa Cree Tribe of the Rocky Boy's Reservation v. Norton, et al. | : : : | Civil Action No. 02-0276 (JR) |
| Yankton Sioux Tribe v. Norton, et al. | : : | Civil Action No. 03-1603 (JR) |
| Osage Tribe of Indians of Oklahoma v. USA, et al. | : : | Civil Action No. 04-0283 (JR) |
| Crow Creek Sioux Tribe v. Kempthorne, et al. | : : | Civil Action No. 04-0900 (JR) |
| Omaha Tribe of Nebraska v. Kempthorne, et al. | : : | Civil Action No. 04-0901 (JR) |
| Oglala Sioux Tribe v. Kempthorne, et al. | : : | Civil Action No. 04-1126 (JR) |
| The Confederated Tribes of the Colville Reservation v. Norton, et al. | : : : | Civil Action No. 05-2471 (JR) |
| Wyandot Nation of Kansas v. Kempthorne, et al. | : : | Civil Action No. 05-2491 (JR) |
| Rosebud Sioux Tribe v. Kempthorne, et al. | : : | Civil Action No. 05-2492 (JR) |

| | | |
|---|---|---|
| Winnebago Tribe of Nebraska | : | |
| v. Kempthorne, et al. | : | Civil Action No. 05-2493 (JR) |
| | | |
| Lower Brule Sioux Tribe v. | : | |
| Kempthorne, et al. | : | Civil Action No. 05-2495 (JR) |
| | | |
| Prairie Band of Potawatomi | : | |
| Nation v. Kempthorne, et al. | : | Civil Action  No. 05-2496 (JR) |
| | | |
| Te-Moak Tribe of Western | : | |
| Shoshone Indians v. | : | Civil Action No. 05-2500 (JR) |
| Norton, et al. | : | |
| | | |
| Cheyenne River Sioux Tribe v. | : | |
| Kempthorne, et al. | : | Civil Action No. 06-1897 (JR) |
| | | |
| Stillaguamish Tribe of | : | |
| Indians v. Kempthorne, et al. | : | Civil Action No. 06-1898 (JR) |
| | | |
| Iowa Tribe of Kansas and | : | |
| Nebraska v. Kempthorne, et al. | : | Civil Action No. 06-1899 (JR) |
| | | |
| Confederated Tribes of the | : | |
| Goshute Reservation v. | : | Civil Action No. 06-1902 (JR) |
| Kempthorne, et al. | : | |
| | | |
| Muskogee (Creek) Nation of | : | |
| Oklahoma v. Kempthorne, et al. | : | Civil Action No. 06-2161 (JR) |
| | | |
| Eastern Shawnee Tribe of | : | |
| Oklahoma v. Kempthorne, et al. | : | Civil Action No. 06-2162 (JR) |
| | | |
| Northwestern Band of Shoshone | : | |
| v. Kempthorne, et al. | : | Civil Action No. 06-2163 (JR) |
| | | |
| Red Cliff Bank of Lake | : | |
| Superior Indians v. | : | Civil Action No. 06-2164 (JR) |
| Kempthorne, et al. | : | |
| | | |
| Pechanga Band of Luiseno | : | |
| Mission Indians v. | : | Civil Action No. 06-2206 (JR) |
| Kempthorne, et al. | : | |
| | | |
| Colorado River Indian Tribes | : | |
| v. Kempthorne, et al. | : | Civil Action No. 06-2212 (JR) |

US2000 10377152.1

| | | |
|---|---|---|
| Tohono O'odham Nation v. | : | |
| Kempthorne, et al. | : | Civil Action No. 06-2236 (JR) |
| | | |
| Nez Perce Tribe, et al. v. | : | |
| Kempthorne, et al. | : | Civil Action No. 06-2239 (JR) |
| | | |
| Passamaquoddy Tribe of | : | |
| Maine v. Kempthorne, et al. | : | Civil Action No. 06-2240 (JR) |
| | | |
| Salt River Pima-Maricopa | : | |
| Indian Community v. | : | Civil Action No. 06-2241 (JR) |
| Kempthorne, et al. | : | |
| | | |
| Coer D'Alene Tribe v. | : | |
| Kempthorne, et al. | : | Civil Action No. 06-2242 (JR) |
| | | |
| Ak-Chin Indian Community v. | : | |
| Kempthorne, et al. | : | Civil Action No. 06-2245 (JR) |
| | | |
| Sokaogon Chippewa Community | : | |
| v. Kempthorne, et al. | : | Civil Action No. 06-2247 (JR) |
| | | |
| Gila River Indian Community | : | |
| v. Kempthorne, et al. | : | Civil Action No. 06-2249 (JR) |
| | | |
| Northern Cheyenne Tribe of | : | |
| Indians v. Kempthorne, et al. | : | Civil Action No. 06-2250 (JR) |
| | | |
| Haudenosaunee: The Onondaga | : | |
| Nation v. Kempthorne, et al. | : | Civil Action No. 06-2254 (JR) |

## THE AK-CHIN INDIAN COMMUNITY'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR REMAND AND STAY OF LITIGATION

The Ak-Chin Indian Community ("Ak-Chin Community") submits this Supplemental Memorandum because a remand and stay of this action would unnecessarily delay the Ak-Chin Community from obtaining relief from this Court enforcing the Ak-Chin Community's right to receive information about its trust assets from Trustee-Delegates. This relief, which is wholly apart from the accounting and would not be addressed in remand, is of the utmost importance to

3

the Ak-Chin Community and a delay in obtaining such relief would cause the Ak-Chin Community irreparable harm.

The Ak-Chin Community is located in an area experiencing unprecedented growth and possessing accurate records regarding its reservation is absolutely critical. Without this information, the Ak-Chin Community is unable to protect its rights in connection with ongoing negotiations and other dealings with developers, local governments and the State regarding the expansion of roads and other issues affecting its reservation, including rights-of-way. Time is of the essence because the development is on-going. There is no just reason to postpone by six more months the Ak-Chin Community's access to its own trust records.

Moreover, delaying the Ak-Chin Community from obtaining this information while the action is stayed and remanded is particularly inequitable because it already has suffered through a protracted process -- similar to what Trustee-Delegates propose the Court adopt here -- in connection with an accounting action brought pursuant to the ICCA. After decades of proceedings, this case concluded only with the Court finding that the government had failed to provide the accounting required by law. As such, the relief the Ak-Chin Community seeks here is long overdue. For these independent reasons, Trustee-Delegates' Motion for Remand and Stay of Litigation should be denied.[1]

---

[1] On October 1, 2007, Ak-Chin Community's counsel submitted Plaintiffs' Joint Memorandum in Opposition to Defendants' Motion for Remand and Stay of Litigation on its behalf. The Ak-Chin Community thus adopts all of the arguments contained in that memorandum which specifically sets forth why the administrative doctrines invoked by Trustee-Delegates do not apply to this case. The Ninth Circuit Court of Appeals recently issued *Rhoades v. Avon Products*, No. 05-56047, 2007 WL 2983757 (9th Cir. Oct. 15. 2007), a decision which is fully consistent with the Plaintiff-Beneficiaries' position opposing Trustee-Delegates' request for remand and stay; in particular, that even if the doctrine of primary jurisdiction did apply, it does not support a remand here. In *Rhoades*, the Ninth Circuit Court of Appeals found that the District Court abused its discretion when it remanded a trademark action for declaratory relief to the Trademark Trial Appeal Board based upon the doctrine of primary jurisdiction. The Court reasoned that the

4

## BACKGROUND

The Ak-Chin Community is located approximately 35 miles south of Phoenix, Arizona adjacent to the town of Maricopa, Arizona, one of the fastest growing suburbs of Phoenix. (Declaration of Delia Carlyle ("Carlyle Decl."), at ¶3, attached hereto as Exhibit 1).  The Ak-Chin Community, a small tribe with 767 enrolled members, once inhabited a small, rural farming village.  (*Id.*)  Today, like many Phoenix suburbs, the Ak-Chin Community is being significantly impacted by unprecedented hyper-growth in its area.  (*Id.* at ¶4.)  By way of example, in the year 2000, there were approximately 1,000 people in the adjacent town of Maricopa.  (*Id.*)  In 2004, the town had grown to over 5,000 people and one year later, the population swelled to approximately 18,000.  (*Id.*)  The town of Maricopa projects that in a just a few years its population will exceed 100,000 people – a 100 fold increase in less than a decade.  (*Id.*)  This explosive growth has brought "big-city" problems to the Ak-Chin Community, such as an increase in traffic, congestion and other effects of rapid urban expansion.  (*Id.* at ¶5.)  Because of the hyper-growth in the area, roadway infrastructure, in particular, is a major problem for the Ak-Chin Community and its neighbors.  (*Id.*)

Trustee-Delegates hold all relevant information regarding roadways, rights-of-way and easements crossing the Ak-Chin Community's reservation which has been directly impacted by hyper-growth.  (*Id.* at ¶6.)  The Ak-Chin Community has made many good faith attempts to retrieve documentation from Trustee-Delegates regarding certain rights-of-way and easements, but to no avail.  (*Id.* at ¶7.)  Trustee-Delegates' failure to produce critical documents to the Ak-

---

"deciding factor should be efficiency; the district court should exercise jurisdiction 'if this court is more efficient; otherwise, not.'" *Id.* at *10 (citing *PHC v. Pioneer Healthcare*, 75 F.3d 1074, 1081 (9th Cir. 2003)). Likewise, here, remand is not appropriate because it only would exacerbate the already unconscionable delay of Trustee-Delegates providing Plaintiff-Beneficiaries with a full and adequate accounting.

US2000 10377152.1

Chin Community makes it impossible for the Ak-Chin Community to effectively protect its rights or negotiate with local developers, and the State and local governments regarding road expansion and other developments affecting its reservation.  (*Id.* at ¶8.)  While Trustee-Delegates' failure to produce information to the Ak-Chin Community regarding its trust assets is not a new problem for the Ak-Chin Community – indeed, for decades, the Ak-Chin Community has had difficulty obtaining trust records from Trustee-Delegates – because of the recent hyper-growth in its area, obtaining this information is now a top priority.  (*Id.* at ¶9.)

On December 29, 2006, the Ak-Chin Community initiated this action for an accounting of its trust funds <u>and</u>, importantly, to enforce the duty that Trustee-Delegates provide all information regarding the management and administration of the Ak-Chin Community's trust assets, such as rights-of-way and easements affecting the Ak-Chin Community's reservation. (*Id.* at ¶10.)  During the first meeting of the parties' counsel in this action, Trustee-Delegates took the position that the Ak-Chin Community was not entitled to discovery in this case contending that the Ak-Chin Community's case involves nothing more than the Court's "review of an administrative record."  *See* Fed. R. Civ. P. 26(a)(1)(E)(i) and Local Rule 16.3(b)(1); Joint Report Pursuant to Fed.R.Civ.P. 26(f) and Local Rule 16.3, at p. 3-5.  Trustee-Delegates also withheld Initial Disclosures on those same grounds.[2]

However, because Trustee-Delegates agreed to produce some information to the Ak-Chin Community on an informal basis, on June 14, 2007, the Ak-Chin Community provided Trustee-Delegates' counsel with a listing of four roads and a pipeline and identified three narrow

---

[2] The United States served Initial Disclosures in the Ak-Chin Community's Court of Federal Claims action, but only provided very limited information and promised to produce documents at a later date, most of which has not yet been provided.  The United States also moved to dismiss the Ak-Chin Community's Court of Federal Claims action pursuant to 28 U.S.C. § 1500.  This motion is currently pending.

US2000 10377152.1

categories of supporting documentation that it required as a top-priority. (*Id.* at ¶11 and Ex. A.) On August 14, 2007, Trustee-Delegates provided the Ak-Chin Community with a redacted title status report and promised to provide documents relating to the June 14, 2007 request at a later date. (*Id.* at ¶12 and Ex. B.) The Ak-Chin Community still has not received this promised information from Trustee-Delegates. (*Id.* at ¶12.)

It is now more apparent than ever that the Ak-Chin Community will be able to obtain the information it is entitled to receive from Trustee-Delegates only as a result of an order of this Court. This relief is vital to the Ak-Chin Community and it should not be delayed by Trustee-Delegates' unfounded request for a remand and stay.

## **ARGUMENT**

### A.    Remand Would Unnecessarily Delay Trustee-Delegates From Being Ordered To Comply With Their Duty To Turn Over Material Information Regarding the Management and Administration of the Ak-Chin Community's Trust Assets.

Because obtaining information from Trustee-Delegates regarding its reservation is crucial to the Ak-Chin Community, through this action, the Ak-Chin Community seeks to enforce the duty that Trustee-Delegates provide material information regarding the management and administration of their trust assets, "including but not limited to all relevant information regarding rights of way on the Community's trust land." (*See* Compl. Prayer ¶ 7).[3] It is well-established that a trustee is "under a duty to the beneficiary to give him . . . complete and accurate information . . . as to the nature and amount of the trust property," and "the beneficiary is always entitled to such information as is reasonably necessary to enable him to enforce his

---

[3] In this paragraph, "Plaintiff prays . . . [f]or a decree requiring the defendants to provide the Community all material information regarding the management and administration of the trust assets belonging to the Community and held in trust for its benefits by the defendants, including but not limited to all relevant information regarding rights of way on the Community's land."

7

rights under the trust or to prevent or redress a breach of trust." *Restatement (Second) of Trusts*, § 173 (1959); *see also Clifford v. United States*, F.3d 144, 152 (D.C. Cir. 1998) (noting that a trust beneficiary is entitled to receive "all information necessary to protect his rights under the trust."). Despite this clear obligation, Trustee-Delegates have failed to produce information in response to the Ak-Chin Community's repeated requests for information essential to its ability to protect its interests in dealing with third parties. Stalling Ak-Chin from obtaining information through the relief it seeks in this Court is particularly inequitable because it has nothing to do with the wholly separate claim for an accounting. Indeed, the only obligation Trustee-Delegates purportedly would address during remand is the duty to account.

Trustee-Delegates have suggested that the Ak-Chin Community would be able to obtain the relief it seeks here through its action pending in the Court of Federal Claims. That action, however, is very different from this one. The Court of Federal Claims action involves Trustee-Delegates' distinct breaches of trust in the management of the Ak-Chin Community's trust funds and non-monetary trust assets. The mismanagement which is the subject of that case is not related to the information the Ak-Chin Community seeks here, for example, regarding certain rights-of-way on its reservation affected by development.

Moreover, the relief Ak-Chin seeks here is broader than the Ak-Chin Community's right to obtain trust records pursuant to the rules governing discovery in the Court of Federal Claims action. The relief here encompasses *all* of the Ak-Chin Community's trust assets, not just those involving the Ak-Chin Community's claim for mismanagement pending in the Court of Federal Claims. *See* William F. Fratcher, 3 *Scott on Trusts* § 17.5, at 1196-97 (5th ed. 2007) ("The beneficiaries are entitled to know what the trust property is and how the trustee has dealt with it."). This relief also is unique because it is equitable in nature and thus only can be granted by

8

this Court and not by the Court of Federal Claims.  *See Klamath & Modoc Tribes & Yashookin Bank of Snake Indians v. United States*, 174 Ct. Cl. 483 (1966) (Court of Federal Claims' "general jurisdiction under the Tucker Act does not include actions in equity").  In short, there is no justifiable reason for this Court to delay adjudicating the Ak-Chin Community's claim to seek enforcement of the obligation Trustee-Delegates owe to furnish information, especially since the Ak-Chin Community only can obtain this relief in this Court.

> **B.      The Relief the Ak-Chin Community Seeks Is Long Overdue.**

Trustee-Delegates' request for a remand and stay should be denied on the additional ground that the Ak-Chin Community should not be delayed any longer from obtaining the relief it seeks.  The Ak-Chin Community knows all too well what the ramifications will be if this Court grants Trustee-Delegates' request for a remand and stay to prepare a plan for an accounting. Granting Trustee-Delegates' unfettered discretion to prepare an accounting without judicial guidance or pre-trial discovery only will result in protracted proceedings and unsatisfactory results.

The Ak-Chin Community suffered through a process much like the one Trustee-Delegates are attempting to impose upon this litigation when Ak-Chin brought a general accounting action against the United States in 1951.  *Am. Indians Residing on Maricopa Ak-Chin Reservation v. United States*, 229 Ct. Cl. 167, 667 F.2d 980 (1981).  In this earlier action governed by the ICCA, the burden first was on the United States to produce a proper accounting report.  *See Blackfeet and Gros Ventre Tribes v. United States*, 32 Ind. Cl. Comm. 65 (1973).  If the Ak-Chin Community wished to contest the report, it then was required to file exceptions to the accounting.  *See Sioux Tribe v. United States*, 12 Ind. Cl. Comm. 541, 547 (1963).  In the event of a

US2000 10377152.1

dispute, the matter proceeded to a hearing on the disputed transaction, at which the Ak-Chin Community had the burden of proving a breach of trust. *Id.*

After initiating the above procedure, it took the United States twenty (20) years to prepare and file an "accounting report." *Ak-Chin*, 667 F.2d at 984. The United States claimed that this report constituted a "general accounting" for the Ak-Chin Community for the period from March 3, 1883 to June 30, 1951 and yet, "the portion concerned with [the Ak-Chin Community's] money and properties was contained in a scant eight pages." *Id.* After the Ak-Chin Community made exceptions to the report and a hearing, the Court concluded, thirty (30) years after Ak-Chin initiated the action, that "the information that [the government] did provide is incomplete, inconsistent, and insufficient to enable the Indians to ascertain whether defendant's obligations as a fiduciary have been faithfully discharged." *Id.* at 1001. Moreover, rather than instructing Trustee-Delegates to comply with their fiduciary duties – with limited authority under the ICCA – the Court instead concluded that "[i]f needed records do not now exist, they will not be found in further rooting through the archives." *Id.* at 1004.

The relief that Ak-Chin Community seeks is long overdue and it should not be made to suffer through an unnecessarily protracted proceeding again. The Court should deny Trustee-Delegates' request for remand and stay and proceed to the merits of the Ak-Chin Community's claims without further delay.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Plaintiffs' Joint Memorandum in Opposition to Defendants' Motion for Remand and Stay of Litigation, the Ak-Chin Community requests that the Court deny Trustee-Delegates' Motion for Remand and Stay of the Litigation.

US2000 10377152.1

Respectfully submitted this the 22nd day of October, 2007.

/s/ Keith M. Harper
KEITH M. HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
607 14th Street, N.W., Suite 900
Washington, D.C.  20005
Phone:  (202) 508-5800

*Attorneys for Plaintiff*
The Ak-Chin Indian Community

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Assiniboine & Sioux Tribes of the Fort Peck Indian Reservation v. Norton, et al. | : : : | Civil Action No. 02-0035 (JR) |
| Standing Rock Sioux Tribe v. Norton, et al. | : : | Civil Action No. 02-0040 (JR) |
| Three Affiliated Tribes of the Fort Berthold Reservation v. Norton, et al. | : : : | Civil Action No. 02-0253 (JR) |
| Shoshone-Bannock Tribes of The Fort Hall Reservation v. Norton, et al. | : : : | Civil Action No. 02-0254 (JR) |
| Chippewa Cree Tribe of the Rocky Boy's Reservation v. Norton, et al. | : : : | Civil Action No. 02-0276 (JR) |
| Yankton Sioux Tribe v. Norton, et al. | : : | Civil Action No. 03-1603 (JR) |
| Osage Tribe of Indians of Oklahoma v. USA, et al. | : : | Civil Action No. 04-0283 (JR) |
| Crow Creek Sioux Tribe v. Kempthorne, et al. | : : | Civil Action No. 04-0900 (JR) |
| Omaha Tribe of Nebraska v. Kempthorne, et al. | : : | Civil Action No. 04-0901 (JR) |
| Oglala Sioux Tribe v. Kempthorne, et al. | : : | Civil Action No. 04-1126 (JR) |
| The Confederated Tribes of the Colville Reservation v. Norton, et al. | : : : | Civil Action No. 05-2471 (JR) |
| Wyandot Nation of Kansas v. Kempthorne, et al. | : : | Civil Action No. 05-2491 (JR) |
| Rosebud Sioux Tribe v. Kempthorne, et al. | : : | Civil Action No. 05-2492 (JR) |

US2000 10377152.1

| | | |
|---|---|---|
| Winnebago Tribe of Nebraska<br>v. Kempthorne, et al. | :<br>: | Civil Action No. 05-2493 (JR) |
| Lower Brule Sioux Tribe v.<br>Kempthorne, et al. | :<br>: | Civil Action No. 05-2495 (JR) |
| Prairie Band of Potawatomi<br>Nation v. Kempthorne, et al. | :<br>: | Civil Action  No. 05-2496 (JR) |
| Te-Moak Tribe of Western<br>Shoshone Indians v.<br>Norton, et al. | :<br>:<br>: | Civil Action No. 05-2500 (JR) |
| Cheyenne River Sioux Tribe v.<br>Kempthorne, et al. | :<br>: | Civil Action No. 06-1897 (JR) |
| Stillaguamish Tribe of<br>Indians v. Kempthorne, et al. | :<br>: | Civil Action No. 06-1898 (JR) |
| Iowa Tribe of Kansas and<br>Nebraska v. Kempthorne, et al. | :<br>: | Civil Action No. 06-1899 (JR) |
| Confederated Tribes of the<br>Goshute Reservation v.<br>Kempthorne, et al. | :<br>:<br>: | Civil Action No. 06-1902 (JR) |
| Muskogee (Creek) Nation of<br>Oklahoma v. Kempthorne, et al. | :<br>: | Civil Action No. 06-2161 (JR) |
| Eastern Shawnee Tribe of<br>Oklahoma v. Kempthorne, et al. | :<br>: | Civil Action No. 06-2162 (JR) |
| Northwestern Band of Shoshone<br>v. Kempthorne, et al. | :<br>: | Civil Action No. 06-2163 (JR) |
| Red Cliff Bank of Lake<br>Superior Indians v.<br>Kempthorne, et al. | :<br>:<br>: | Civil Action No. 06-2164 (JR) |
| Pechanga Band of Luiseno<br>Mission Indians v.<br>Kempthorne, et al. | :<br>:<br>: | Civil Action No. 06-2206 (JR) |
| Colorado River Indian Tribes<br>v. Kempthorne, et al. | :<br>: | Civil Action No. 06-2212 (JR) |

US2000 10377152.1

Tohono O'Odham Nation v.                  :
Kempthorne, et al.                        :          Civil Action No. 06-2236 (JR)

Nez Perce Tribe, et al. v.                :
Kempthorne, et al.                        :          Civil Action No. 06-2239 (JR)

Passamaquoddy Tribe of                    :
Maine v. Kempthorne, et al.               :          Civil Action No. 06-2240 (JR)

Salt River Pima-Maricopa                  :
Indian Community v.                       :          Civil Action No. 06-2241 (JR)
Kempthorne, et al.                        :

Coer D'Alene Tribe v.                     :
Kempthorne, et al.                        :          Civil Action No. 06-2242 (JR)

Ak-Chin Indian Community v.               :
Kempthorne, et al.                        :          Civil Action No. 06-2245 (JR)

Sokaogon Chippewa Community               :
v. Kempthorne, et al.                     :          Civil Action No. 06-2247 (JR)

Gila River Indian Community               :
v. Kempthorne, et al.                     :          Civil Action No. 06-2249 (JR)

Northern Cheyenne Tribe of                :
Indians v. Kempthorne, et al.             :          Civil Action No. 06-2250 (JR)

Haudenosaunee:  The Onondaga              :
Nation v. Kempthorne, et al.              :          Civil Action No. 06-2254 (JR)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing The Ak-Chin Indian Community's Supplemental Memorandum in Opposition to Defendants' Motion for Remand and Stay of Litigation was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System:

US2000 10377152.1

John H. Martin, Esq.
United States Department of Justice
Environmental and Natural Resources Division
Natural Resources Section
1961 Stout Street, Eighth Floor
Denver, CO  80294

Kevin J. Larsen, Esq.
United States Department of Justice
Environmental and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044-0663

This 22nd day of October, 2007.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
607 14th Street, N.W.
Suite 900
Washington, D.C.  20005
Phone:  (202) 508-5800

*Attorneys for Plaintiff*
Ak-Chin Indian Community

15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Assiniboine & Sioux Tribes of the Fort Peck Indian Reservation v. Norton, et al. | : : : : | Civil Action No. 02-0035 (JR) |
| Standing Rock Sioux Tribe v. Norton, et al. | : : | Civil Action No. 02-0040 (JR) |
| Three Affiliated Tribes of the Fort Berthold Reservation v. Norton, et al. | : : : | Civil Action No. 02-0253 (JR) |
| Shoshone-Bannock Tribes of The Fort Hall Reservation v. Norton, et al. | : : : | Civil Action No. 02-0254 (JR) |
| Chippewa Cree Tribe of the Rocky Boy's Reservation v. Norton, et al. | : : : | Civil Action No. 02-0276 (JR) |
| Yankton Sioux Tribe v. Norton, et al. | : : | Civil Action No. 03-1603 (JR) |
| Osage Tribe of Indians of Oklahoma v. USA, et al. | : : | Civil Action No. 04-0283 (JR) |
| Crow Creek Sioux Tribe v. Kempthorne, et al. | : : | Civil Action No. 04-0900 (JR) |
| Omaha Tribe of Nebraska v. Kempthorne, et al. | : : | Civil Action No. 04-0901 (JR) |
| Oglala Sioux Tribe v. Kempthorne, et al. | : : | Civil Action No. 04-1126 (JR) |
| The Confederated Tribes of the Colville Reservation v. Norton, et al. | : : : | Civil Action No. 05-2471 (JR) |
| Wyandot Nation of Kansas v. Kempthorne, et al. | : : | Civil Action No. 05-2491 (JR) |
| Rosebud Sioux Tribe v. Kempthorne, et al. | : : | Civil Action No. 05-2492 (JR) |

Winnebago Tribe of Nebraska                     :
v. Kempthorne, et al.                           :        Civil Action No. 05-2493 (JR)

Lower Brule Sioux Tribe v.                      :
Kempthorne, et al.                              :        Civil Action No. 05-2495 (JR)

Prairie Band of Potawatomi                      :
Nation v. Kempthorne, et al.                    :        Civil Action  No. 05-2496 (JR)

Te-Moak Tribe of Western                        :
Shoshone Indians v.                             :        Civil Action No. 05-2500 (JR)
Norton, et al.                                  :

Cheyenne River Sioux Tribe v.                   :
Kempthorne, et al.                              :        Civil Action No. 06-1897 (JR)

Stillaguamish Tribe of                          :
Indians v. Kempthorne, et al.                   :        Civil Action No. 06-1898 (JR)

Iowa Tribe of Kansas and                        :
Nebraska v. Kempthorne, et al.                  :        Civil Action No. 06-1899 (JR)

Confederated Tribes of the                      :
Goshute Reservation v.                          :        Civil Action No. 06-1902 (JR)
Kempthorne, et al.                              :

Muskogee (Creek) Nation of                      :
Oklahoma v. Kempthorne, et al.                  :        Civil Action No. 06-2161 (JR)

Eastern Shawnee Tribe of                        :
Oklahoma v. Kempthorne, et al.                  :        Civil Action No. 06-2162 (JR)

Northwestern Band of Shoshone                   :
v. Kempthorne, et al.                           :        Civil Action No. 06-2163 (JR)

Red Cliff Bank of Lake                          :
Superior Indians v.                             :        Civil Action No. 06-2164 (JR)
Kempthorne, et al.                              :

Pechanga Band of Luiseno                        :
Mission Indians v.                              :        Civil Action No. 06-2206 (JR)
Kempthorne, et al.                              :

Colorado River Indian Tribes                    :
v. Kempthorne, et al.                           :        Civil Action No. 06-2212 (JR)

2

Tohono O'odham Nation v.                :
Kempthorne, et al.                       :      Civil Action No. 06-2236 (JR)

Nez Perce Tribe, et al. v.               :
Kempthorne, et al.                       :      Civil Action No. 06-2239 (JR)

Passamaquoddy Tribe of                   :
Maine v. Kempthorne, et al.              :      Civil Action No. 06-2240 (JR)

Salt River Pima-Maricopa                 :
Indian Community v.                      :      Civil Action No. 06-2241 (JR)
Kempthorne, et al.                       :

Coer D'Alene Tribe v.                    :
Kempthorne, et al.                       :      Civil Action No. 06-2242 (JR)

Ak-Chin Indian Community v.              :
Kempthorne, et al.                       :      Civil Action No. 06-2245 (JR)

Sokaogon Chippewa Community              :
v. Kempthorne, et al.                    :      Civil Action No. 06-2247 (JR)

Gila River Indian Community              :
v. Kempthorne, et al.                    :      Civil Action No. 06-2249 (JR)

Northern Cheyenne Tribe of               :
Indians v. Kempthorne, et al.            :      Civil Action No. 06-2250 (JR)

Haudenosaunee: The Onondaga              :
Nation v. Kempthorne, et al.             :      Civil Action No. 06-2254 (JR)

## <u>DECLARATION OF DELIA CARLYLE</u>

I, Delia Carlyle, the undersigned, hereby declare:

1.     My name is Delia Carlyle. I am over the age of 21, competent to testify and have

personal knowledge of the matters stated herein.

2.     I am a member and Chairman of the Ak-Chin Indian Community ("Ak-Chin

Community"), one of the plaintiffs in the above-captioned case. I was Chairman of the Ak-Chin

Community from 1988-1993 and have been Chairman or Vice Chairman of the Ak-Chin

3

Community since 2001. My responsibilities as Chairman and Vice Chairman include presiding over the Community Council and representing the Ak-Chin Community in its dealings with the local, state and federal government.

3.      The Ak-Chin Community is located approximately 35 miles south of Phoenix, Arizona adjacent to the town of Maricopa, Arizona, one of the fastest growing suburbs of Phoenix. The Ak-Chin Community, a small tribe with 767 enrolled members, once inhabited a small, rural farming village.

4.      Today, like many Phoenix suburbs, the Ak-Chin Community is being significantly impacted by unprecedented hyper-growth in its area. By way of example, in the year 2000, there were approximately 1,000 people in the adjacent town of Maricopa. In 2004, the town had grown to over 5,000 people and one year later, the population swelled to approximately 18,000. The town of Maricopa projects that in a just a few years its population will exceed 100,000 people.

5.      This explosive growth has brought problems to the Ak-Chin Community, such as an increase in traffic, congestion and other effects of rapid urban expansion. Because of the hyper-growth in the area, roadway infrastructure, in particular, is a major problem for the Ak-Chin Community and its neighbors.

6.      Trustee-Delegates hold all relevant information regarding roadways, rights-of-way and easements crossing the Ak-Chin Community's reservation which has been directly impacted by hyper-growth.

7.      The Ak-Chin Community has made many good faith attempts to retrieve documentation from Trustee-Delegates regarding certain rights-of-way and easements, but to no avail.

8.    Trustee-Delegates' failure to produce critical documents to the Ak-Chin Community makes it impossible for the Ak-Chin Community to effectively protect its rights or negotiate with local developers, and the State and local governments regarding road expansion and other developments affecting its reservation.

9.    While Trustee-Delegates' failure to produce information to the Ak-Chin Community regarding its trust assets is not a new problem for the Ak-Chin Community -- indeed, for decades, the Ak-Chin Community has had difficulty obtaining trust records from Trustee-Delegates -- because of the recent hyper-growth it in its area, obtaining this information is now a top priority.

10.    On December 29, 2006, the Ak-Chin Community initiated an action for an accounting of its trust funds and to enforce the duty that Trustee-Delegates provide all information regarding the management and administration of the Ak-Chin Community's trust assets, such as rights-of-way and easements affecting the Ak-Chin Community's reservation.

11.    Because Trustee-Delegates agreed to produce some information to the Ak-Chin Community on an informal basis, on June 14, 2007, the Ak-Chin Community's counsel provided Trustee-Delegates' counsel with a listing of four roads and a pipeline and identified three narrow categories of supporting documentation that it required as a top-priority. (A true and accurate copy of that listing is attached hereto as Exhibit A.)

12.    On August 14, 2007, Trustee-Delegates provided the Ak-Chin Community with a redacted title status report and promised to provide documents relating to June 14, 2007 request at a later date. (A true and accurate copy of that letter is attached as Exhibit B.) The Ak-Chin Community still has not received this promised information from Trustee-Delegates.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _32_ day of October, 2007.

Debra Carlyle

## Munson, Catherine

| | |
|---|---|
| **From:** | Munson, Catherine |
| **Sent:** | Thursday, June 14, 2007 4:27 PM |
| **To:** | 'Maroldy, Laura (ENRD)' |
| **Cc:** | Harper, Keith; Austin, Bill |
| **Subject:** | Ak-Chin Indian Community |

Laura,

Thank you for speaking with us today regarding Defendant's collection of documents and information for the Ak-Chin Indian Community. In light of Defendant's stated willingness to provide Ak-Chin information on an informal basis, Ak-Chin researched and prioritized the specific documents it needs at this time regarding its reservation.

These documents are as follows:

1. Documents which serve as legal instruments for the grant of any and all Rights-of-Way and Easements from Ak-Chin to any other entity including but not limited to BIA or ADOT;

2. All documents related to the BIA approval of any Rights-of-Way and Easements, to the extent applicable; and

3. Documents which serve as legal instruments for the grant of any and all Rights-of-Way and Easements from any entity other than Ak-Chin.

Ak-Chin seeks the above categories of documents (1-3) relating to the below roads (A-D), in order of priority:

A. Maricopa - Casa Grande Highway (Highway 238)
B. Peters & Nall Road
C. Maricopa Highway 347 (north-south)
D. Farrell Road (east-west)

4. All documents related to the El Paso Gas Line Right-of-Way.

It is Ak-Chin's position that these documents are not confidential or otherwise protected from disclosure. As such, there is no reason for Defendant to delay production of these documents until the parties agree upon a Consent Protective Order. Please do not hesitate to contact me with any questions regarding these records.

We appreciate your anticipated cooperation in this matter.

Best regards,
Catherine



**KILPATRICK
STOCKTON LLP**

Attorneys at Law

Catherine F. Munson
Kilpatrick Stockton LLP
Suite 900
607 14th Street, NW
Washington, DC 20005-2018
t 202 824-1435
f 202 585 0017
**\*admitted in Georgia only**

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.

10/22/2007

EXHIBIT B

**U.S. Department of Justice**

Environment and Natural Resources Division

90-2-20-12078

---

*Natural Resources Section*
*P.O. Box 663*
*Washington, DC  20044-0663*

*Telephone (202) 514-4565*
*Facsimile (202) 353-2021*

August 14, 2007

## BY FEDERAL EXPRESS: OVERNIGHT DELIVERY

Keith Harper, Esq.
William Austin, Esq.
Catherine Munson, Esq.
Kilpatrick Stockton LLP
607 14th Street 11th Floor
Washington, D.C.  20005-2018

       Re:    *Ak-Chin Indian Community v. United States,*
              <u>No. 06-932L (U.S. Court of Federal Claims)</u>

Dear Counsel:

      We have enclosed two compact diskettes containing documents requested by Plaintiff:

      1.      one bearing the number T-612-010-V001; and

      2.      one bearing the label "AAMODS."

      The first CD described above contains redacted copies of supporting documentation relating to the title status report ("TSR") for the Ak-Chin Indian Community.   We are sending these copies along pending the generation of an unredacted set, bearing "confidential" markings in accordance with the Protective Order entered by the Court.

      My understanding is that an additional increment of documents that includes documents relating to the four roads and the gas pipeline identified in Ms. Munson's June 14, 2007, e-mail to us is currently being "imaged."  We will send those documents on to you after the imaging process and confidentiality review are complete.

      The second enclosed CD ("AAMODS") contains an unredacted copy of the "issue papers" that were produced to you in redacted form with the United States' initial disclosures in this case.  (This item was item #2 in Mr. Austin's July 26, 2007, e-mail to me.)

                  Sincerely,

                  Laura Maroldy

Encls.
cc: Martin J. LaLonde
    Tony Hoang

Keith Harper, Esquire
William Austin, Esquire
Catherine Munson, Esquire
August 14, 2007
Page 2


bcc:  Elisabeth Brandon, Esquire
      Rachel Howard, Esquire
      (both by electronic mail or facsimile only; w/o enclosures).

- 2 -