IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AK-CHIN INDIAN COMMUNITY ) | No. 06-2245 (JR) | |
| v. DIRK KEMPTHORNE, *et al.*, ) | | |
| ) | | |
| PASSAMAQUODDY TRIBE OF MAINE ) | No. 06-2240 (JR) | |
| v. DIRK KEMPTHORNE, *et al.*, ) | | |
| ) | | |
| SALT RIVER PIMA-MARICOPA ) | No. 06-2241 (JR) | |
| INDIAN COMMUNITY v. ) | | |
| DIRK KEMPTHORNE, *et al.*, ) | | |
| ) | | |
| TOHONO O'ODHAM NATION ) | No. 06-2236 (JR) | |
| v. DIRK KEMPTHORNE, *et al.* ) | | |
| _____) | | |

**DEFENDANTS' MOTION FOR LEAVE
TO RESPOND TO PLAINTIFFS' STATUS REPORTS AND
TO FILE REVISED REPORTS AND PROPOSED CASE MANAGEMENT
ORDERS PURSUANT TO RULE 26(f) AND LOCAL RULE 16.3**

After denying Defendants' request for voluntary remand and temporary stay of litigation on December 19, 2007, this Court ordered the plaintiff Tribes in each pending Tribal trust case to file, no later than January 18, 2008, status reports stating their proposals for further proceedings in their respective case, including a proposed schedule. On January 18, 2008, the Ak-Chin Indian Community, the Passamaquoddy Tribe of Maine, the Salt River Pima-Maricopa Indian Community, and the Tohono O'Odham Nation ("Plaintiffs") filed not only the status report ordered by the court, but also revised reports and proposed case management orders ("CMOs") under Rule 26(f) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and Local Civil Rule 16.3 ("LCvR"), detailing extensive litigation activities, schedules, and deadlines (none of which reflected the results of a conference with Defendants). See Ak-Chin Indian Community v. Kempthorne ("Ak-Chin"), No. 06-2245 (JR), Docket ("Dkt.") 27; Passamaquoddy Tribe of Maine v. Kempthorne ("Passamaquoddy"), No. 06-2240 (JR), Dkt. 23; Salt River-Pima Maricopa Indian Community v.

Kempthorne ("SRPM"), No. 06-2241 (JR), Dkt. 24; and Tohono O'Odham Nation v. Kempthorne, ("Tohono O'odham") No. 06-2236 (JR), Dkt. 24.

The Court has not requested input from Defendants about Plaintiffs' status reports or their revised reports and CMOs under Fed. R. Civ. P. 26(f) and LCvR 16.3, even though the Court has scheduled a status conference on February 25, 2008, in the case brought by the Ak-Chin Indian Community, presumably to address litigation matters and schedules in that case and perhaps the three other cases handled by the same Plaintiff's counsel (i.e., SRPM, Passamaquoddy, and Tohono O'Odham). Therefore, Defendants hereby respectfully seek leave to file responses, on or before February 15, 2008, to the matters raised in Plaintiffs' status reports and revised reports and CMOs under Fed. R. Civ. P. 26(f) and LCvR 16.3 in those four cases.[1] Defendants make this motion pursuant to Rule 6(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P") and Local Civil Rule ("LCvR") 7. This motion is Defendants' first such motion. The grounds for the motion are as follows:

1.  As this Court is aware, pursuant to the Court's orders dated July 2 and July 31, 2007, Defendants filed motions for voluntary remand and temporary stay of litigation in the 37 Tribal trust cases pending in this Court, including these four cases, on August 10 and 11, 2007. Ak-Chin, Dkt. 16, 17; Passamaquoddy, Dkt. 16, 17; SRPM, Dkt. 17, 18; Tohono O'Odham, Dkt. 17, 18. The plaintiffs in all 37 cases, including the ones in these four cases, opposed Defendants' motion on

---

[1] Defendants do not seek leave to respond in the other 33 Tribal trust cases currently pending before this Court, because the plaintiffs did not propose active litigation, submit detailed reports and CMOs under Fed. R. Civ. P. 26(f) and LCvR 16.3, or otherwise take a formal position on the next proceedings in those cases. Therefore, Defendants do not oppose or have any comment on the plaintiffs' proposals, requests, or positions. Those 33 cases are listed in Exhibit 1, attached hereto.

October 1, 2007. See Pls.' Joint Mem. in Opposition to Defs.' Mot. for Remand and Stay of Litigation, Ak-Chin, Dkt. 22; Passamaquoddy, Dkt. 19; SRPM, Dkt. 20; Tohono O'Odham, Dkt. 20. Plaintiff Ak-Chin Indian Community filed a supplemental brief on October 22, 2007. Ak-Chin, Dkt. 23. Briefing on Defendants' motion was completed on November 21, 2007, when Defendants filed their reply to Plaintiffs' oppositions. Ak Chin, Dkts. 24, 25; Passamaquoddy, Dkts. 20, 21; SRPM, Dkts. 21, 22; Tohono O'Odham, Dkts. 21, 22.

     2.     On December 19, 2007, the Court issued a memorandum order and opinion, denying Defendants' motion for voluntary remand and temporary stay of litigation; lifting the temporary stays of litigation that it had imposed pending the adjudication of Defendants' motion; and instructing the plaintiffs to file status reports by January 18, 2008, and propose next steps or future proceedings in the 37 cases. Ak-Chin, Dkt. No. 26; Passamaquoddy, Dkt. 22; SRPM, Dkt. 23; Tohono O'Odham, Dkt. 23.

     3.     In their submissions, Plaintiffs in Ak-Chin, Passamaquoddy, SRPM, and Tohono O'Odham proposed not only active litigation but also corresponding revisions of the joint status reports and the CMOs that the parties had filed in the cases pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3. These revised status reports and CMOs set forth a full and comprehensive array of litigation proposals, schedules, and deadlines, about which Defendants were not consulted or informed prior to filing and to which Defendants respectfully seek leave to respond.

     4.     As this Court is aware, Defendants' positions in the jointly filed Rule 26(f) reports in Ak-Chin, Passamaquoddy, SRPM, and Tohono O'Odham, in May, 2007, pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3, were based on the then-proposed filing by Defendants of motions for voluntary remand and temporary stays of litigation in the cases. Now that the those proceedings

have concluded, Defendants should be allowed to revise their positions in the joint reports under Fed. R. Civ. P. 26(f) and LCvR 16.3, so as to reflect the various changes in circumstances, positions, and litigation approaches, including those relating to discovery, that have occurred since May 2007. Such revisions require planning, conference, and coordination between counsel for Defendants and the appropriate attorneys and employees of the United States Departments of the Interior ("Interior") and of the Treasury ("Treasury"), the two federal agencies principally involved in or affected by the Tribal trust cases, especially given the potential impacts of the litigation events and schedules in <u>Ak-Chin</u>, <u>Passamaquoddy</u>, <u>SRPM</u>, and <u>Tohono O'Odham</u>. The revisions also require review and approval by the appropriate officials at the Justice, Interior, and Treasury Departments.

5.      Counsel for Defendants contacted counsel for Plaintiffs in these four cases on January 30, 2008, who stated that Plaintiffs oppose this motion.

6.      The granting of this motion will not unduly prejudice the rights and interests of the parties in these four cases. Rather, it will promote the goals of judicial economy and efficiency and the wise conservation of the parties' resources, in a manner consistent with the federal and local rules, by allowing the Court to make a more fully informed decision as to the management of the Tribal trust cases.[2] The denial of the motion, however, will adversely affect Defendants' right and ability (as contemplated under the federal and local court rules) to provide their own input to the Court about the appropriate course of future proceedings in these four cases. Further, denying this motion will result in the Court not having a complete record that includes the opinions and views of all parties, upon which to make its determinations about how and when to proceed with the <u>Ak-</u>

---

[2]      Fed. R. Civ. P. 1 states that the Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." See <u>Tavoulareas v. Washington Post Co.</u>, 111 F.R.D. 653, 659 (D.D.C. 1986).

Chin, Passamaquoddy, SRPM, and Tohono O'Odham cases.

WHEREFORE, Defendants respectfully request that their motion for leave be GRANTED and that they be permitted to and including February 15, 2008, in to which file their revised reports and CMOs pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3 in Ak-Chin, Passamaquoddy, SRPM, and Tohono O'Odham.

Respectfully submitted this 1st day of February, 2008,

RONALD J. TENPAS
Assistant Attorney General

*s/ Kevin E. Regan*
JOHN H. MARTIN
KEVIN J. LARSEN
LAURA MAROLDY
KEVIN E. REGAN
ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (303) 844-1383
Tel: (202) 305-0258
Tel: (202) 514-4565
Tel: (202) 305-3022
Tel: (202) 305-0241
Fax: (202) 353-2021

Attorneys for Defendants

OF COUNSEL:

PAUL SMYTH
ELISABETH BRANDON
THOMAS BARTMAN
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA DAWSON


Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing DEFENDANTS' MOTION FOR LEAVE TO RESPOND TO PLAINTIFFS' STATUS REPORTS AND TO FILE REVISED REPORTS AND PROPOSED CASE MANAGEMENT ORDERS PURSUANT TO RULE 26(f) AND LOCAL RULE 16.3 were served on February 1, 2008, by Electronic Case Filing on the following counsel:

Keith M. Harper
George William Austin, III
KILPATRICK STOCKTON, LLP
607 14th Street, NW
Suite 900
Washington, DC 20005
(202) 585-0919 FAX

Edward R. Roybal, II
STRICKLAND AND STRICKLAND, P.C.
6124 E. Brown Road
Suite 101
Mesa, AZ 85205
(480) 854-8687 FAX

                                                    */s/ Kevin E. Regan*
                                                    KEVIN E. REGAN

**Defendants' Exhibit 1**

**Table of Pending Tribal Trust Cases in which the Government Does Not Object to Plaintiffs' Proposed Course of Action**

| | |
|---|---|
| 1 | Assiniboine & Sioux Tribes of the Fort Peck Indian Reservation v. Norton, et al.,Civil Action No. 02-0035 (JR) |
| 2 | Cheyenne River Sioux Tribe v. Kempthorne, et al., Civil Action No. 06-1897 (JR) |
| 3 | Chippewa Cree Tribe of the Rocky Boy's Reservation v. Norton, et al., Civil Action No. 02-0276 (JR) |
| 4 | Coeur D'Alene Tribe v. Kempthorne, et al.,Civil Action No. 06-2242 (JR) |
| 5 | Colorado River Indian Tribes v. Kempthorne, et al., Civil Action No. 06-2212 (JR) |
| 6 | The Confederated Tribes of the Colville Reservation v. Norton, et al., Civil Action No. 05-2471 (JR) |
| 7 | Confederated Tribes of the Goshute Reservation v. Kempthorne, et al.,Civil Action No. 06-1902 (JR) |
| 8 | Crow Creek Sioux Tribe v. Kempthorne, et al.,Civil Action No. 04-0900 (JR) |
| 9 | Eastern Shawnee Tribe of Oklahoma v. Kempthorne, et al., Civil Action No. 06-2162 (JR) |
| 10 | Gila River Indian Community v. Kempthorne, et al., Civil Action No. 06-2249 (JR) |
| 11 | Haudenosaunee, Onondaga Nation v. Kempthorne, et al., Civil Action No. 06-2254 (JR) |
| 12 | Iowa Tribe of Kansas and Nebraska v. Kempthorne, et al., Civil Action No. 06-1899 (JR) |
| 13 | Lower Brule Sioux Tribe v. Kempthorne, et al.,Civil Action No. 05-2495 (JR) |
| 14 | Muskogee (Creek) Nation of Oklahoma v. Kempthorne, et al.,Civil Action No. 06-2161 (JR) |
| 15 | Northern Cheyenne Tribe of Indians v. Kempthorne, et al.,Civil Action No. 06-2250 (JR) |
| 16 | Northwestern Band of Shoshone v. Kempthorne, et al., Civil Action No. 06-2163 (JR) |
| 17 | Oglala Sioux Tribe v. Kempthorne, et al.,Civil Action No. 04-1126 (JR) |
| 18 | Omaha Tribe of Nebraska v. Kempthorne, et al., Civil Action No. 04-0901 (JR) |
| 19 | Nez Perce Tribe, et al., v. Kempthorne, et al., Civil Action No. 06-2239 (JR) |

| 20 | Osage Tribe of Indians of Oklahoma v. United States of America, et al., Civil Action No. 04-0283 (JR) |
|----|---|
| 21 | Pechanga Band of Luiseno Mission Indians v. Kempthorne, et al.,Civil Action No. 06-2206 (JR |
| 22 | Prairie Band of Potawatomi Nation v. Kempthorne, et al., Civil Action No. 05-2496 (JR) |
| 23 | Red Cliff Band of Lake Superior Indians v. Kempthorne, et al.,Civil Action No. 06-2164 (JR) |
| 24 | Rosebud Sioux Tribe v. Kempthorne, et al., Civil Action No. 05-2492 (JR) |
| 25 | Shoshone-Bannock Tribes of the Fort Hall Reservation v. Norton, et al.,Civil Action No. 02-0254 (JR) |
| 26 | Sokaogon Chippewa Community v. Kempthorne, et al.,Civil Action No. 06-2247 (JR) |
| 27 | Standing Rock Sioux Tribe v. Norton, Civil Action No. 02-0040 (JR) |
| 28 | Stillaguamish Tribe of Indians v. Kempthorne, et al.,Civil Action No. 06-1898 (JR) |
| 29 | Te-Moak Tribe of Western Shoshone Indians v. Norton, et al.,Civil Action No. 05-2500 (JR) |
| 30 | Three Affiliated Tribes of the Fort Berthold Reservation v. Norton, et al.,Civil Action No. 02-0253 (JR) |
| 31 | Winnebago Tribe of Nebraska v. Kempthorne, et al., Civil Action No. 05-2493 (JR) |
| 32 | Wyandot Nation of Kansas v. Kempthorne, et al., Civil Action No. 05-2491 (JR) |
| 33 | Yankton Sioux Tribe v. Norton, Civil Action No. 03-1603 (JR) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AK-CHIN INDIAN COMMUNITY | ) | No. 06-2245 (JR) |
| v. DIRK KEMPTHORNE, *et al.,* | ) | |
| | ) | |
| PASSAMAQUODDY TRIBE OF MAINE | ) | No. 06-2240 (JR) |
| v. DIRK KEMPTHORNE, *et al.,* | ) | |
| | ) | |
| SALT RIVER PIMA-MARICOPA INDIAN COMMUNITY | ) | No. 06-2241 (JR) |
| v. DIRK KEMPTHORNE, *et al.*, | ) | |
| | ) | |
| TOHONO O'ODHAM NATION | ) | No. 06-2236 (JR) |
| v. DIRK KEMPTHORNE, *et al.* | ) | |

**[PROPOSED] ORDER**

This matter is before the Court on Defendants' motion for leave to respond to Plaintiffs' status reports and to file revised reports and proposed case management orders pursuant to Rule 26(f) and Local Rule 16.3. Upon consideration of the motion and the papers relating thereto and for good cause shown, it is hereby ORDERED that

1.  Defendants' motion for leave should be and hereby is GRANTED.

2.  On or before February 15, 2008, Defendants shall file their responses to Plaintiffs' status reports and to Plaintiffs' revised reports and case management orders pursuant to Rule 26(f) and Local Rule 16.3 in the above-captioned case.

SO ORDERED.

_____
HON. JAMES ROBERTSON
United States District Judge