IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AK-CHIN INDIAN COMMUNITY | ) | No. 06-2245 (JR) |
| v. DIRK KEMPTHORNE, *et al.,* | ) | |
| | ) | |
| PASSAMAQUODDY TRIBE OF MAINE | ) | No. 06-2240 (JR) |
| v. DIRK KEMPTHORNE, *et al.,* | ) | |
| | ) | |
| SALT RIVER PIMA-MARICOPA | ) | No. 06-2241 (JR) |
| INDIAN COMMUNITY v. | ) | |
| DIRK KEMPTHORNE, *et al.*, | ) | |
| | ) | |
| TOHONO O'ODHAM NATION | ) | No. 06-2236 (JR) |
| v. DIRK KEMPTHORNE, *et al.* | ) | |
| _____ | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO RESPOND TO
PLAINTIFFS' STATUS  REPORTS AND TO FILE PROPOSED REVISED REPORT
AND PROPOSED CASE MANAGEMENT ORDER**

Defendants have moved pursuant to Rule 6(b) of the Federal Rules of Civil Procedure ("Fed.

R. Civ. P.") and Local Civil Rule ("LCvR") 7 for leave to respond to the matters raised in Plaintiffs'

status reports and to file a proposed revised report and Case Management Order ("CMO") under

Fed. R. Civ. P. 26(f) and LCvR 16.3.[1]  Both Fed. R. Civ. P. 26(f) and LCvR 16.3 reflect the basic

concept that a district court should receive written input from all parties before reaching case

management decisions.   See Fed. R. Civ. P. 26(f) (requiring written submission to the court of a

plan regarding discovery and requiring parties to consider the nature and basis of their claims and

defenses); LCvR 16.3(d) (requiring a written report to the court outlining the agreements of the

---

[1]    See January 18, 2008 filings in <u>Ak-Chin Indian Community v. Kempthorne</u> ("<u>Ak-Chin</u>"),
No. 06-2245 (JR), Docket ("Dkt.") 27; <u>Passamaquoddy Tribe of Maine v. Kempthorne</u>
("<u>Passamaquoddy</u>"), No. 06-2240 (JR), Dkt. 23;  <u>Salt River-Pima Maricopa Indian Community v.
Kempthorne</u>, ("<u>SRPM</u>"), No. 06-2241 (JR), Dkt.   24; <u>Tohono O'odham Nation v. Kempthorne</u>,
("<u>Tohono O'odham</u>"), No. 06-2236 (JR), Dkt. 24.

parties, "a description of the positions of each party on any matters as to which they disagree," and a proposed order). Specifically, LCvR 16.3(c)(1) contemplates that parties discuss whether a case is likely to be disposed of by dispositive motion, and whether the parties should recommend to the court that discovery or other matters should await a decision on the motion. In previous filings with the Court, as well as at the Status Conference on June 6, 2007, Defendants emphasized their position that the resolution of case management issues should be deferred until after the resolution of jurisdictional issues, including the specific issue relating to voluntary remand.[2] In light of the fact that this Court has resolved Defendants' motion for voluntary remand, now is the appropriate time for Defendants to be heard regarding case management issues.[3]

As Plaintiffs note in their response filings,[4] the parties in these four cases did in fact meet on April 11, 2007 at the office of Plaintiffs' counsel. Consistent with Fed. R. Civ. P. 26(f) and LCvR 16.3, Defendants' counsel conferred in good faith with Plaintiffs' counsel for at least three hours regarding the matters that are delineated in LCvR 16.3(c). The parties fundamentally disagree about the nature of the claims at issue in these cases and about how the litigation should proceed.

---

[2] See Ak-Chin May 4, 2007 Joint Report Pursuant to Federal R. Civ. P. 26(f) and Local Civil Rule 16.3 ("Joint Report"), Dkt. 12 at 15-16; Passamaquoddy May 16, 2007 Joint Report, Dkt. 9 at 15-16; SRPM May 4, 2007 Joint Report, Dkt. 10 at 15-16; Tohono O'odham May 4, 2007 Joint Report, Dkt. 10 at 16. See also Transcript of June 6, 2007 Status Conference at 37:01-38:18.

[3] Plaintiffs have not consulted with Defendants regarding case management since this Court's denial of Defendants' motion for voluntary remand and temporary stay of litigation in its memorandum and opinion issued on December 19, 2007. Further, Defendants have not filed any briefing regarding the management and timing of litigation in these cases since this Court's December 19, 2007 ruling.

[4] See Ak-Chin, Dkt. 31 at 2-3; Passamaquoddy, Dkt. 26 at 2-3; SRPM, Dkt. 26 at 2-3; Tohono O'odham, Dkt. 26 at 2-3.

Defendants seek leave to file a proposed revised report and proposed CMO that delineates Defendants' proposal as to how litigation should proceed in these four cases in light of the fact that the Court has denied Defendants' motion for remand. (Attached hereto as Exhibit 1 and Exhibit 2).

Plaintiffs misapprehend the nature of the case management and scheduling function embodied in the Federal Rules of Civil Procedure. It is not, as Plaintiffs argue, that Defendants "seek yet another bite at the apple" regarding case management. Ak-Chin, Dkt. 31 at 7; Passamaquoddy, Dkt. 26 at 7; SRPM, Dkt. 26 at 7; Tohono O'odham, Dkt. 26 at 7. Rather, Defendants seek to provide their input on the management of these cases given recent rulings and the impacts of those rulings on the previously proposed schedule. In considering Defendants' request for leave, the Court, at the very most, should apply the standard of "good cause." See Fed. R. Civ. P. 16(b)(4) (stating that a case schedule "may be modified only for good cause and with the judge's consent").[5] Defendants' motion has articulated good cause for granting leave to respond to Plaintiffs' January 18, 2008 filings and to file a proposed CMO. Further, the Court's consideration

_____

[5]       That provision and standard would apply in the event that a court issued a scheduling order and a party sought to modify that schedule. See Fed. R. Civ. P. 16(b); Olgyay v. Society for Environmental Graphic Design, Inc., 169 F.R.D. 219, 219-20 (D.D.C. 1996) (noting that "[o]nce the schedule proposed by the parties is accepted or modified by the Court and memorialized in a scheduling order, the scheduling order may not be modified except by the Court and then only upon a showing of good cause."). Since the Court has not yet issued a scheduling order in any of the four cases, the standard for granting leave should be no more stringent than if there already were a scheduling order in place -- in other words, the applicable standard here is no higher than "good cause." Arguably, the Court should be more liberal in granting leave to augment a previous filing relating to scheduling before the issuance of a scheduling order. See Fed. R. Civ. P. 16 Advisory Committee Notes, 1983 Amendment, Comment E, "Subdivision E; Pretrial Orders" (noting that "the exact words used to describe the standard for amending the pretrial order are less important than the meaning given them in practice," and that "[b]y not imposing any limitation on the ability to modify a pretrial order [as opposed to the final pretrial order], the rule reflects the reality that in any process of continuous management, what is done at one conference may have to be altered at the next.")

of the attached response and proposed CMO will serve the interests of judicial efficiency and help

conserve the parties' resources.

WHEREFORE, Defendants respectfully request that their motion for leave be GRANTED

and that the Court consider the attached proposed revised report and proposed CMO pursuant to Fed.

R. Civ. P. 26(f) and LCvR 16.3 in Ak-Chin, Passamaquoddy, SRPM, and Tohono O'odham.

Respectfully submitted this 15th day of February, 2008,

> RONALD J. TENPAS
> Assistant Attorney General
>
> s/ Kevin E. Regan
> JOHN H. MARTIN
> KEVIN J. LARSEN
> LAURA MAROLDY
> KEVIN E. REGAN
> ANTHONY P. HOANG
> United States Department of Justice
> Environment and Natural Resources Division
> Natural Resources Section
> P.O. Box 663
> Washington, D.C. 20044-0663
> Tel: (303) 844-1383
> Tel: (202) 305-0258
> Tel: (202) 514-4565
> Tel: (202) 305-3022
> Tel: (202) 305-0241
> Fax: (202) 353-2021
>
> Attorneys for Defendants
>
> OF COUNSEL:
>
> PAUL SMYTH
> ELISABETH BRANDON
> THOMAS BARTMAN
> Office of the Solicitor
> United States Department of the Interior
> Washington, D.C. 20240

-4-

TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C.  20227

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO RESPOND TO PLAINTIFFS' STATUS REPORTS AND TO FILE PROPOSED REVISED REPORT AND PROPOSED CASE MANAGEMENT ORDER was served on February 15, 2008, by Electronic Case Filing on the following counsel:

Keith M. Harper
George William Austin, III
KILPATRICK STOCKTON, LLP
607 14th Street, NW
Suite 900
Washington, DC 20005
(202) 585-0919 FAX

Edward R. Roybal, II
STRICKLAND AND STRICKLAND, P.C.
6124 E. Brown Road
Suite 101
Mesa, AZ 85205
(480) 854-8687 FAX

/s/    Kevin E. Regan
Kevin E. Regan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AK-CHIN INDIAN COMMUNITY | ) | No. 06-2245 (JR) |
| v. DIRK KEMPTHORNE, *et al.,* | ) | |
| | ) | |
| PASSAMAQUODDY TRIBE OF MAINE | ) | No. 06-2240 (JR) |
| v. DIRK KEMPTHORNE, *et al.,* | ) | |
| | ) | |
| SALT RIVER PIMA-MARICOPA | ) | No. 06-2241 (JR) |
| INDIAN COMMUNITY v. | ) | |
| DIRK KEMPTHORNE, *et al.*, | ) | |
| | ) | |
| TOHONO O'ODHAM NATION | ) | No. 06-2236 (JR) |
| v. DIRK KEMPTHORNE, *et al.* | ) | |
| _____ | ) | |

**DEFENDANTS' [PROPOSED] REVISED REPORT PURSUANT TO
FED. R. CIV. P. 26(f) AND LOCAL CIVIL RULE 16.3**

As proposed in their Motion for Leave to File a Response to Plaintiff's Revised Report
and Case Management Order filed February 1, 2008,[1] Defendants submit their Revised Report
Pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3 and Proposed Case Management and
Scheduling Order and state as follows:

On January 18, 2008, Plaintiff submitted its Status Report and Revised Proposed Case
Management and Phase One Scheduling Order in response to the Court's Memorandum Order
dated December 19, 2007.   Defendants object to certain elements of Plaintiff's report and
proposed order, and accordingly, set forth below their proposal for a scheduling order in this
case and their positions on certain important case management issues.  Because many of these
scheduling issues were the subject of the Joint Report previously submitted by the parties on

---

[1] As of this date, the Court has not yet ruled on Defendants' Motion for Leave.

1

May 30, 2007 ("May 30 Joint Report"), Defendants hereby submit a revised Rule 26(f) and

Local Rule 16.3 report.  In this revised report, Defendants have not included those portions of

the May 30 Joint Report not revised or otherwise addressed by Plaintiff in its January 18 Status

Report and Revised Case Management Order.

**A.    Defendants' Statement of the Case.**

**(1)  Jurisdictional Issues Should be Resolved First**.  Plaintiff asserts that its claim for

an equitable accounting of all trust funds and other assets is not brought under the

Administrative Procedure Act.  See _e.g._ Plaintiff's January 18 Status Report at 14 - 15.

Defendants reiterate their previous position that the Complaint must be dismissed to the extent

that it alleges a claim and seeks relief outside of the confines of the APA.[2]

If Defendants' arguments as to how Plaintiff's claim exceeds this Court's limited

jurisdiction are even partly correct, then Plaintiff's proposal for case management is fatally

flawed because it would result in the Court's exercise of jurisdiction already deemed unavailable

in the related case of Cobell v. Kempthorne.  See Cobell XX, ___F.Supp.2d ___, 2008 WL

253035, at 50 (stating that "the existence of APA jurisdiction cannot be taken for granted.") and

at 64 (recognizing that the Court's jurisdiction was more limited than that of an equity court over

a negligent trustee.)   Plaintiff's proposal for case management is also flawed because its plan

for discovery appears to contemplate discovery of materials related to issues that are beyond this

Court's jurisdiction, such as Plaintiff's requests for real property title information and reports

---

[2]Parenthetically, Plaintiff originally appeared to agree with the proposition that the Court should, at an early point in these proceedings, decide the manner in which the APA applied to this case. See May 30, 2007 Report at 38 ("Such other matters that the parties believe may be appropriate for inclusion in a scheduling order")

that have not been properly presented in the first instance to the Interior Defendants as required by 25 C.F.R. Parts 2 and 150.

Plaintiff has more recently asserted that the Court has already effectively decided the jurisdictional dispute in Plaintiff's favor in the December 19, 2007, Memorandum Order denying the Defendants' motion for remand.  See Plaintiff's January 18 Status Report at 4.  Contrary to Plaintiff's assertion, the Court's December 19, 2007, Memorandum Order denying Defendants' motion for remand did not decide the basis for its jurisdiction over Plaintiff's action for an equitable accounting.  This reading of the Court's order is consistent with Defendants' argument in its remand motion that the Court did not need to resolve the jurisdictional question in order to decide the remand motion.

In Defendants' view, the parties' jurisdictional dispute requires resolution as soon as practicable because Plaintiff fails to state a claim within this Court's jurisdiction under the APA. In addition, Plaintiff's claim for an equitable accounting should be dismissed on other jurisdictional grounds, such as the requirement to exhaust administrative remedies prior to litigation and the bar posed by the Indian Claims Commission Act.

Unless and until Plaintiff conforms its claim for an accounting to the requirements of the APA, Plaintiff's proposed revised case management order is beyond the Court's jurisdiction.

**(2)  Bifurcation of Liability and Remedy Decisions.**  In the event that the Court decides to bifurcate this case as proposed by Plaintiff, it should bifurcate the case into distinct liability and remedy phases.  The Court should not adopt Plaintiff's proposal to litigate twice (in both

Phases I and II) the question of whether Defendants have breached their alleged duty to account.[3]
In Phase I, the Court should require Plaintiff to present all its claims and arguments in support of
its claimed breach of trust with regard to Defendants' alleged duty to account.

Further, the Court should defer all scheduling of a Phase II regarding the remedy, if any,
appropriate for this case. If Defendants are found to be liable on Plaintiff's claim and the Court
deems it necessary to consider any remedy other than a remand to one or more of the
Defendants, the parties will be in a better position to assess and present the Court with proposals
as to the appropriate remedy, if any, after a decision by the Court on Phase I.

In Defendants' view, Phase I of the case should consist of or begin with the filing of
Defendants' challenges to this Court's jurisdiction over Plaintiff's trust accounting claim. No
discovery is necessary or appropriate prior to the decision on such a motion given that the
grounds for the motion are purely or almost purely jurisdictional.[4] Defendants propose that they
file their motion to dismiss 60 days from the date of the Court's entry of a Case Management
Order. Plaintiff should be ordered to file its opposition 28 days thereafter, and Defendants to file
their reply to Plaintiff's opposition within 21 days from the date of Plaintiff's filing.

Defendants believe that their proposal will serve the public interest goals of judicial

---

[3]Contrary to Plaintiffs' representations to this Court, Defendants have never conceded that the
Defendants, either separately or jointly, have a duty to perform the accounting of Plaintiff's trust
funds as sought and alleged by Plaintiff. See, e.g., Ak-Chin Indian Community v. Kempthorne,
et al., Answer, Dkt. 5, ¶¶ 4, 34, 36; Passamaquoddy Tribe of Maine v. Dirk Kempthorne, et al.,
Answer, Dkt. 5, ¶¶ 4, 34, 36; Salt River Pima-Maricopa Indian Community v. Kempthorne, et
al., Answer, Dkt. 5, ¶¶ 4, 34, 36; Tohono O'odham Nation v. Kempthorne, et al., Answer, Dkt. 5,
¶¶ 4, 34, 36.

[4]Defendants may present arguments in their motion that rely upon extra-record supporting
evidence.

4

efficiency and conservation of scarce resources, unlike Plaintiff's proposal.

**B.    Disclosures Required by Rule 26(a)(1).**

If Plaintiff's claim for an accounting is brought under the generic APA cause of action, then Fed. R. Civ. P. 26(a)(1)(E)(i) exempts this case from initial disclosures under Rule 26(a)(1). Plaintiff disclaims reliance on the generic APA cause of action, however, urging that it has a separately cognizable cause of action for an equitable accounting.  Defendants dispute that contention.  The Court should resolve this dispute before ordering initial disclosures because a decision on whether Plaintiff has an equitable cause of action and claim, and the contours of that cause of action and claim (if there be one), may well also resolve the issue of the nature of any disclosures due.

**C.    Defendant's Proposed Discovery Plan.**

**(1)  The following changes should be made in the timing, form or requirement for disclosures under Rule 26(a):**

Initial disclosures (to the extent that the Court deems any are appropriate) as to any issues remaining after the Court's disposition of Defendants' motion to dismiss should be exchanged by the parties 45 days after the Court's entry of an Order ruling on the motion to dismiss.  To the extent that documents and data pertaining to financial or other statements prepared by Defendants (such as documents regarding the Tribal Trust Funds Reconciliation Project ("TRP") report for Plaintiff) remain relevant to any remaining issues in this case and Defendants decide such documents support their defenses, Defendants propose to provide copies of those materials to Plaintiff in the initial disclosure.

**(2)  Discovery should be conducted in the following manner:**

As noted previously, no discovery is appropriate in this case, until and unless the Court has determined the extent of its jurisdiction (if any) over Plaintiff's claim for an equitable accounting. The Court should stay any discovery in this case until the jurisdictional issues have been resolved.

Nonetheless, to the extent that the Court deems it appropriate to allow discovery herein, Defendants object to Plaintiff's proposal in paragraph 2(a) of its proposed order that mandates Defendants produce "any and all" material, including "all workpapers and other background source documents related thereto," and accompanied by admissions amounting to legal conclusions. This proposal should be rejected.

Plaintiff, not Defendants, has the obligation to specify the agency action(s) for which it seeks judicial review. Plaintiff should not be allowed to take discovery to educate itself and its legal counsel about documents and data that the Interior Defendants previously provided to Plaintiff years ago. Plaintiff should be ordered to specify the specific agency action(s) that are the subject of its claim here. For example, if Plaintiff intends to challenge as unlawful the periodic statements of performance provided to Plaintiff pursuant to 25 U.S.C. § 4011(b) or the Tribal Trust Funds Reconciliation Project Report previously produced to it pursuant to 25 U.S.C. § 4044, an order of production as to such reports is inappropriate. Conversely, if Plaintiff's conception of a common law equitable accounting includes judicial review of every aspect of the Defendants' financial or property records for decades of trust administration, and their reports thereof to Plaintiff, it would be plainly overly burdensome and unreasonable to order Defendants to organize that mass of records into the form sought by Plaintiffs within 30 days.

6

Also, despite the likelihood that Plaintiff's discovery will be overbroad and overly burdensome, Plaintiff seeks to deny Defendants the opportunity to present objections to such discovery prior to entry of a Court order mandating production. Such a position is contrary to the normal course of discovery pursuant to the Federal Rules of Civil Procedure. Instead, when the Court deems it appropriate, Plaintiff should propound its discovery requests and Defendants should have a reasonable period to object or respond in writing. The parties should then confer to discuss and resolve their discovery disagreements. Only after the parties have failed in a good faith attempt to resolve those disputes informally would a motion to compel (or for a protective order) be appropriate. And only <u>after</u> the Court decides to grant (or deny) such a motion would an order mandating production be proper.

Defendants propose that any fact discovery (including expert discovery) should be completed by the parties within 360 days after the date of the Court's rulings on the motion to dismiss. As Defendants noted in the May 30, 2007, Joint Report, many potentially relevant documents are located at the American Indian Records Repository ("AIRR") in Lenexa, Kansas, as well as in other locations, and are likely to be exceptionally voluminous and time-consuming to identify and produce. Defendants also contemplate propounding discovery requests to Plaintiff on relevant issues, such as its own records of its involvement in trust funds and property management. Based on Defendants' experience in other Tribal trust accounting and trust mismanagement cases, depending on the documents requested by Plaintiff, the 90 day time period proposed by Plaintiff (see ¶ 2c of Plaintiff's January 18, 2008, Revised Proposed Case Management and Scheduling Order) is insufficient to complete this document inspection and

production process.

Further, Plaintiff's proposal regarding the time allowed for expert disclosures, and any additional discovery following those disclosures, is not feasible and should not be adopted. The proposal does not sufficiently account for the complexity of the issues and claims herein. If such extra-record expert discovery were allowed, Defendants propose that the Plaintiff's expert disclosures, if any, be due 240 days after the date of the Court's rulings on the motion to dismiss. Defendants' expert disclosures, if any, would be due 330 days after the date of the Court's ruling on the motion to dismiss.

**D.     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

As stated above, Defendants intend to file a dispositive motion asking the Court to dismiss Plaintiff's complaint for lack of jurisdiction. Defendants propose that they file their motion to dismiss 60 days from the date of the Court's entry of the Case Management Order. Plaintiff shall file its opposition or response 28 days thereafter and Defendants shall file their reply to Plaintiff's opposition or response within 21 days from the date of Plaintiff's filing. As stated elsewhere in this report, discovery should await a decision on the motion.

Any dispositive motion on any remaining issues shall be filed within 90 days after the close of discovery.

**E.     Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.**

As stated previously, this case is brought pursuant to the provisions of the APA, the case

law on which provides that judicial review is generally limited to the agency's administrative record, and expert witness reports, information, and depositions, especially if they are extra-record and post-decisional, are generally prohibited.  Defendants also intend to move for dismissal of both counts of Plaintiff's complaint on jurisdictional grounds, and no discovery is necessary or appropriate prior to the Court's ruling on Defendants' motion.

Nonetheless, to the extent that the Court deems that the exchange of expert witness reports and information is appropriate, Defendants propose that the Court establish a 360 day discovery period commencing on the date of the Court's decision on the aforementioned motion to dismiss.  Within that discovery period, Plaintiff's expert disclosures, if any, should be produced on or before 240 days after the date of the Court's rulings on the motion to dismiss. Defendants' expert disclosures, if any, would be due 330 days after the date of the Court's ruling on the motion to dismiss.  Depositions of experts should occur within the discovery period.

**F.      Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

Given that this case has been brought under the APA, there should be no trial or discovery herein.  Hence, there is no need for trial or discovery bifurcation or management in phases.  To the extent that this Court disagrees, however, it should bifurcate the case into distinct liability and remedy phases, rather than Plaintiff's proposal to litigate twice over whether the government has breached its alleged duty to account.  In Phase I, Plaintiff should be required to present all its claims and arguments in support of its claimed breach of trust with regard to Defendants' alleged duty to account.  In Phase II, in the event further proceedings are necessary and should the Court deem that a remedy other than remand ought to be considered, the Court

and the parties can address separately the question of the appropriate remedy, if any, for any adjudicated breach by Defendants of their alleged legal duties.

**G.    The date for the pretrial conference.**

There is no need for a pretrial conference in a case to be resolved by dispositive motion, as required by the APA.  To the extent that this Court divides the litigation into a liability phase, however, the Court should set the dates for any pretrial conference and trial within the later of either 91 days after the close of discovery (if no dispositive motions are filed) or within 30 days of the Court's decision on any dispositive motions filed after the close of discovery.

**H.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference.**

There is no need for a trial or evidentiary hearing in a case to be resolved by dispositive motion, as required by the APA.  Nonetheless, to the extent that this Court divides the litigation into a liability phase, the Court should set the dates for any pretrial conference and trial within the later of either 91 days after the close of discovery (if no dispositive motions are filed) or within 30 days of the Court's decision on any dispositive motions filed after the close of discovery.

**I.    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Defendants believe that the only matter appropriate for inclusion in a scheduling order at this time is the briefing and ruling on Defendants' motion to dismiss.

**(1) Document Preservation**.  Plaintiff plans to seek injunctive relief in the form of a document preservation order.  Defendants anticipate vigorously opposing such a motion, and

propose that such briefing occur in accordance with generally applicable rules of civil procedure. Plaintiff's motion would also plainly implicate the jurisdictional issues discussed above. Accordingly, resolution of any document preservation motion should be coordinated with resolution of the Defendants' jurisdictional motion.

(2) **Protective Order of Confidentiality**.  Defendants agree that a protective order of confidentiality will be necessary in the event discovery proceeds.   If the Court orders discovery to proceed, Defendants plan to propose a form of protective order to Plaintiff for its consideration in advance of making any production of document containing confidential records protected from public disclosure.  If the parties cannot reach agreement on the form of an order, Defendants will timely move for entry of a protective order in accordance with Rule 26 and other applicable rules.

**J.      Proposed Scheduling Orders.**

Defendants append their proposed scheduling order hereto.

Respectfully submitted this 15th day of February, 2008.

<div style="margin-left:40%">

RONALD J. TENPAS
Assistant Attorney General

/s/ *Kevin E. Regan*
JOHN H. MARTIN
KEVIN J. LARSEN
LAURA MAROLDY
KEVIN E. REGAN
ANTHONY P. HOANG
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044-0663

</div>

11

Tel: (303) 844-1383
Tel: (202) 305-0258
Tel: (202) 514-4565
Tel: (202) 305-3022
Tel: (202) 305-0241
Fax: (202) 353-2021

Attorneys for Defendants

OF COUNSEL:

ELIZABETH BRANDON
THOMAS BARTMAN
PAUL SMYTH
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA DAWSON
Office of Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AK-CHIN INDIAN COMMUNITY    )    No. 06-2245 (JR)
v. DIRK KEMPTHORNE, *et al.*,    )
    )
PASSAMAQUODDY TRIBE OF MAINE    )    No. 06-2240 (JR)
v. DIRK KEMPTHORNE, *et al.*,    )
    )
SALT RIVER PIMA-MARICOPA    )    No. 06-2241 (JR)
INDIAN COMMUNITY v.    )
DIRK KEMPTHORNE, *et al.*,    )
    )
TOHONO O'ODHAM NATION    )    No. 06-2236 (JR)
v. DIRK KEMPTHORNE, *et al.*    )
_____)

## DEFENDANTS' (PROPOSED) REVISED CASE MANAGEMENT AND SCHEDULING ORDER

This matter is before the Court pursuant to Rule 16(b) of the Federal Rules of Civil

Procedure (Fed. R. Civ. P.), Local Civil Rule 16.4, the Plaintiff's Status Report, and the

Defendants' Revised Report pursuant to Local Civil Rule 16.3 and Fed. R. Civ. P. 26(f).  Upon

consideration of the Status Report, the Revised Report and the parties' proposed scheduling

orders, it is hereby ORDERED that, for good cause shown and pursuant to Fed. R. Civ. P. 16:

        1.        Defendants shall file their motion to dismiss within 60 days from entry

of this Order.  Plaintiff shall file its opposition or response to Defendants' motion 28 days

thereafter.  Defendants shall file their reply to Plaintiff's opposition or response within 21 days

of the filing of Plaintiff's response.

        2.        Until further order of the Court deciding the motion to dismiss, this case shall

proceed as one for judicial review of agency action under the Administrative Procedure Act

(APA), 5 U.S.C. §§ 500-706.  Therefore, the case is exempt from the requirement to make initial

disclosures pursuant to Rule 26.  Further, there shall be no discovery except by leave of the Court.

3.      In the event this case is not resolved by decision on the motion to dismiss, this case shall be bifurcated into a liability phase (Phase I) and remedy phase (Phase II).  In Phase I, Plaintiff shall present all its claims and arguments in support of its claimed breach(es) of trust with regard to Defendants' alleged duty to account.  The deadlines set below apply only to Phase I:

a.  Discovery (including expert discovery) shall commence on the date the Court  issues an order deciding Defendants' motion to dismiss.  All discovery shall be completed by the parties within 360 days after the start of discovery.

b.  Initial disclosures as to any and all issues remaining after the Court's disposition of the motion to dismiss shall be exchanged by the parties 45 days after the Court's entry of an Order deciding the motion to dismiss.

c.  Plaintiff shall make its expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) within 240 days after the commencement of discovery.  Defendants shall make their expert disclosures, if any, within 330 days after the commencement of discovery.

d.  Any dispositive motion shall be filed within 90 days after the close of discovery.

e.  The Court will establish the dates for any pretrial conference and trial within the later of either 91 days after the close of discovery (if no dispositive motions are filed) or within 30 days of the Court's decision on any dispositive motions filed after the close of discovery.

SO ORDERED.

_____
HON. JAMES ROBERTSON
United States District Judge