IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE AK-CHIN INDIAN COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>DIRK KEMPTHORNE, ROSS O. SWIMMER and HENRY M. PAULSON,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Case No. 06-CV-02245-JR<br>)  Judge James Robertson<br>)  **(Electronically filed on April 30, 2008)**<br>)<br>)<br>)<br>)<br>) |

## STATUS REPORT

### I. INTRODUCTION

Plaintiff-Beneficiary, the Ak-Chin Indian Community ("Ak-Chin"), submits its Status Report pursuant to this Court's Order, issued orally during a March 25, 2008 teleconference, directing the parties to file monthly Status Reports updating the Court on the progress of the production of trust records by Defendants Dirk Kempthorne, Ross O. Swimmer and Henry M. Paulson ("Trustee-Delegates") to Ak-Chin, regarding its trust lands.

Trustee-Delegates' production of trust records to Ak-Chin was the subject of a February 25, 2008 Status Conference. At the Status Conference, Ak-Chin explained why it so desperately needs such trust records regarding its reservation, including information relevant to rights-of-way, easements, leases and other encumbrances. While Trustee-Delegates' failure to produce trust records to Ak-Chin regarding its trust assets is not a new problem for Ak-Chin – indeed, for decades, Ak-Chin has had difficulty obtaining trust records from Trustee-Delegates – because of the recent hyper-growth in its area, obtaining this information is now a top priority. At the Status Conference, Ak-Chin also recounted the efforts it made in this lawsuit, beginning in April 2007,

to obtain this information informally from Trustee-Delegates. After having been unsuccessful in obtaining the trust records it sought and to ensure that Ak-Chin would obtain the information it so desperately needs, Ak-Chin requested the Court order that a schedule be established pursuant to which Ak-Chin would serve on Trustee-Delegates and file with the Court a listing of trust records that Trustee-Delegates would furnish. Trustee-Delegates would have 30 days from service to provide such trust records and if Trustee-Delegates objected to production of such material or needed clarification, they would be required to file an appropriate motion for protective order by no later than 15 days after service of Ak-Chin's request. If the Trustee-Delegates failed to object timely or seek enlargement of time, they would thereafter waive their right to object and provide the requested information. *See* Plaintiff's Status Report, January 18, 2008. Ak-Chin made clear that to the extent there was a lack of clarity regarding what trust records Ak-Chin needed, Trustee-Delegates were welcome to discuss this issue with Ak-Chin's counsel at any time.

After hearing argument from both parties at the Status Conference regarding Ak-Chin's requested schedule, the Court ordered that the parties continue to work together informally to facilitate the production of the requested documentation, but if by March 12, 2008, Ak-Chin had not obtained the documents it seeks from Trustee-Delegates, then the schedule Ak-Chin requested would be imposed upon the parties. Specifically, the Court ruled that "plaintiff may submit a list of urgently needed information to the trustee" and "if [the Court] doesn't get an objection from the trustee within 15 days, then the documents are going to have to be turned over within 30." *See* Transcript of February 25, 2008, Status Conference, at 24-25.

Since the Status Conference, the parties have been working together to facilitate the production of the trust records Ak-Chin requires. For that reason, the parties sought a two-week

extension of the March 12, 2008 deadline, and to obviate the need for the parties to seek ongoing extensions of the original March 12, 2008 deadline, on March 25, 2008, during a teleconference with the Court, requested that the parties be permitted to file monthly Status Reports with the Court. It was understood that if Ak-Chin did not obtain the documents it seeks through this informal process, then the schedule which the Court ordered at the Status Conference, would be imposed upon the parties.

## II.   AK-CHIN'S REQUEST FOR TRUST RECORDS AND TRUSTEE-DELEGATES' RESPONSES

Following the Status Conference, Ak-Chin, in light of the passage of time and swiftly changing conditions on its reservation, re-considered the prioritization of which trust records it most urgently needed. On February 27, 2008, consistent with what Ak-Chin requested from Trustee-Delegates on June 14, 2007, Ak-Chin again identified four roads and a pipeline, for which Ak-Chin needed documentation. Ak-Chin further explained that it required documentation regarding three additional roads in connection with an upcoming deadline to submit its Indian Reservation Roads Inventory and provided Trustee-Delegates with a listing of the categories of documents that it required for each right-of-way.

On March 6, 2008 and March 14, 2008, Trustee-Delegates produced CD's containing images responsive to Ak-Chin's request for information. Ak-Chin has carefully reviewed these records and determined that a significant amount of critical documentation remains missing for each of the seven roads and pipeline it identified and which were the subjects of Trustee-Delegates' March 6 and March 14 productions.

On April 22, 2008, Ak-Chin provided Trustee-Delegates with a detailed listing of the records it was missing regarding the seven roads and pipeline and sought written confirmation from Trustee-Delegates that they did not possess the listed documents. Ak-Chin explained that

-3-

to fully evaluate its legal rights and to effectively negotiate with third parties, it needs confirmation that what Trustee-Delegates produced is the entirety of the extant record regarding those encumbrances. Otherwise, as a practical matter, Ak-Chin will remain in the position it is now -- of knowing that it potentially does not possess all pertinent legal documentation regarding rights-of-way on its reservation. This concern is real and cannot be overstated. Without assurance from its trustee that Ak-Chin has all the trust records in its trustee's possession, Ak-Chin will remain in the precarious position of making representations without the comfort that there is not some documentation that will reveal itself at some later date that will fundamentally undermine its position.

On April 28, 2008, Trustee-Delegates responded that they were unable to certify that the missing trust records do not exist anywhere in their possession and that they are continuing to search for the records. This is not good enough. Ak-Chin needs far more from its trustee. To protect its rights as against third parties, Ak-Chin must be certain that it has obtained all the documents it requested in the possession of Trustee-Delegates. If the parties are unable to resolve this dispute, Ak-Chin may seek Court intervention.

In addition, on March 24, 2008, Ak-Chin submitted a listing of seven additional right-of-ways for which Ak-Chin needs documentation. Ak-Chin has not received documents from Trustee-Delegates in response to that request. On April 29, 2008, Trustee-Delegates informed Ak-Chin that these documents are in the "pipeline" and will be produced to Ak-Chin.

This 30th day of April, 2008.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417

E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621
Admitted *pro hac vice*
KILPATRICK STOCKTON LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800

*Attorneys for Plaintiff*
The Ak-Chin Indian Community

Case 1:06-cv-02245-JR    Document 39    Filed 04/30/2008    Page 5 of 7

-5-

US2000 10801542.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE AK-CHIN INDIAN COMMUNITY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DIRK KEMPTHORNE, ROSS O. )<br>SWIMMER and HENRY M. PAULSON, )<br>)<br>Defendants. )<br>) | Case No. 06-CV-02245-JR<br>Judge James Robertson<br>**(Electronically filed on April 30, 2008)** |

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing STATUS REPORT was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System:

> John H. Martin, Esq.
> United States Department of Justice
> Environmental and Natural Resources Division
> Natural Resources Section
> 1961 Stout Street, Eigth Floor
> Denver, CO 80294
>
> Kevin E. Regan, Esq.
> United States Department of Justice
> Environmental and Natural Resources Division
> Natural Resources Section
> P.O. Box 663
> Washington, D.C. 20044-0663

This 30th day of April, 2008.

-6-

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621
Admitted *pro hac vice*
KILPATRICK STOCKTON LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800

*Attorneys for Plaintiff*
The Ak-Chin Indian Community