IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AK-CHIN INDIAN COMMUNITY, )
)
Plaintiff, )
)
v. ) No. 06-cv-02245-JR
)
DIRK KEMPTHORNE, *et al.*, )
)
)
Defendants )
________________________________________)

**DEFENDANTS' STATUS REPORT**
**REGARDING PRODUCTION OF CERTAIN DOCUMENTS**

This constitutes Defendants' portion of the parties' report to the Court regarding the status of the Government's ongoing informal production to Plaintiff of documents relating to certain rights-of-way. (Defendants had understood that what was contemplated by both parties and the Court was a joint report, but learned belatedly that Plaintiff took a different view. Accordingly, given the time frame involved, the parties agreed to file separate reports.)

As counsel for the parties have discussed, the Department of the Interior believes that the Bureau of Indian Affairs' ("BIA's") Western Regional Office (Phoenix, Arizona), Pima Agency (Sacaton, Arizona), Land Title Records Office ("LTRO") (Albuquerque, New Mexico), as well as the American Indian Records Repository ("AIRR")(Lenexa, Kansas) are most likely the richest potential sources of responsive documents relating to the rights-of-way Plaintiff has asked about, and therefore has focused on those locations in its searches so far. The Government also is exploring the possibility that documents relating to rights-of-way over the Ak-Chin

reservation may reside at other locations.

Plaintiff initially asked Defendant to search for and produce legal instruments concerning four roads and a gas pipeline, specifically:

1. Maricopa-Casa Grande Highway;
2. Peters & Nall Road;
3. Maricopa Highway 347;
4. Farrell Road; and
5. the El Paso Gas Line.

Certain documents were produced to Plaintiff in August 2007, in response to that request, while additional documents were gathered, copied, and reviewed, for later production to Plaintiff.

On February 27, 2008, following the February 25 status conference in this case, Plaintiff requested, for the first time, documents relating to three additional roads:

6. White & Parker Road;
7. Ralston Road; and
8. Murphy Road.

The Government made productions of document images relating to the eight above-listed encumbrances on March 6 and on March 14, 2008. The document images produced in two installments in March 2008 were gathered by the Department of the Interior from the BIA's Western Regional Office and the Pima Agency.

On March 24, 2008, Plaintiff requested, for the first time, documents relating to certain additional rights-of-way:

A. Union Pacific Railroad

B. Union Pacific Pipe Line

C. Southwest Gas Line

D. Qwest

E. WAPA (later clarified as "Western Area Power Administration")

F. ED3 (later defined as "Electrical District # 3") and

G. Arizona Public Service.

Litigation counsel for both parties, as well as an attorney from the Department of the Interior, Office of the Solicitor, then had a telephone conference on March 25, 2008, regarding Plaintiff's requests for those right-of-way documents, as well as Plaintiff's earlier requests for documents relating to seven other roads and the El Paso Gas Pipeline. That telephone conference culminated in a brief joint call to this Court, informing the Court that the parties were cooperating to get Plaintiff the right-of-way documents it has asked for, and requesting that instead of Plaintiff making its expected March 26 filing regarding documents to which it believes it is entitled (with the Government then to have the opportunity then to file its objections), the parties report to the Court at the end of April 2008 regarding their progress. [1/] The Court agreed

[1/]Given the parties' belated discovery that they had different understandings of whether this status report was to be joint or involve separate reports by each party, it was not possible to reach agreement on a single joint report before the report[s] had to be filed. Plaintiff's counsel did provide a copy of its proposed report to Defendants' counsel on the afternoon of the day of filing. Defendants do not share Plaintiff's understanding that, "It was understood that if Ak-Chin did not obtain the documents it seeks through this informal process, then the schedule which the Court ordered at the Status Conference, would be imposed upon the parties," as set forth in the status report Plaintiff shared with Defendants this afternoon. Nevertheless, as Defendants' counsel told Plaintiff's counsel during their March 25, 2008, telephone conference, Defendants' counsel agree that the process of working together to get Plaintiff the right-of-way documents it seeks, and providing periodic reports to the Court, is the best way to address Plaintiff's document requests; and that proceeding in that way would not foreclose Plaintiff from seeking

to that proposed mode of proceeding, and set April 30, 2008, as the due date for the parties to report.

In the meantime, in response to Plaintiff's March 24, 2008, request (for documents relating to the seven additional rights-of-way listed as A through G, above), additional documents have been gathered and are being processed by the Department of the Interior, Office of the Solicitor, for production through the Department of Justice to Plaintiff's counsel. Defendants' counsel recently provided information to Plaintiff's counsel about the status of that additional work.

In addition, Interior has made initial queries of the "BISS" (Box Indexing Search System) to ascertain the number of boxes at the AIRR that potentially contain documents responsive to Plaintiff's requests respecting the fifteen rights-of-way it has identified, so an appropriate approach to review and inspection of those records can be worked out by the parties. Defendants expect that those queries will be completed in the near future, yielding an approximate number of boxes that may contain documents (including correspondence) potentially responsive to Plaintiff's requests. Defendants' counsel have provided Plaintiff's counsel with preliminary information about the approximate number of such boxes that have been identified so far; and have expressed their willingness to work with Plaintiff's counsel to arrange next steps, such as an inspection by Plaintiff's counsel of the identified boxes at the AIRR and/or any modification of BISS search terms, after the parties have a better idea of how many boxes at the AIRR may contain responsive documents.

---

relief from the Court if necessary. Likewise, Defendants' counsel do not recall a specific agreement or proposal to the Court that the periodic reports to the Court would be made monthly, but Defendants are willing to proceed on that schedule.

In sum, the Government's search for additional documents relating to all of the fifteen encumbrances for which Plaintiff has asked for documentation is still ongoing. For example, in addition to the BISS searches described above, Interior is in the process of doing a follow-up search at appropriate BIA offices for additional documents such as the ones Plaintiff listed in a detailed April 22, 2008, communication to Defendants' counsel. As Defendants' counsel has explained to Plaintiff's counsel, the Government is willing to work with Plaintiff to locate responsive documents in the locations where such documents are reasonably likely to be found, but it cannot certify that no other responsive documents exist anywhere in the Government's possession; and, in any event, such a certification would be premature at this time, when the search for responsive documents is continuing.

Respectfully submitted this 30th day of April, 2008.

RONALD J. TENPAS
Assistant Attorney General

*s/Laura Maroldy*__________
LAURA MAROLDY
KEVIN E. REGAN
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 514-4565
Tel: (202) 305-3022
Fax: (202) 353-2021

Attorneys for Defendants

OF COUNSEL:

ELISABETH C. BRANDON
Office of the Solicitor

United States Department of the Interior
Washington, D.C. 20240