IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AK-CHIN INDIAN COMMUNITY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-cv-02245-JR |
| ) | |
| DIRK KEMPTHORNE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

DEFENDANTS' STATUS REPORT
REGARDING PRODUCTION OF CERTAIN DOCUMENTS

This constitutes Defendants' updated status report to the Court concerning the Government's production of Bureau of Indian Affairs ("BIA") documents concerning certain rights-of-way. (Plaintiff's counsel informed Defendants' counsel on the morning of the day of filing that Plaintiff had decided to file a separate report; accordingly, Defendants file this report separately, as well.)

Since the parties' separate April 30, 2008, Status Reports concerning the document production were filed, the Department of the Interior and its agencies have continued to gather documents in response to Plaintiff's March 24, 2008, request for documents relating to the following rights of way:

    A.  Union Pacific Railroad

    B.  Union Pacific Pipe Line

    C.  Southwest Gas Line

    D.  Qwest

    E.  WAPA  (later clarified as "Western Area Power Administration")

  F. ED3 (later defined as "Electrical District # 3") and

  G. Arizona Public Service.

  In addition, they performed searches for, and gathered, certain types of documents relating to eight previously-identified rights-of-way (listed in Defendants' April 30, 2008, status report), which categories of documents had been more particularly described in an April 22, 2008, letter from Plaintiff's counsel.

  On May 30, 2008, as part of its ongoing production of documents concerning the total of fifteen rights-of-way as to which Plaintiff has now requested documents, Defendants' counsel delivered a CD containing 1,405 responsive documents (2,565 images) to Plaintiff's counsel. Those documents were gathered from the Bureau of Indian Affairs ("BIA") Pima Agency (Sacaton, Arizona); Western Regional Office (Phoenix, Arizona); and Land Title Records Office (Albuquerque, New Mexico).

  In addition, further queries have been made of the BISS system to identify boxes at the American Indian Records Repository ("AIRR") that potentially contain documents ("inactive records") responsive to Plaintiff's requests regarding the combined total of fifteen rights-of-way for which Plaintiff has requested documents. (Defendants reported to Plaintiff's counsel in April 2008 that, preliminarily, the number appeared to be slightly over 3,000 boxes.) Defendants' counsel expect to transmit to Plaintiff's counsel, shortly, a description of the BISS search terms used by OHTA's (Office of Historical Trust Accounting) consultants who performed those searches. As Defendants noted in their April 30, 2008, Status Report, they are willing to work with Plaintiff's counsel to arrange next steps, such as an inspection by Plaintiff's counsel of the identified boxes at the AIRR and/or appropriate modifications of BISS search terms.

The parties disagree on how production of documents located at the AIRR should be accomplished. As Defendants have noted, Defendants expect to produce the documents by making them available for inspection, for reasons Defendants have explained to Plaintiff's counsel. (Given the number of tribes in litigation against Defendants, the demand for documents from the AIRR and other locations, the strict protocols in place at the AIRR to preserve documents and the integrity of the boxes, and the limited resources available, Defendant's position is that producing the "inactive" records that reside at the AIRR by making them available for inspection is the most expeditious way to make available to plaintiffs the records they seek that are inactive and have been transferred to the AIRR for safekeeping. Making such materials available for inspection at the place where they are kept in the ordinary course of business is also consistent with Federal Rule of Civil Procedure 34(b)(2).)

The parties also disagree on the propriety of Plaintiff's insistence on receiving confirmation that certain documents or types of documents do not exist in the possession of the United States. Defendants' position on that issue is described in Defendants' April 30, 2008, Status Report. As Defendants have noted to Plaintiff, Defendants intend to continue to work with Plaintiff to ensure that reasonable searches are conducted to locate the types of documents Plaintiff is looking for in the locations where such documents are reasonably likely to be found.

Respectfully submitted, 30th day of May, 2008.

RONALD J. TENPAS
Assistant Attorney General

*s/Laura Maroldy*_____
LAURA MAROLDY
KEVIN E. REGAN
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section

3

P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 514-4565
Tel: (202) 305-3022
Fax: (202) 353-2021

Attorneys for Defendants

OF COUNSEL:

ELISABETH C. BRANDON
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240