IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AK-CHIN INDIAN COMMUNITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-cv-02245-JR |
| | ) | |
| DIRK KEMPTHORNE, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————— | ) | |

## DEFENDANTS' FOURTH STATUS REPORT REGARDING PRODUCTION OF CERTAIN DOCUMENTS

This constitutes the Government's status report concerning Plaintiff's request for certain right-of-way documents.  As noted in its May 30, 2008,  report, the Government produced additional responsive Bureau of Indian Affairs documents to Plaintiff on May 30, 2008.  The Government currently expects to produce an additional increment of responsive right-of-way documents, gathered from the Western Regional Office of the BIA, to Plaintiff in July.

 In the meantime, Defendants note that since the parties' most recent status reports regarding the production of right-of-way documents were filed in this case on May 30, 2008, Plaintiff served the United States with extensive formal discovery requests in the Plaintiff's twin case pending in the Court of Federal Claims, styled *The Ak-Chin Indian Community v. United States*, Case No. 06-932L.  Those formal discovery requests, received June 2, 2008, consist of at least twenty-four interrogatories, including sub-parts; and two sets of Requests for Production of

Documents, consisting of over eighty requests for production of documents.[1]  *See* Exhibits A, B, and C hereto, which are copies of the discovery requests Plaintiff served in the Court of Federal Claims case.  The requests in the Court of Federal Claims encompass documents relating to investments and policy as well as the use of land and natural resources.

Defendants have been working to prepare the Government's responses to the extensive discovery propounded in the Court of Federal Claims case.[2]  Although Plaintiff stated in its written requests for production in the Court of Federal Claims case that it does not intend those requests to be duplicative of the "informal" requests for production it has made in this case for right-of-way related documents, the two sets of requests in fact overlap, although those propounded in the Court of Federal Claims are more extensive.  Accordingly, the Government's informal production in this Court and its responses to the formal requests in the Court of Federal Claims will overlap to some extent, as well.  *See, e.g.*, Exhibit B, First Request for Production Nos. 4 (requesting documents evidencing rescission or termination of any rights-of way, easements, etc.), 5 (requesting documents required per 25 C.F.R. Part 169), 6 (requesting documents reflecting valuation methods for issuing or approving, rights-of-way, easements, etc.),

---

[1]Under the normal time allotted by the Rules of the Court of Federal Claims, the Government's written responses to the discovery served in that case would have been due July 2.  Defendant recently requested, and Plaintiff granted, an extension until August 1, 2008.

[2]In addition, litigation counsel and agency counsel for Defendants have been engaged in preparing Defendants' response to Plaintiff's motion for a record retention order in this case and in preparing Defendants' motion to dismiss in this and other tribal trust cases before this Court. *See Salt River Pima-Maricopa v. Kempthorne, et al*., Civil Action No. 06cv2241(JR), Docket (Dkt.) Nos. 43 and 44; *Ak-Chin Indian Community v. Kempthorne, et al.*, Dkt. No. 53. Defendants have also filed motions to dismiss in eight of the cases pending before this Court, including this case.  *Ak-Chin Indian Community v. Kempthorne, et al.*, Dkt. Nos. 51-52.

12 (requesting documents reflecting communications between Defendant and Plaintiff regarding rights-of-way, easement, leases, etc.).

In addition to the duplicative and overlapping nature of the two sets of requests, having document requests pending in both this Court and the Court of Federal Claims creates conflicting demands on the Government's limited resources for gathering, reviewing, and producing the requested documents and information.   While the Government intends to continue its ongoing process of producing right-of-way documents "informally," in this case, the overlapping but more extensive discovery served in the twin Court of Federal Claims case will require it to devote significant time and resources to discovery in that Court at the same time.  It is possible that Defendants will need to seek the Court's assistance in balancing the potentially conflicting demands of complying with discovery and other obligations in two Courts at the same time, involving the same subject matters and claims and many of the same documents.

In the meantime, Defendants intend to continue to work with Plaintiff to ensure that reasonable searches are conducted to locate the types of documents Plaintiff is looking for in the locations where such documents are reasonably likely to be found.

Respectfully submitted this 30th  day of June, 2008.


RONALD J. TENPAS
Assistant Attorney General

 _Kevin E. Regan_____
KEVIN E. REGAN
LAURA MAROLDY
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044-0663
Tel: (202) 305-3022

Tel: (202) 514-4565
Fax: (202) 353-2021

Attorneys for Defendants

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE AK-CHIN INDIAN COMMUNITY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 06-0932L (ECH) Judge Emily C. Hewitt |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |

### PLAINTIFF-BENEFICIARY'S
### FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Rules of the United States Court of Federal Claims, you are requested and instructed to respond to the following interrogatories, separately and fully in writing and under oath, and to serve your answers upon counsel for Plaintiff, the Ak-Chin Indian Community ("Plaintiff-Beneficiary"), within the time required by law.

Any responsive information claimed by Defendant, the United States ("Defendant-Trustee") to require protection pursuant to the July 19, 2007 order in this case shall be so designated and produced in accordance with Paragraph 2 of the Court's order. The alternative approach to production set forth in Paragraph 4 of the Protective Order shall not apply to this discovery.

### LAND AND NATURAL RESOURCES

1.

Identify (by date, subject matter and names of contracting parties) all agreements, including but not limited to leases, easements, rights-of-way or permits, which Defendant-

Trustee has issued or approved since December 29, 2000 with respect to any of Plaintiff-Beneficiary's land or natural resources held in trust.

2.

With respect to each such agreement identified in response to Interrogatory No. 1:

(a)    Describe with particularity Defendant-Trustee's policies or procedures governing its issuance or approval;

(b)    Describe with particularity Defendant-Trustee's methods of valuation used to determine the value of Plaintiff-Beneficiary's land or natural resources for purposes of issuing or approving the agreement; and

(c)    Identify (by name, address, job title and telephone number) each person responsible for approving or issuing the agreement.

(d)    Describe with particularity Defendant-Trustee's processes for collecting the monies owed to Plaintiff-Beneficiary per the agreement's terms; and

(e)    Identify (by name, address, job title and phone number) each person responsible for collecting such monies.

(f)    State the amounts received by Defendant-Trustee and the amounts distributed to Plaintiff-Beneficiary (including interest or other returns earned on any such amounts while held by Defendant-Trustee); and

(g)    Identify (by account number and location) the destination account for any such payments, the date(s) and method of deposit (*e.g.*, check, electronic transfer, etc.).

3.

Identify (by date, subject matter and contracting parties) all agreements, including but not limited to leases, easements, rights-of-way or permits, which Defendant-Trustee issued or

2

approved prior to December 29, 2000 with respect to any of Plaintiff-Beneficiary's land or natural resources held in trust.

4.

With respect to each such agreement identified in response to Interrogatory No. 4:

(a)     Describe with particularity Defendant-Trustee's policies or procedures governing its issuance or approval;

(b)     Describe with particularity Defendant-Trustee's methods of valuation used to determine the value of Plaintiff-Beneficiary's land or natural resources for purposes of issuing or approving the agreement; and

(c)     Identify (by name, address, job title and telephone number) each person responsible for approving or issuing the agreement;

(d)     Describe with particularity Defendant-Trustee's processes for collecting the monies owed to Plaintiff-Beneficiary per the agreement's terms; and

(e)     Identify (by name, address, job title and phone number) each person responsible for collecting such monies.

(f)     State the amount received by Defendant-Trustee and the amount paid to Plaintiff-Beneficiary (including interest or other returns earned on any such amounts while held by Defendant-Trustee); and

(g)     Identify (by account number and location) the destination account for any such payments, the date(s) and method of deposit (*e.g.*, check, electronic transfer, etc.).

3

5.

Identify the statutes, treatises, executive orders, regulations and administrative policies which you contend have governed Defendant-Trustee's management and administration of Plaintiff-Beneficiary's land and natural resources.

## INVESTMENT RESPONSIBILITIES

6.

With respect to each fund or account held in trust for Plaintiff-Beneficiary at any time during the Defendant United States' tenure as trustee:

        (a)    Identify (by title and account number) the fund or account, the date and source of the initial deposit, the date of the last distribution or withdrawal and its current status (*i.e.*, open or closed);

        (b)    Identify (by author, title and publication date), any manuals, guides, or other publications consulted in making Defendant-Trustee's investment decisions; and

        (c)    Identify (by name, address, job title and phone number) each person responsible for determining investment vehicles or policies for such Plaintiff-Beneficiary's trust fund or account.

7.

Identify the statutes, treatise, executive orders, regulations and administrative policies which you contend have governed Trustee-Defendant's management and administration of Plaintiff-Beneficiary's trust funds and accounts, including but not limited to deposit, investment, interest earnings, distribution and withdrawal issues.

4

8.

With respect to Paragraph 36 of Defendant-Trustee's Answer contending that "the United States has managed, invested and distributed [Plaintiff-Beneficiary's judgment fund monies] in accordance with the applicable law:"

(a)    State each and every fact upon which you rely as support for this contention;

(b)    Identify (by name, address, job title and telephone number) all persons with personal knowledge of facts supporting such a contention; and

(c)    State what facts are known by each person identified in response to subpart (b).

This 30th day of May, 2008.

Respectfully submitted,

KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621
E-mail: cmunson@kilpatrickstockton.com
Kilpatrick Stockton LLP
607 14th Street, N.W.
Washington, D.C. 20005
Tel: (202) 508-5800
Fax: (202) 505-5858

*Attorneys for Plaintiff*
The Ak-Chin Indian Community

5

US2000 10867426.1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE AK-CHIN INDIAN COMMUNITY, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Case No. 06-0932L (ECH)
Judge Emily C. Hewitt

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing PLAINTIFF-BENEFICIARY'S FIRST SET OF INTERROGATORIES was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System this 30th day of May, 2008:

Laura M.L. Maroldy, Esq.
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section, P.O. Box 663
Washington, D.C. 20044-0663

KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621
E-mail: cmunson@kilpatrickstockton.com
Kilpatrick Stockton LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800
*Attorneys for Plaintiff*

6

The Ak-Chin Indian Community

7

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE AK-CHIN INDIAN COMMUNITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-932L |
| | ) | Judge Emily C. Hewitt |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## THE AK-CHIN INDIAN COMMUNITY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims, Plaintiff, the Ak-Chin Indian Community ("Plaintiff-Beneficiary"), hereby requests that Defendant, the United States ("Defendant-Trustee"), produce the documents designated below.

Plaintiff-Beneficiary specifies 10:00 a.m. on July 2, 2008 at the offices of Kilpatrick Stockton LLP, 607 14th St. NW, Suite 900, Washington, DC 20005, as the time and location for this document production. Counsel for Plaintiff-Beneficiary invites Defendant-Trustee's counsel to contact them if this date or location is inconvenient or burdensome, so that mutually acceptable arrangements can be discussed.

As for the manner of production, Plaintiff-Beneficiary specifies that the documents shall be produced by Defendant-Trustee and shall then and there be copied by Plaintiff-Beneficiary's counsel and, further, that the documents produced shall be labeled with exhibit numbers which shall correspond to the numbers of each and every written response to this request so that such responses will accurately show the production of documents or the absence thereof.

1

Any responsive documents claimed by Defendant-Trustee to require protection pursuant to the July 19, 2007 order in this case shall be so designated and produced in accordance with Paragraph 2 of the Court's order.  The alternative approach to production set forth in Paragraph 4 of the Protective Order shall not apply to this discovery.

NOTE:  These requests are not intended to be duplicative of Plaintiff-Beneficiary's requests for information regarding its trust assets in Plaintiff-Beneficiary's equitable accounting action pending in the United States District Court, which was the subject of a February 25, 2008 Hearing in that action.  Accordingly, any documents requested below which the government already has produced to Plaintiff-Beneficiary in *Ak-Chin Indian Community v. Kempthorne, et al.*, Civil Action No. 06-2245 (JR), should not be produced again in response to these requests.

## <u>LAND AND NATURAL RESOURCES</u>

The documents and tangible things designated for production are as follows:

1.

The agreements identified in Defendant-Trustee's response to First Interrogatory No. 1.

2.

The "ownership documents" for Plaintiff-Beneficiary's land, including Title Status Reports, Tract History Reports, and Owner Document Reports referenced in Defendant's Initial Disclosures in this case (at page 13).

3.

Documents evidencing Defendant-Trustee's consideration or approval of the agreements identified in Defendant-Trustee's response to First Interrogatory No. 1.

US2000 10870612.1

4.

Documents evidencing the rescission or termination of any rights-of-way, easements, leases, permits, or other authorizations for use of Plaintiff-Beneficiary's land or natural resources.

5.

Documents required per 25 C.F.R. Part 169 with respect to the granting of any rights-of-way, easements, leases, permits, or other authorizations for use of Plaintiff-Beneficiary's land or natural resources.

6.

Documents reflecting Defendant-Trustee's method of valuation used to determine the value of Plaintiff-Beneficiary's land or natural resources for purposes of issuing or approving rights-of-way, easements, leases, permits or other authorizations for use; and the outcome of any such valuations.

7.

Manuals, directives, guidelines or other publications related to the granting of rights-of-way, easements, leases, permits, or other authorizations for use of Plaintiff-Beneficiary's land or natural resources.

8.

Documents evidencing the policies or procedures to be followed by Defendant-Trustee in issuing or approving any rights-of-way, easements, leases, permits or other authorizations for use of Plaintiff-Beneficiary's land or natural resources.

US2000 10870612.1

9.

Documents reflecting concerns regarding Defendant-Trustee's policies or procedures referenced in First Request No. 8 above or proposing changes thereto.

10.

The agreements identified in Defendant-Trustee's response to First Interrogatory No. 3.

11.

Policies, manuals, directives, guidelines or publications pertaining to Defendant-Trustee's management or administration of Plaintiff-Beneficiary's land and natural resources.

12.

Documents reflecting any communications between Defendant-Trustee and Plaintiff-Beneficiary regarding rights-of-way, easements, leases, permits, or other authorizations for use involving Plaintiff-Beneficiary's land or natural resources.

13.

Documents evidencing Defendant-Trustee's collection of proceeds or income from rights-of-way, easements, leases, permits or other authorizations for use involving Plaintiff-Beneficiary's land or natural resources.

14.

Documents evidencing the earning of interest or other returns on proceeds or income collected from the rights-of-way, easements, leases, permits or other authorizations for use involving Plaintiff-Beneficiary's land or natural resources.

US2000 10870612.1

15.

Documents evidencing Defendant-Trustee's distribution of proceeds, income, interest or other returns derived from rights-of-way, easements, leases, permits or other authorizations for use involving Plaintiff-Beneficiary's land or natural resources.

16.

Documents evidencing Defendant-Trustee's consideration of statutory, regulatory and other requirements governing the issuance or grant of rights-of-way, easements, leases, permits or other authorizations for use involving Plaintiff-Beneficiary's land or natural resources.

17.

The right-of-way agreement between the United States and Southern Pacific Railroad referenced in *American Indians Residing on Maricopa-Ak Chin Reservation v. United States*, 667 F.2d 980, 984 (Ct. Cl. 1981).

18.

Documents evidencing Southern Pacific Railroad's compliance with the filing requirements and other procedural requirements of 42 U.S.C. §§ 934-39, necessary to secure a lawful right of way on lands now constituting the Ak-Chin Indian Community Reservation (*see American Indians Residing on Maricopa-Ak Chin Reservation v. United States*, 667 F.2d 980, 984 (Ct. Cl. 1981)).

19.

The map filed in advance of construction by Southern Pacific Railroad on lands now known as the Ak-Chin Indian Community Reservation pursuant to the requirements of the Act of March 3, 1875, and documents confirming the completion of such activity within five years of the filing of such map as required by law.

5

20.

Documents evidencing complaints or concerns regarding Defendant-Trustee's maintenance or administration of Plaintiff-Beneficiary's land or natural resources, and the investigation and resolution of any such issues.

21.

Documents relating to Defendant-Trustee's failures to timely collect or deposit proceeds, or income from rights-of-way, easements, leases, permits or other authorizations for use involving Plaintiff-Beneficiary's land or natural resources.

22.

Documents evidencing any attempt to examine or audit any of the agreements identified in Defendant-Trustee's response to First Interrogatory No. 1.

23.

Documents evidencing any attempt to examine or audit any of the agreements identified in Defendant-Trustee's response to First Interrogatory No. 3.

24.

Documents relied upon as support for Defendant-Trustee's contention in Paragraph 11 of its Answer in this case that the uses of Plaintiff-Beneficiary's land authorized by Defendant-Trustee have "with the advice and consent of Plaintiff" and that all such authorizations have been "jointly been approved by Plaintiff and Defendant."

25.

Documents relied upon as support for Defendant-Trustee's contention in Paragraphs 14 and 25 of its Answer in this case that "Plaintiff shares control and management of [Plaintiff-Beneficiary's] trust assets."

6

26.

Documents relied upon as support for Defendant-Trustee's contention in Paragraph 26 of its Answer in this case that Defendant-Trustee "is not in exclusive control of the tribal lands comprising the Ak-Chin Reservation and that the Ak-Chin Community shares control and management of those lands . . . ."

27.

Documents relied upon as support for Defendant-Trustee's contention in Paragraph 26 of its Answer in this case that compensation for leases, easements, rights-of-way and other uses of Plaintiff-Beneficiary's land, "where paid to Defendant, on behalf of the Tribe, has been collected and deposited, for the benefit of Plaintiff, pursuant to the applicable statutes and regulations respecting tribal property held in trust."

28.

Documents relied upon as support for Defendant-Trustee's contention in Paragraphs 27 and 37 of its Answer in this case that "there have been periods between 1995 and the present when Defendant neither held monies in trust for Plaintiff nor received monies to be held in trust for Plaintiff . . . ."

29.

Documents relied upon as support for Defendant-Trustee's contention in Paragraphs 27 and 37 of its Answer in this case that "information regarding Plaintiff's trust assets . . . has historically been and is, available to it upon request."

US2000 10870612.1

30.

Documents relied upon as support for Defendant-Trustee's contention in Paragraph 36 of its Answer in this case that Defendant-Trustee "has managed, invested, and distributed such funds in accordance with applicable law."

This 30th day of May, 2008.

KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621
E-mail: cmunson@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
607 14th Street, N.W.
Washington, D.C. 20005
Tel: (202) 508-5800
Fax: (202) 505-5858

*Attorneys for Plaintiff*
The Ak-Chin Indian Community

US2000 10870612.1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

THE AK-CHIN INDIAN COMMUNITY,    )
                                 )
            Plaintiff,           )
                                 )
      v.                         )          Case No. 06-9321 (ECH)
                                 )          Judge Emily C. Hewitt
THE UNITED STATES,               )
                                 )
            Defendant.           )
                                 )

---

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiff's First Request for Production of Documents was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System:

>    Laura M.L. Maroldy, Esq.
>    United States Department of Justice
>    Environment and Natural Resources Division
>    Natural Resources Section
>    P.O. Box 663
>    Washington, D.C. 20044-0663

This 30th day of May, 2008.

KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621
E-mail: cmunson@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800
*Attorneys for Plaintiff*
The Ak-Chin Indian Community

9

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

THE AK-CHIN INDIAN COMMUNITY, )
                                        )
       Plaintiff,                    )
                                        )
       v.                            )        Case No. 06-932L
                                          )        Judge Emily C. Hewitt
THE UNITED STATES,                )
                                          )
       Defendant.                )
                                          )

## THE AK-CHIN INDIAN COMMUNITY'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims, Plaintiff, the Ak-Chin Indian Community ("Plaintiff-Beneficiary"), hereby requests that Defendant, the United States ("Defendant-Trustee"), produce the documents designated below.

Plaintiff-Beneficiary specifies 10:00 a.m. on July 2, 2008 at the offices of Kilpatrick Stockton LLP, 607 14th St. NW, Suite 900, Washington, DC 20005, as the time and location for this document production. Counsel for Plaintiff-Beneficiary invites Defendant-Trustee's counsel to contact them if this date or location is inconvenient or burdensome, so that mutually acceptable arrangements can be discussed.

As for the manner of production, Plaintiff-Beneficiary specifies that the documents shall be produced by Defendant-Trustee and shall then and there be copied by Plaintiff-Beneficiary's counsel and, further, that the documents produced shall be labeled with exhibit numbers which shall correspond to the numbers of each and every written response to this request so that such responses will accurately show the production of documents or the absence thereof.

Any responsive documents claimed by Defendant-Trustee to require protection pursuant to the July 19, 2007 order in this case shall be so designated and produced in accordance with Paragraph 2 of the Court's order. The alternative approach to production set forth in Paragraph 4 of the Protective Order shall not apply to this discovery.

NOTE: These requests are not intended to be duplicative of Plaintiff-Beneficiary's requests for information regarding its trust assets in Plaintiff-Beneficiary's equitable accounting action pending in the United States District Court, which was the subject of a February 25, 2008 Hearing in that action. Accordingly, any documents requested below which the government already has produced to Plaintiff-Beneficiary in *Ak-Chin Indian Community v. Kempthorne, et al.*, Civil Action No. 06-2245 (JR), should not be produced again in response to these requests.

## INVESTMENT RESPONSIBILITIES

The documents and tangible things designated for production are as follows:

1.

Documents evidencing creation of the judgment funds and accounts identified in response to First Interrogatory No. 6.

2.

Documents reflecting any federal money appropriated for the judgment funds and accounts identified in response to First Interrogatory No. 6.

3.

Monthly, quarterly, and annual account statements issued by Defendant-Trustee to Plaintiff-Beneficiary.

2

4.

Documents reflecting any attempt to reconcile the account balances for the trust funds and accounts identified in Defendant-Trustee's response to First Interrogatory No. 6.

5.

Documents evidencing the distributions or withdrawals from the trust funds and accounts identified in Defendant-Trustee's response to First Interrogatory No. 6, including the amounts and dates of any such distribution or withdrawals and the individual(s) authorizing them.

6.

The "Statements of Account" report prepared for Plaintiff-Beneficiary by Arthur Andersen, including Proposed, Scoped, Passed, Roll-Forward and Exception transaction listings.

7.

The Office of Inspector General's Audit Reports relating to Plaintiff-Beneficiary's trust funds and accounts.

8.

General Accounting Office Reports assessing the investment strategies employed by Defendant-Trustee in managing judgment funds and other trust accounts for Plaintiff-Beneficiary and other tribal beneficiaries.

9.

The General Services Administration's accounting report ("GSA Report"), filed April 16, 1971, the referenced in *American Indians Residing on Maricopa-Ak Chin Reservation v. United States*, 667 F.2d 980, 983-84 & n.5 (Ct. Cl. 1981).

3

10.

Defendant-Trustee's response to the exceptions filed by Plaintiff to the GSA Report, as referenced in *American Indians Residing on Maricopa-Ak Chin Reservation v. United States*, 667 F.2d 980, 984 (Ct. Cl. 1981).

11.

The record of proceedings in *American Indians Residing on Maricopa-Ak-Chin Reservation v. United States*, 667 F.2d 980 (Ct. Cl. 1981).

12.

Documents evidencing the investment vehicles selected by Defendant-Trustee in investing funds held in trust for the benefit of Plaintiff-Beneficiary.

13.

The investment holding reports and statements of investment holdings for Plaintiff-Beneficiary's trust funds and accounts.

14.

Documents reflecting consideration of the performance of the investments made of Plaintiff-Beneficiary's judgment funds and accounts.

15.

The Office of Historical Trust Accounting's "Common DataSet" for Plaintiff-Beneficiary's trust funds and accounts.

16.

Documents evidencing procedures, policies, and directives followed by Defendant-Trustee in managing and investing Plaintiff-Beneficiary's trust funds and accounts.

4

17.

The "purchase or maturity schedule(s), investment letters, and investment report(s)" identified in Defendant's Initial Disclosures in this case (at page 11).

18.

Documents evidencing the involvement of any third-party contractor in the investment or management of Plaintiff-Beneficiary's trust funds and accounts.

19.

Documents evidencing Defendant-Trustee's request for or consideration of any third-party advice with respect to the management of Plaintiff-Beneficiary's trust funds and accounts.

20.

Documents reflecting any proposed change in investment policy or procedure relating to Plaintiff-Beneficiary's funds and accounts.

21.

Documents reflecting any concern or criticism relating to Defendant-Trustee's investment or management of Plaintiff-Beneficiary's trust funds and accounts.

22.

Documents evidencing Defendant-Trustee's consideration of the statutory, regulatory or other requirements governing its investment or management of Plaintiff-Beneficiary's trust funds and accounts.

23.

Documents reflecting Defendant-Trustee's consideration of any input from Plaintiff-Beneficiary regarding its investment or management of trust funds or accounts, including, but not limited to any consideration of Plaintiff-Beneficiary's investment needs and objectives.

24.

Documents evidencing any consideration by Defendant-Trustee of the "total return" investment strategy for tribal judgment funds and accounts referenced in *Pechanga Band of Luisano Indians v. United States*, Case No. 1:06-cv-2206(JR) (D.D.C. Feb. 12, 2008) (Dkt. No. 25).

25.

Documents comparing the performance of Plaintiff-Beneficiary's trust funds and funds with the performance of trust funds and accounts managed by Defendant-Trustee for other tribes.

26.

The "Treasury Market Securities" forms and "Accounts Distribution Sheets" identified in Defendant's Initial Disclosures in this case (at page 11).

27.

The "Summary and Detail of Trust Fund Statements" identified in Defendant-Trustee's Answer in this case (at paragraph 27).

28.

The "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Ak-Chin Indian Community," referenced in Defendant-Trustee's Answer in this case (at paragraph 27) and in Defendant's Initial Disclosures (at page 10).

29.

The "Combined Statement of Receipts, Outlays, and Balances of the United States Government" from 2000 to the present, in the Department of Treasury's possession, identified in Defendant's Initial Disclosures in this case (at section B.1).

US2000 10870613.1

30.

Inventories of work papers prepared by Arthur Andersen LLP related to the Trust Reconciliation Project, identified in Defendant's Initial Disclosures in this case (at page 9).

31.

Inventories of work papers prepared by the Office of Historical Trust Accounting "based on its reviews, searches, and selected imaging of the collection of Andersen work papers," identified in Defendant's Initial Disclosures in this case (at page 9).

32.

The "Summary and Detail of Trust Funds Reports" related to Plaintiff-Beneficiary's trust funds and accounts, identified in Defendant's Initial Disclosures in this case (at page 6).

33.

The "Account Ledgers" for Plaintiff-Beneficiary's trust funds and accounts, identified in Defendant's Initial Disclosures in this case (at pages 7 and 11).

34.

"Trust Funds Investments" reports for Plaintiff-Beneficiary's trust funds and accounts, identified in Defendant's Initial Disclosures in this case (at page 11).

35.

"Securities Movement and Control Settlement" reports for Plaintiff-Beneficiary's trust funds and accounts, identified in Defendant's Initial Disclosures in this case (at page 12).

US2000 10870613.1

36.

"MoneyMax Reports" for Plaintiff-Beneficiary's trust funds and accounts, identified in Defendant's Initial Disclosures in this case (at pages 10 and 12).

37.

Accounting-related manuals, procedures, and policy documents referenced in Defendant's Initial Disclosures in this case (at page 10).

38.

Account statements, manuals, procedures and policies located at the Pima Agency, identified in Defendant's Initial Disclosures in this case (at page 10).

39.

"General Ledger Control Cards" and inventories of General Ledger Control Cards, identified in Defendant's Initial Disclosures in this case (at page 11).

40.

Source documents reflecting distributions made from Plaintiff-Beneficiary's trust funds and accounts, including but not limited to the following: Voucher and Schedule of Payments, Public Voucher for Purchases and Services Other than Personal, Tribal Resolutions, and other Treasury Department Reports, including but not limited to, Agency Confirmation Reports, Electronic Certification System Printout, Check Payment and Reconciliation System Report, and Payment Accounting Claims Enhancements Reconciliation Report – all referenced in Defendant's Initial Disclosures in this case (at page 13).

41.

Documents reflecting the transfer of funds from or into Plaintiff-Beneficiary's trust accounts, including but not limited to the following: Internal Transfers Between

US2000 10870613.1

Appropriations/Activities, Intra-Bureau Cash Transaction Authorizations, and Voucher and Schedule of Withdrawals and Credits – all as referenced in Defendant's Initial Disclosures in this case (at page 14).

42.

Documents evidencing any judgment awarded to Plaintiff-Beneficiary in prior proceedings brought against the United States.

43.

Documents evidencing any amounts paid to Plaintiff-Beneficiary as a result of any judgment awarded in prior proceedings brought against the United States.

44.

Documents reflecting the Congressional appropriations for any judgment awarded to Plaintiff-Beneficiary in prior proceedings brought against the United States.

45.

Correspondence between Defendant-Trustee and Plaintiff-Beneficiary regarding the investment or management of Plaintiff-Beneficiary's judgment funds and accounts.

46.

Correspondence between Defendant-Trustee and Plaintiff-Beneficiary related to any concerns or criticisms of investment policies and practices or fund performance.

47.

Documents reflecting Defendant-Trustee's consideration of any concerns or criticisms of investment policies and practices or fund performance related to Plaintiff-Beneficiary's judgment funds or other trust accounts.

9

48.

Documents reflecting Defendant-Trustee's evaluation of its investment policies and practices, or the performance of its investment of Plaintiff-Beneficiary's trust funds or accounts.

49.

Documents related to Defendant-Trustee's consideration of statutory, regulatory or other requirements governing its management of Plaintiff-Beneficiary's judgment funds and accounts.

50.

Documents reflecting the amounts derived from Defendant-Trustee's management of Plaintiff-Beneficiary's judgment funds and accounts, including but not limited to principal, interest and returns on investment.

51.

Documents evidencing the distribution of moneys from Plaintiff-Beneficiary's judgment funds and accounts to Plaintiff-Beneficiary.

52.

Reports, appraisals, reconciliations, or evaluations of the performance of Plaintiff-Beneficiary's judgment funds and accounts.

This 30th day of May, 2008.

KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621
E-mail: cmunson@kilpatrickstockton.com

10

Kilpatrick Stockton LLP
607 14th Street, N.W.
Washington, D.C. 20005
Tel: (202) 508-5800
Fax: (202) 505-5858

*Attorneys for Plaintiff*
The Ak-Chin Indian Community

US2000 10870613.1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE AK-CHIN INDIAN COMMUNITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-9321 (ECH) |
| | ) | Judge Emily C. Hewitt |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Plaintiff's Second Request for Production of Documents was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System:

> Laura M.L. Maroldy, Esq.
> United States Department of Justice
> Environment and Natural Resources Division
> Natural Resources Section
> P.O. Box 663
> Washington, D.C. 20044-0663

This 30th day of May, 2008.

KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621
E-mail: cmunson@kilpatrickstockton.com
Kilpatrick Stockton LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800
*Attorneys for Plaintiff*
The Ak-Chin Indian Community

12