IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE AK-CHIN INDIAN COMMUNITY, <br><br> Plaintiff, <br><br> v. <br><br> DIRK KEMPTHORNE, ROSS O. SWIMMER and HENRY M. PAULSON, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 06-CV-02245-JR <br> Judge James Robertson <br> **(Electronically filed on July 31, 2008)** |

### PLAINTIFF'S JULY STATUS REPORT

Plaintiff-Beneficiary, the Ak-Chin Indian Community, submits its Status Report pursuant to this Court's Order, issued orally during a March 25, 2008 teleconference, directing the parties to file monthly Status Reports updating the Court on the progress of the informal production of trust records by Defendants Dirk Kempthorne, Ross O. Swimmer and Henry M. Paulson to Ak-Chin, regarding its trust lands. The government's production of trust records to Ak-Chin was the subject of a February 25, 2008 Status Conference.

At the Status Conference, Ak-Chin explained why it so desperately needs trust records regarding its reservation, including information relevant to rights-of-way and easements. Ak-Chin also recounted the efforts it made in this lawsuit, beginning in April 2007, to obtain this information informally from the government. After having been unsuccessful in obtaining the trust records it sought and to ensure that Ak-Chin would obtain the information it so desperately needs, Ak-Chin requested the Court order that a schedule be established pursuant to which Ak-Chin would serve on the government and file with the Court a listing of trust records that the government would furnish. The government would have 30 days from service to provide the

trust records and if the government objected to production of such material or needed clarification, it would be required to file an appropriate motion for protective order by no later than 15 days after service of Ak-Chin's request.  If the government failed to object timely or seek enlargement of time, it would thereafter waive its right to object and provide the requested information.  (Plaintiff's Status Report, January 18, 2008 [Docket No. 27]).

After hearing argument from both parties at the Status Conference regarding Ak-Chin's requested schedule, the Court ordered that the parties continue to work together informally to facilitate the production of the requested documentation, but if by March 12, 2008, Ak-Chin had not obtained the documents it seeks from the government, then the schedule Ak-Chin requested would be imposed upon the parties.  Specifically, the Court ruled that "plaintiff may submit a list of urgently needed information to the trustee" and "if [the Court] doesn't get an objection from the trustee within 15 days, then the documents are going to have to be turned over within 30." (Transcript of February 25, 2008 Status Conference, 24-25.)

During the months following the Status Conference, Ak-Chin worked with the government on an informal basis to obtain its trust records.  For that reason, in March, the parties sought a two-week extension of the March 12, 2008 deadline, and to obviate the need for the parties to seek ongoing extensions of the original March 12, 2008 deadline, on March 25, 2008, during a teleconference with the Court, requested that the parties be permitted to file monthly Status Reports with the Court.  In agreeing to extend this informal process, it was understood that if Ak-Chin did not obtain the documents it seeks, then the schedule which the Court approved at the Status Conference would be imposed upon the parties.  The parties filed monthly Status Reports in April and every month since then.

      **A.**    **Ak-Chin still has not received the critical documents it seeks and the government has no intent to produce those records.**

Since Ak-Chin's counsel received a CD from government's counsel on May 30, 2008, Ak-Chin has not received any additional records from the government responsive to its informal requests. Moreover, except for one item, the May 30 CD only contained duplicates of documents that the government previously produced regarding rights-of-way which Ak-Chin identified on February 27, 2008 as its most pressing priorities. The government's prior production contained many duplicates as well. Thus, while the government touts that it has produced 1700 records, the fact remains that many of these documents were duplicative of records it produced previously regarding these rights-of-way and it still has not produced those documents which Ak-Chin specifically identified in an April 22, 2008 letter as continuing to be missing. *See* April 22, 2008 letter attached hereto as Exhibit A.

Because Ak-Chin so desperately needs these records, Ak-Chin recently sought from the government a commitment to produce the missing records by a date certain. Rather than committing to produce the missing records, on the morning of the deadline to file this Status Report, the government produced to Ak-Chin's counsel the results of a search for Ak-Chin's records of the Box Index Search System (BISS) at the American Indian Records Repository (AIRR) in Lenexa, Kansas. According to this report, there are in excess of 6400 boxes of records at AIRR which may contain records responsive to Ak-Chin's requests. The government revealed this morning that it has no intent to search through these boxes and produce responsive records to Ak-Chin. Instead, notwithstanding the fact that Ak-Chin previously rejected the idea that it should incur the burden and expense of searching for its records at AIRR, the government intends for Ak-Chin's attorneys travel to Lenexa, Kansas and sift through thousands of boxes of records (each of which contain an average of 2000 pages) which may (or may not) contain documents responsive to Ak-Chin's requests.

There is no support for the government's position that Ak-Chin should shoulder the burden of searching through 12,000,000 pages of largely irrelevant documents to obtain its trust records. As a fiduciary, the government is obligated to provide "information … reasonably necessary to enable [Ak Chin] to enforce [its] rights under the trust …." RESTATEMENT (SECOND) OF TRUSTS, § 173 ("Duty to furnish Information") (1959). *See also Clifford v. United States*, F.3d 144, 152 (D.C. Cir. 1998) (A trust beneficiary is entitled to receive "all information necessary to protect his rights under the trust."). And it is well-established that where a beneficiary requests information about its trust *corpus*, the trustee, in this case, the government, is under a strict duty to provide the requested information and, even without a request, to ensure the beneficiary has whatever "material facts affecting the interest of the beneficiary which [the government] knows the beneficiary does not know and which the beneficiary needs to know for his protection in dealing with a third person with respect to his interest." RESTATEMENT (SECOND) OF TRUSTS, comment d, ¶ 173.

Because time is of the essence and the government has abdicated is fiduciary obligations by attempting to shift the burden and expense of searching for Ak-Chin's trust records, Ak-Chin has no choice but to revert to the procedure approved by this Court at the February 25, 2008 Hearing. Accordingly, Ak-Chin will file with the Court and serve on the government a listing of trust records that the government must furnish.

    **B.**    **The Government's June Status Report makes unfounded complaints.**

In its June Status Report and at the July 24, 2008 Hearing in this case, the government pointed to the fact that Ak-Chin served discovery requests in connection with Ak-Chin's Court of Federal Claims action against the United States. These requests seek information regarding

Ak-Chin's claims pending in the CFC against the United States for damages resulting from the United States' breach of certain money-mandating duties.

The government complains that Ak-Chin's formal discovery requests served in the CFC action "overlap" with the documents Ak-Chin seeks informally in this action. The government makes this contention notwithstanding the fact that Ak-Chin's formal discovery requests explicitly exclude the documents that Ak-Chin seeks informally in the District Court by stating at the beginning of each request: "[a]ny documents requested below which the government already has produced to Plaintiff-Beneficiary in *Ak-Chin Indian Community v. Kempthorne, et al.*, Civil Action No. 06-2245(JR), should not be produced again in response to these requests." There is no duplication. The government is simply searching for another reason to excuse its failure to produce records to its beneficiary.

The government also complains that it now will be required to "devote significant time and resources to discovery" in the CFC and will potentially need to seek the Court's assistance in "balancing the potentially conflicting demands." (Def. June Status Report, at p. 3). This objection is equally unfounded and inappropriate. Ak-Chin has been seeking records informally from the government in this action since June 2007 and the government had more than ample time and opportunities to produce these records. It is only because the government dragged its feet in responding to Ak-Chin's informal requests that it finds itself having to produce records in response to requests in both courts. The government has nobody to blame but itself for its purported predicament.

Moreover, it is improper for the government to request that this Court take any action regarding the discovery Ak-Chin seeks in the CFC. Ak-Chin already has suffered greatly as a result of the government's failure in this action to produce records which Ak-Chin so desperately

needs. There is no reason that Ak-Chin also should be penalized in the CFC case when it is without dispute that Ak-Chin is entitled to discovery in that action to support its claims.

In short, the government's repeated excuses and complaints are unfounded. They should not deter this Court from permitting Ak-Chin to engage in the formal process ordered by this Court on February 25, 2008, so that Ak-Chin can finally obtain its trust records.

This 31st day of July, 2008.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621
Admitted *pro hac vice*
KILPATRICK STOCKTON LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800
*Attorneys for Plaintiff*
The Ak-Chin Indian Community



**KILPATRICK STOCKTON** LLP

Attorneys at Law

Suite 900  607 14th St., NW
Washington DC 20005-2018
t 202 508 5800  f 202 508 5858
www.KilpatrickStockton.com

April 22, 2008

direct dial 202 824 1435
direct fax 202 585 0017
CMunson@KilpatrickStockton.com

**VIA E-MAIL and U.S. MAIL**

Laura M.L. Maroldy, Esq.
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663

    Re:   *Ak-Chin Indian Community v. Kempthorne, et al.*, Civil Action No. 06-2245 (JR)

Dear Laura:

    We have completed our review of the materials you produced on August 14th, March 6th and March 14th regarding the Maricopa-Casa Grande Highway, Peters & Nall Road, Maricopa Highway 347, Farrell Road, El Paso Gas Line, White & Parker Road, Ralston Road and Murphy Road. Attached as Exhibit A is a listing of the documents which were not included in the government's productions regarding those right-of-ways and which the Ak-Chin Community does not possess.

    To fully evaluate the Community's legal rights, we need confirmation that what the government has produced is the entirety of the extant record regarding these encumbrances. Therefore, please confirm in writing that the government does not have in its possession the documents listed in Exhibit A.

    In light of the upcoming April 30 deadline to file a Status Report, please provide this confirmation by April 28th. Please do not hesitate to contact me with any questions.

April 22, 2008
Page 2

Best regards.

                    Very truly yours,

                    Catherine F. Munson

cc:    Edward Roybal, Esq.
       G. William Austin, Esq.
       Keith M. Harper, Esq.

US2000 10644138.1

**Exhibit A**

### SR 238 (Mobile Road/Maricopa-Casa Grande West) – 1980

1. Permission to Survey - 25 CFR § 169.4
    a. Application
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
    a. Application for Right of Way
    b. Environmental assessment report
    c. Environmental assessment
    d. Archaeological clearance
    e. Area Map/map of defined location
3. Action of Application - 25 CFR §169.15 (listed requirements)
    a. Grant of Easement (e.g., conveyance instrument indicating that the right of way was approved by the Secretary)
    b. Application for Right of Way (copy indicating filing date and Secretarial approval)
4. Engineer's Affidavit – 25 CFR § 169.11
5. Record of Assignment from BIA
6. Affidavit of Completion- 25 CFR § 169.16

### SR 238 (Mobile Road/Maricopa-Casa Grande West) – 1990-91

1. Application for Right of Way - 25 CFR §§ 169.5-169.11
    a. Application is missing record-dated document from Pima Agency accepting Right of Way application from the AZ Dept. of Transportation
    b. Area Map/map of defined location
2. Record of Assignment from BIA
3. Engineer's Affidavit - 25 CFR § 169.11
4. Affidavit of Completion - 25 CFR § 169.16

### Peters and Nall Road (Rt. 16) – SR 347 to Porter Road

1. Permission to Survey - 25 CFR § 169.4
    a. Application
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
    a. Environmental Assessment Report
    b. Environmental Assessment
    c. Market Value Report
    d. Appraisal Report
    e. Archaeological Clearance
    f. Area Map
3. Action of Application - 25 CFR §169.15 (listed requirements)
    a. Application for Right of Way (copy indicating filing date and Secretarial approval)
4. Affidavit of Completion - 25 CFR § 169.16

**Peters and Nall Road (Rt. 16) – Porter Road to White & Parker Road**

1. Permission to Survey - 25 CFR § 169.4
    a. Application
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
    a. Tribal Consent
    b. Environmental Assessment Report
    c. Environmental Assessment
    d. Market Value Report
    e. Appraisal Report
    f. Archaeological Clearance
    g. Area Map
3. Action of Application - 25 CFR §169.15 (listed requirements)
    a. Application for Right of Way (copy indicating filing date and Secretarial approval)
4. Affidavit of Completion - 25 CFR § 169.16

**Peters and Nall Road (Rt. 16) – White & Parker Road to Hartman Road**

1. Permission to Survey - 25 CFR § 169.4
    a. Application
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
    a. Environmental Assessment Report
    b. Environmental Assessment
    c. Appraisal Report
3. Record of Assignment of Right of Way from BIA
4. Affidavit of Completion - 25 CFR § 169.16

**Maricopa Road (SR 347) – 1992**

1. Permission to Survey - 25 CFR § 169.4
    a. Application
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
    a. Environmental Assessment Report
    b. Archaeological Report
    c. Area Map
3. Record of Assignment of Road from BIA
4. Engineer's Affidavit - 25 CFR § 169.11
5. Affidavit of Completion - 25 CFR § 169.16

**Maricopa Road (SR 347) – 1942**

1. Permission to Survey - 25 CFR § 169.4
    a. Application
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
    a. Tribal Consent by resolution

   b. Environmental Assessment Report
   c. Archaeological Report
   d. Appraisal
3. Action of Application - 25 CFR §169.15 (listed requirements)
   a. Application for Right of Way
4. Record of Assignment of Road from BIA
5. Engineer's Affidavit - 25 CFR § 169.11
6. Affidavit of Completion - 25 CFR § 169.16

**Farrell Road (Rt. 14) – 1982**

1. Permission to Survey - 25 CFR § 169.4
   a. Application
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
   a. Archaeological Report
   b. Appraisal
   c. Area Map
3. Record of Assignment of Road from BIA

**Farrell Road (Rt. 14) – 1973**

1. Permission to Survey - 25 CFR § 169.4
   a. Application
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
   a. Application for Right of Way
   b. Grant of Easement
   c. Environmental Assessment Report
   d. Archaeological Report
   e. Appraisal
   f. Area Map
3. Action of Application - 25 CFR §169.15 (listed requirements)
   a. Grant of Easement (e.g., conveyance instrument indicating that the right of way was approved by the Secretary)
   b. Application for Right of Way (copy indicating filing date and Secretarial approval)
4. Affidavit of Completion - 25 CFR § 169.16

**El Paso Natural Gas Co. – 1969**

1. Permission to Survey - 25 CFR § 169.4
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
   a. Environmental Assessment Report
   b. Environmental Assessment
   c. Area Map

3. Action of Application - 25 CFR §169.15 (listed requirements)
    a. Application for Right of Way (copy indicating filing date and Secretarial approval)
4. Engineer's Affidavit - 25 CFR § 169.11
5. Affidavit of Completion - 25 CFR § 169.16

**El Paso Natural Gas Co. – 1986**

1. Permission to Survey - 25 CFR § 169.4
    a. Application
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
    a. Application for Right of Way
    b. Environmental Assessment Report
    c. Environmental Assessment
    d. Appraisal Report
    e. Area Map
3. Action of Application - 25 CFR §169.15 (listed requirements)
    a. Grant of Easement (e.g., conveyance instrument indicating that the right of way was approved by the Secretary)
    b. Application for Right of Way (copy indicating filing date and Secretarial approval)
4. Engineer's Affidavit - 25 CFR § 169.11
5. Affidavit of Completion - 25 CFR § 169.16

**White & Parker Road (Rt. 33) – 1975**

1. Permission to Survey - 25 CFR § 169.4
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
    a. Environmental Assessment Report
    b. Environmental Assessment
3. Action of Application - 25 CFR §169.15 (listed requirements)
    a. Application for Right of Way (copy indicating filing date and Secretarial approval)
4. Affidavit of Completion - 25 CFR § 169.16

**Ralston Road**

1. Permission to Survey - 25 CFR § 169.4
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
    a. Appraisal
    b. Area Map
3. Action of Application - 25 CFR §169.15 (listed requirements)
    a. Application for Right of Way (copy indicating filing date and Secretarial approval)
4. Record of Assignment of Road from BIA
5. Engineer's Affidavit - 25 CFR § 169.11

6. Affidavit of Completion - 25 CFR § 169.16

**Murphy Road**

1. Permission to Survey - 25 CFR § 169.4
    a. Application
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
    a. Application for Right of Way
    b. Grant of Easement
    c. Environmental Assessment Report
    d. Environmental Assessment
    e. Area Map
3. Action of Application - 25 CFR § 169.15 (listed requirements)
    a. Grant of Easement (e.g., conveyance instrument indicating that the right of way was approved by the Secretary)
    b. Application for Right of Way (copy indicating filing date and Secretarial approval)
4. Engineer's Affidavit - 25 CFR § 169.11
5. Affidavit of Completion - 25 CFR § 169.16