IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AK-CHIN INDIAN COMMUNITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 06-cv-02245-JR |
| DIRK KEMPTHORNE, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**DEFENDANTS' STATUS REPORT REGARDING
THEIR RESPONSES TO
PLAINTIFF'S REQUEST FOR CERTAIN DOCUMENTS**

Pursuant to this Court's Order issued orally during a March 25, 2008 teleconference, Defendants submit the following report about the status of their responses to Plaintiff's informal requests for production of documents and data.

As undersigned counsel for Defendants informed the Court at the hearing on July 24, 2008, the United States Department of the Interior (Interior), one of the defendants herein, has been and continues to be searching for and providing to Plaintiff documents and data in response to Plaintiff's informal production requests in this case, which relate to 15 specific rights-of-way (ROWs). Additionally, Interior has been and continues to be responding to Plaintiff's formal discovery requests in the context of Plaintiff's companion case in the United States Court of Federal Claims (CFC), *Ak-Chin Indian Community v. United States*, No. 06-932L (Fed. Cl.). Plaintiff's formal discovery requests encompass the 15 ROWs about which Plaintiff seeks documents and data informally in this case. Given the overlapping natures of Plaintiff's formal and informal requests and of the time frames in which Interior is responding to the requests, Interior has undertaken

essentially one process for compiling, preparing, reviewing, and providing its responses.[1]  Within

this process, Interior has prioritized its responses to Plaintiff's formal and informal requests for

documents and data relating to the 15 ROWs, based on the statements by Plaintiff's counsel about

the urgency of Plaintiff's need for those documents and data.

    To date, Defendants have produced approximately 3,540 images (1,787 documents) that are

responsive to Plaintiff's request for documents pertaining to the 15 ROWs that Plaintiff has

identified as a priority.  *See generally* Defendants' April 30, 2008 Status Report, Docket ("Dkt.")

No. 40; Defendants' May 30, 2008 Status Report, Dkt. No. 49; Defendants' June 30, 2008 Status

Report, Dkt. 56 (describing document productions on March 6, 2008, March 14, 2008, and May 30,

2008).  In compiling and providing these documents, Interior Department staffers have searched the

following offices that they have identified as being the locations most likely to contain documents

relating to the ROWs: the Bureau of Indian Affairs ("BIA") Pima Agency Office, Sacaton, AZ; the

BIA Western Regional Office (WRO), Phoenix, AZ; the BIA Land Title Records Office (LTRO),

Albuquerque, NM; and the American Indian Records Repository (AIRR), Lenexa, KS.  Specifically,

the Interior staffers have conducted and completed searches at the Pima Agency and the LTRO, and

they have identified and copied the responsive documents, which Defendants' counsel and the

Solicitor's Office for the Interior Department have reviewed and produced to Plaintiff.  *Id.*  Further,

after completing a diligent search and reasonable inquiry, the Interior staffers have not found any

other documents at the Pima Agency and the WRO relating to the 15 ROWs.  As to the LTRO,

Interior Department staffers have conducted and completed a search of the LTRO's data systems

---

[1] The United States is currently preparing to serve discovery responses on Friday, August 1, 2008.
Defendant anticipates producing responsive documents, including NARA finding aids, to Plaintiff.

and compiled an inventory of responsive documents on microfiche, which Defendants' counsel will provide to Plaintiff. The LTRO will make the microfiche documents available to Plaintiff for inspection pursuant to Rule 34 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.).

Also, the Interior Department has conducted a search of the Box Index and Search System (BISS) for boxes located at the AIRR that may contain documents responsive to Plaintiff's formal and informal production requests relating to the 15 ROWs. As this Court is aware, the BISS is the electronic system for indexing, managing, storing, and retrieving boxes of the Interior Department's inactive Indian trust records at the AIRR.

Interior has provided Plaintiff with several BISS search results. On January 31, 2008, the agency provided Plaintiff with a searchable database, in MS Access format, containing the results of its BISS queries, as well as the search query terms, all of which pertain to the 15 ROWs. Providing Plaintiff with information in this database format enables Plaintiff to search and organize the data contained in the database. Further, Defendants' counsel informed Plaintiff's counsel of the willingness of Interior personnel and contractors to meet with Plaintiff's counsel and/or consultants, discuss the BISS search results, and, if necessary, modify the BISS search terms or refine the BISS search results. Additionally, as Defendants' counsel notified Plaintiff's counsel, after Plaintiff has inspected the BISS search results and identified the boxes at the AIRR that it would like to inspect, the Interior Department will make the identified boxes at the AIRR available to Plaintiff for inspection pursuant to Fed. R. Civ. P. 34, and the agency will work with Plaintiff to schedule a review by Plaintiff of the identified boxes at the AIRR, after Interior has conducted the appropriate pre-inspection privilege reviews.

Since their last status report, Defendants' counsel have continued to work with Plaintiff's

counsel to locate the ROW-related documentation and data requested by Plaintiff as a priority.  For

example, on June 30, 2008, Defendants' counsel notified Plaintiff's counsel that a preliminary

search for documents at the Pima Agency Office and the WRO related to a particular right-of-way,

Murphy Road, had yielded no results.  On July 29, 2008, Defendants' counsel received from

Plaintiff's counsel additional information about that ROW, which Defendants' counsel transmitted

to the Solicitor's Office attorney assigned to this case, who then disseminated it to the Pima Agency

Office, the WRO, and the LTRO.  Interior Department staffers used the information to search their

files at the Pima Agency Office and the LTRO, but they could find no documents or data that they

have not already produced to Plaintiff.  The Interior staffers at the WRO located a map, which

Interior is currently preparing for production to Plaintiff.

       Respectfully submitted this 31st day of July, 2008,

> RONALD J. TENPAS
> Assistant Attorney General
>
> /s/ *Kevin E. Regan*
> KEVIN E. REGAN
> United States Department of Justice
> Environment and Natural Resources Division
> Natural Resources Section
> P.O. Box 663
> Washington, D.C.  20044-0663
> Tel: (202) 305-3022
> Fax: (202) 353-2021
>
> Attorney for Defendants
>
> OF COUNSEL:
>
> ELISABETH BRANDON
> Office of the Solicitor
> United States Department of the Interior
> Washington, D.C. 20240