IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE AK-CHIN INDIAN COMMUNITY,<br><br>   Plaintiff,<br><br>v.<br><br>DIRK KEMPTHORNE, ROSS O. SWIMMER and HENRY M. PAULSON,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 06-CV-02245-JR<br>) Judge James Robertson<br>)<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF FILING REQUEST FOR PRODUCTION PURSUANT TO THIS COURT'S FEBRUARY 25, 2008 ORDER

Notice is hereby given that Plaintiff, the Ak-Chin Indian Community is filing and thereby serving a request for production pursuant to this Court's instructions on February 25, 2008. This request for production is necessary because Defendants, Dirk Kempthorne, Ross O. Swimmer and Henry M. Paulson have failed to provide requested trust documents through an informal process that the parties have engaged in for over one year. The government's production of trust records to Ak-Chin was the subject of a February 25, 2008 Status Conference.

At the Status Conference, Ak-Chin explained why it so desperately needs trust records regarding its reservation, including information relevant to rights-of-way and easements. Ak-Chin also recounted the efforts it made in this lawsuit, beginning in April 2007, to obtain this information informally from the government. After having been unsuccessful in obtaining the trust records it sought and to ensure that Ak-Chin would obtain the information it so desperately needs, Ak-Chin requested the Court order that a schedule be established pursuant to which Ak-Chin would serve on the government and file with the Court a listing of trust records that the government would furnish. The government would have 30 days from service to provide the

trust records and if the government objected to production of such material or needed clarification, it would be required to file an appropriate motion for protective order by no later than 15 days after service of Ak-Chin's request.  If the government failed to object timely or seek enlargement of time, it would thereafter waive its right to object and provide the requested information.  (Plaintiff's Status Report, January 18, 2008 [Docket No. 27]).

After hearing argument from both parties at the Status Conference regarding Ak-Chin's requested schedule, the Court ordered that the parties continue to work together informally to facilitate the production of the requested documentation, but if by March 12, 2008, Ak-Chin had not obtained the documents it seeks from the government, then the schedule Ak-Chin requested would be imposed upon the parties.  Specifically, the Court ruled that "plaintiff may submit a list of urgently needed information to the trustee" and "if [the Court] doesn't get an objection from the trustee within 15 days, then the documents are going to have to be turned over within 30."  (Transcript of February 25, 2008 Status Conference, 24-25.)

During the months following the Status Conference, Ak-Chin worked with government counsel, who was now more responsive to Ak-Chin's requests, on an informal basis to obtain its trust records.   For that reason, in March, the parties sought a two-week extension of the March 12, 2008 deadline, and to obviate the need for the parties to seek ongoing extensions of the original March 12, 2008 deadline, on March 25, 2008, during a teleconference with the Court, requested that the parties be permitted to file monthly Status Reports with the Court.  In agreeing to extend this informal process, it was understood that if Ak-Chin did not obtain the documents it seeks, then the schedule which the Court approved at the Status Conference would be imposed upon the parties.  The parties filed monthly Status Reports in April and every month since then.

Ak-Chin worked diligently to obtain the documents it needs on an informal basis. Nonetheless, Ak-Chin continues to be missing critical trust records, especially regarding rights-of-way which it has identified as top priorities. The government failed to produce such records even after Ak-Chin specifically identified which documents continue to be missing in an April 22, 2008 letter to the government's counsel. *See* Exhibit A to Plaintiff's July Status Report.

Because Ak-Chin so desperately needs these records, Ak-Chin recently sought from the government a commitment to produce the missing records by a date certain. Rather than committing to produce the missing records, however, the government produced to Ak-Chin's counsel the results of a search for Ak-Chin's records of the Box Index Search System (BISS) at the American Indian Records Repository (AIRR) in Lenexa, Kansas. According to this report, there are in excess of 6400 boxes of records at AIRR which may contain records responsive to Ak-Chin's requests. The government further revealed that it has no intention of producing the records, *i.e.*, search through their record system and produce responsive trust records to Ak-Chin. Instead, the government intends for Ak-Chin's attorneys to travel to Lenexa, Kansas and sift through at least 6400 boxes of various records. By the government's own estimate, each box contains an average of 2000 pages for a total of 12,800,000 pages of material that this trustee wants its beneficiary to review to find the trust records it needs, despite Ak-Chin's repeated rejection of this approach. Further, these boxes may or may not contain the documents Ak-Chin needs.

There is no support for the government's position that Ak-Chin should shoulder the burden of searching through 12,800,000 pages of largely irrelevant documents to obtain its trust records. As a fiduciary, the government is obligated to provide "information … reasonably necessary to enable [Ak Chin] to enforce [its] rights under the trust …." RESTATEMENT

(SECOND) OF TRUSTS, § 173 ("Duty to furnish Information") (1959). *See also Clifford v. United States*, F.3d 144, 152 (D.C. Cir. 1998) (A trust beneficiary is entitled to receive "all information necessary to protect his rights under the trust."). And it is well-established that where a beneficiary requests information about its trust *corpus*, the trustee, in this case, the government, is under a strict duty to provide the requested information and, even without a request, to ensure the beneficiary has whatever "material facts affecting the interest of the beneficiary which [the government] knows the beneficiary does not know and which the beneficiary needs to know for his protection in dealing with a third person with respect to his interest." RESTATEMENT (SECOND) OF TRUSTS, comment d, ¶ 173.

Because time is of the essence and the government has abdicated is fiduciary obligations by attempting to shift the burden and expense of searching for Ak-Chin's trust records, Ak-Chin has no choice but to revert to the procedure approved by this Court at the February 25, 2008 Hearing. Accordingly, Ak-Chin will file with the Court and serve on the government a listing of trust records that the government must furnish.

This 5th day of August, 2008.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621
Admitted *pro hac vice*
KILPATRICK STOCKTON LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800
*Attorneys for Plaintiff*
The Ak-Chin Indian Community