IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AK-CHIN INDIAN COMMUNITY,          )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )
                                   )    No. 06-cv-02245-JR
DIRK KEMPTHORNE, *et al.*,          )
                                   )
                                   )
        Defendants                 )
_____)

**DEFENDANTS' OBJECTION TO PLAINTIFF'S REQUEST FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 26(c)(1) and Local Civil Rule 7, Defendants

submit the following objection to Plaintiff's Request for Production of Trust Records.

On August 5, 2008, Plaintiff electronically filed its Notice of Request for Production

Pursuant to this Court's February 25, 2008 Order and Request for Production of Trust Records

Pursuant to Court's February 25, 2008 Order.  Docket (Dkt.) Nos. 66 and 67.  On August 6, 2008

Plaintiff served its First Amended Request for Production of Trust Records Pursuant to Court's

February 25, 2008 Order (Amended Request for Production) by email and by letter.[1]

Under Federal Rule of Civil Procedure 34(b), Defendants are entitled to 30 days from the

date of service of Plaintiff's Amended Request for Production to respond appropriately. Fed. R.

Civ. P. 34(b)(2) (stating that "[t]he party to whom the request is directed must respond in writing

---

[1] According to Plaintiff's counsel, Catherine Munson, the Amended Request for Production is identical to the Request for Production that was filed on August 5, 2008, except for the fact that the Amended Request for Production includes Exhibit 1, which was inadvertently omitted from the Request for Production.

within 30 days after being served."); *see also Ayers v. Continental Cas. Co.*, 240 F.RD. 216, 221

(N.D. W. Va. 2007) (noting that "motions for a protective order must be made before or on the

date the discovery is due") (citing *United States v. IBM Corp.*, 70 F.R.D. 700, 701 (S.D.N.Y.

1976)).  Accordingly, Defendants should be allowed 30 days, or up to and including September

4, 2008, to submit their response.  *See* Fed. R. Civ. P. 5(b)(2)(E) and 6(d).

In this instance, however, Defendants are submitting their objection within 15 days out of

an abundance of caution.  In Plaintiff's view, Defendants have 30 days from service of the

Request for Production to provide particular trust records.  Amended Request for Production at

2.  Plaintiff also states that Defendants are required to file an appropriate motion for protective

order by no later than 15 days after service of its request, and that failure to object timely will

result in the waiver of Defendants' rights.  *Id.*

Defendants intend to file an appropriate motion for a protective order pursuant to Federal

Rule of Civil Procedure 26(b) by no later than September 4, 2008.[2] There are two bases for this

motion for a protective order.

First, Plaintiff has brought this case under the Administrative Procedure Act ("APA"), 5

U.S.C. §§ 701-06. *See* Complaint ¶ 10, Count I.  As such, review under the APA is limited to

Defendants' administrative record.  5 U.S.C. § 706.  Indeed, it is well-settled precedent that in an

APA case "the focal point for judicial review should be the administrative record already in

existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S.

---

[2] Undersigned counsel conferred with Plaintiff's counsel Catherine Munson by telephone on
August 25, 2008 and informed her that Defendants anticipated filing an objection to Plaintiff's
Amended Request for Production.  Defendants will confer with Plaintiff before filing a motion
for a protective order in an effort to resolve the dispute without court action, as required by
Federal Rule of Civil Procedure 26(c)(1).

138, 142 (1973); *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985).  Extra

record evidence, such as the type requested in Plaintiffs' Amended Request for Production is

generally prohibited.  *Edison Elec. Inst. v. Occupational Safety & Health Admin.*, 849 F.2d 611,

618-19 (D.C. Cir. 1988) ("neither party is entitled to supplement the record with litigation

affidavits or other evidentiary material that was not before the agency.").  Defendants have not

yet filed an administrative record in this case.  Therefore, at a minimum, Plaintiff should be

required to await the filing of Defendants' administrative record before Plaintiff can determine

the propriety of extra-record discovery.

    Second, in this case Defendant has filed a motion challenging the jurisdictional basis of

the case.  *See generally* Defendants' Motion to Dismiss Dkt. Nos. 51 and 52. Defendants have

claimed that there is no jurisdictional basis for Plaintiff's claims.  This Court should resolve

Defendants' challenge to the jurisdictional basis of Plaintiff's complaint before any attempts to

take discovery are allowed to go forward.  *See White v. Fraternal Order of Police*, 909 F.2d 512,

517 (D.C. Cir. 1990) (holding that a decision whether to stay discovery is committed to the

sound discretion of the district court, and its decision to stay discovery is reversed only for abuse

of discretion).

    Defendant will explain the foregoing, and any other basis, in greater detail in a motion

that will be filed no later than September 4, 2008.

    In the interim, notwithstanding the foregoing, Defendants have been and continue to be

working diligently to identify, locate, copy, and provide to Plaintiff documents and data that are

responsive to Plaintiffs formal and informal discovery requests.  As discussed in Defendants'

August 5, 2008 Supplemental Status Report, the Government intends to produce responsive

documents to Plaintiff pursuant to formal discovery requests in the Court of Federal Claims on

August 29, 2008, including right-of-way documents related to Plaintiff's Amended Request for

Production.  Dkt. 65 at 2.  Counsel for Plaintiff and Defendants are continuing to discuss means

to address Plaintiff's needs for right-of-way documents.[3/]

        Respectfully submitted this 25th day of August, 2008,

RONALD J. TENPAS
Assistant Attorney General

/s/ *Kevin E. Regan*
KEVIN E. REGAN
United States Department of Justice
Environment and Natural Resources
Division
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044-0663
Tel: (202) 305-3022
Fax: (202) 353-2021

Attorney for Defendants

OF COUNSEL:

ELISABETH BRANDON
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

---

[3/]The Court noted: "The way we normally do things in this courtroom is that counsel go out into the hallway or go back to their offices and meet and confer and figure out how they can cooperate with each other without making everything turned into motions practice.  That's what ought to happen in this particular case."  February 25, 2008 Transcript, 23: 16-21.  The Court also observed: "[T]he plaintiff may submit a list of urgently needed information to the trustee by March 1st. And if I don't get an objection from the trustee within 15 days, then the documents are going to have to be turned over within 30. But that's the hard way, counsel. That really is the hard way." *Id*. at 24:22-25:1.

TERESA E. DAWSON
THOMAS KEARNS
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C.  20227