IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE AK-CHIN INDIAN COMMUNITY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DIRK KEMPTHORNE, ROSS O. ) <br> SWIMMER and HENRY M. PAULSON, ) <br> ) <br> Defendants. ) | Case No. 06-CV-02245-JR <br> Judge James Robertson <br> **(Electronically filed on September 5, 2008)** |

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF TRUST RECORDS

Pursuant to Fed. R. Civ. P. 37(a) and Local Civil Court Rule ("LCvR") 7, Plaintiff, the Ak-Chin Indian Community ("Ak-Chin"), respectfully moves for entry of the accompanying proposed Order to compel Defendants to produce documents identified by Ak-Chin in its First Amended Request for Production of Trust Records Pursuant to Court's February 25, 2008 Order.

For the reasons set forth in the accompanying Memorandum, under Fed. R. Civ. P. 37(a) the Court has authority to compel Defendants to produce Ak-Chin's trust records, to overrule Defendants' Objection to Plaintiff's Request for Production [Dkt. # 68], and to award attorney's fees and costs to Plaintiff caused by Defendants' failure to produce Ak-Chin trust records under Fed. R. Civ. P. 37(a). In addition, apart from its authority to compel compliance under the Rules, the Court also has inherent equitable authority as a matter of trust law to order Defendants to deliver information to Ak-Chin in compliance with their fiduciary obligation to furnish critical information about the trust.

In accordance with LCvR 7(m), Ak-Chin's counsel has contacted Defendants' counsel by e-mail and telephone to discuss this motion and determine whether there is any opposition to the

relief sought.  Ak-Chin's counsel is advised that this motion is opposed.  Ak-Chin's counsel also certify that he conferred in good faith with Defendant's counsel in compliance with Rule 37(a).

WHEREFORE, the Ak-Chin respectfully requests that the Court grant its motion and enter the accompanying proposed Order.

Respectfully submitted, this 5th day of September, 2008.

/s/ Keith M. Harper
KEITH M. HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621, Admitted *Pro Hac Vice*
Email: cmunson@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
607 14th Street, N.W., Suite 900
Washington, DC 20005
Tel:  (202) 508-5844
Fax: (202) 585-0007

*Attorneys for Plaintiff*
The Ak-Chin Indian Community

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE AK-CHIN INDIAN COMMUNITY,<br><br>  Plaintiff,<br><br>v.<br><br>DIRK KEMPTHORNE, ROSS O. SWIMMER and HENRY M. PAULSON,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)  Case No. 06-CV-02245-JR<br>)  Judge James Robertson<br>)  (Electronically filed on September 5, 2008)<br>)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER**

Before the Court is the Plaintiff's Motion to Compel Production of Trust Records, filed on September 4, 2008. The Court finds that good cause exists for approval and entry of the Order pursuant to Federal Rule of Civil Procedure 37, this Court's inherent authority to regulate its proceedings, and its equitable power to enforce the duties of a trust. Therefore, it is hereby **ORDERED**:

1. Defendants' Objection to Plaintiff's Request for Production [Dkt. # 68], and all objections contained therein, is overruled;

2. Any future, additional objections to Ak-Chin's First Amended Request for Production of Trust Records Pursuant to Court's February 25, 2008 Order by Defendants are waived;

3. Defendants must produce all documents responsive to Ak-Chin's First Amended Request at the offices of Kilpatrick Stockton LLP, 607 14th St. NW, Suite 900, Washington, D.C. 20005 within 15 days of entry of this Order; and

1

4.  Under Fed. R. Civ. P. 37(a)(5)(A), Defendants must reimburse Ak-Chin the attorneys fees and costs in preparing and obtaining this order .

It is so ORDERED.

_____
The Honorable James Robertson

September ____, 2008

# Exhibit A

## Romero, Jennifer

| | |
|---|---|
| **From:** | Austin, Bill |
| **Sent:** | Friday, August 29, 2008 2:45 PM |
| **To:** | Munson, Catherine; 'Regan, Kevin (ENRD)' |
| **Cc:** | Harper, Keith; Romero, Jennifer |
| **Subject:** | RE: Defendants' Objections to Ak-Chin's Request for Trust Records Pursuant to this Court's February 25, 2008 Order |

Kevin:

Thanks for the call-back a few minutes ago.

Confirming this afternoon's conversation, I understand the government is unwilling to withdraw its August 25 objections to Ak-Chin's Request for Production of Trust Records or to confirm in writing that all of the responsive documents in the government's possession will be produced at Kilpatrick Stockton's offices by September 8, 2008 as specified in the Community's Request.

I further understand that defendants plan to move for the entry of a protective order on September 4 with respect to the Request for Production of Trust Records, relying on the same objections that were asserted this past Monday.

Per the Local Rule, the Court should be advised in this motion that Ak-Chin opposes the government's request for relief under Rule 26(c) as untimely and otherwise legally deficient.

So too, I understand that we are authorized to recite in our forthcoming motion to compel that defendants oppose the relief we will be seeking in light of what we regard as the government's non-compliance with the 2/25/08 order and defendants' continuing failure to provide urgently needed Trust Records.

I regret we've reached an impasse in this matter necessitating the Court's intervention, but appreciate your courtesy in timely conveying the government's position as we'd requested during the conference call on Wednesday and as confirmed in Catherine Munson's August 28 e-mail (below).

Best regards.

Bill Austin

---

**From:** Munson, Catherine
**Sent:** Thursday, August 28, 2008 2:03 PM
**To:** 'Regan, Kevin (ENRD)'
**Cc:** Austin, Bill; Harper, Keith; Romero, Jennifer
**Subject:** Defendants' Objections to Ak-Chin's Request for Trust Records Pursuant to this Court's February 25, 2008 Order

Kevin,

I am e-mailing to confirm our conversation yesterday in which we discussed the objections the government filed on Monday, August 25th to "Ak-Chin's Request for Production of Trust Records Pursuant to the Court's February 25, 2008 Order."

As we discussed prior to your filing the objections, it is Ak-Chin's position that the government was obligated to file all objections and move for a protective order 15 days after Ak-Chin's served its formal request for production of trust records. This is the procedure that J. Robertson adopted and ordered the

parties to follow at the February 25, 2008 hearing and by failing to adhere to that procedure, the government has now waived its right to file a Motion for Protective Order or to assert any objections in addition to those included in the government's August 25 filing.

Moreover, the two objections asserted by the government in its filing are inadequate. First, it was improper for the government to assert general objections, without addressing any of the individual requests submitted by Ak-Chin. Second, the grounds for the objections are without merit.

The first objection states that "Plaintiff should be required to await the filing of Defendants' administrative record before Plaintiff can determine the propriety of extra-record discovery." This objection fails because it is based upon the false premise that because Ak-Chin's action is purportedly an APA action, Ak-Chin is not entitled to discovery. This contention has been flatly rejected by this Court as "ill-founded" and "unsound." *Cobell v. Norton*, 226 F.R.D. 64, 92 (D.D.C. 2005). As a fiduciary, the government is under a strict duty to provide the requested information and even without a request, to ensure that the beneficiary has whatever "material facts affecting the interest of the beneficiary which the trustee knows the beneficiary does not know and which the beneficiary needs to know for his protection in dealing with a third person with respect to his interest." Restatement (Second) of Trusts, comment d, paragraph 173. Indeed, J. Robertson already rejected the notion that Ak-Chin is only entitled to the so-called administrative record by ruling that the government is obligated to follow a procedure which enables Ak-Chin to obtain its trust records.

The second objection states that the "Court should resolve Defendants' challenge to the jurisdictional basis of Plaintiff's complaint before any attempts to take discovery are allowed to go forward." This objection fails because J. Robertson already has ruled that the government must follow a procedure pursuant to which Ak-Chin will obtain its trust records. J. Robertson made this ruling well-after the government had made known in two separate Status Reports that it intended to file a Motion to Dismiss for lack of jurisdiction. In fact, at the February 25 hearing, J. Robertson specifically acknowledged that the government questioned the Court's jurisdiction. (Feb. 25th Hearing Tr. 25). The government has not moved to stay the procedure ordered by J. Robertson and J. Robertson has not issued an order which would stay this process. To the contrary, at the hearing on the Motion to Dismiss, J. Robertson inquired as to the progress of the government's progress, meaning that he believed that the government's motion had no effect on the government's obligation to produce trust records.

As we discussed, because the asserted objections are invalid, we ask that you withdraw the objections and confirm for us in writing by Friday, August 29th, that the government will produce at Kilpatrick Stockton's offices all trust records Ak-Chin is seeking by September 8, 2008. Otherwise, Ak-Chin will have no choice but to seek further intervention by this Court.

Please do not hesitate to contact me should you wish to discuss this matter further.

Best regards,
Catherine