IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AK-CHIN INDIAN COMMUNITY,   )
            )
   Plaintiff,     )
            )
   v.        )
            )  No. 06-cv-02245-JR
DIRK KEMPTHORNE,     )
Secretary of the Interior, *et al.*,  )
            )
   Defendants.    )
_____)

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER

For the reasons detailed below, Defendants hereby respectfully request that the Court enter

an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (Fed R. Civ. P.) limiting its

review in this case to the administrative record and barring any extra-record discovery.[1] Defendants

request that, at a minimum, the Court stay any discovery efforts in this case until (1) the Court has

ruled on Defendants' pending motion to dismiss on jurisdictional grounds (which has been fully

briefed, argued, and submitted) and determined the appropriate next steps in the proceedings, if any;

(2) the appropriate administrative record, if one is needed, has been compiled and submitted; and

(3) Plaintiff has reviewed that record and demonstrated, by clear evidence, the application of one

of the narrow exceptions that allow for extra-record discovery.[2]

---

[1]   On August 29, 2008, undersigned counsel for Defendants conferred by telephone with Plaintiff's counsel, Bill Austin, pursuant to Fed. R. Civ. P. 26(c)(1) and Local Civil Rule (LcvR) 7(m), in a good-faith effort to resolve the parties' dispute without the need for this motion. Counsel were unable to resolve the matter, however. Mr. Austin stated that Plaintiff opposes this motion.

[2]   Notwithstanding the arguments asserted herein, the United States Department of the Interior (Interior), and its components, have been working with and continue to work diligently to identify, locate, copy, and provide to Plaintiff certain documents and data that are responsive to Plaintiff's

(continued...)

I.    **INTRODUCTION**

In this case, Plaintiff seeks to compel Defendants to provide a full and complete accounting of all of Plaintiff's trust assets and to correct the balances of Plaintiff's trust fund accounts.  *See* Compl., Docket (Dkt.) No. 1.  Plaintiff invokes the Court's jurisdiction under the APA, in relevant part.  *Id.* ¶ 10.

It is well-established that in cases such as this one, where Plaintiff seeks judicial review of an agency decision or action under the APA, the scope of that judicial review is limited to the administrative record that was before the agency at the time the decision was made.  *See, e.g., Florida Power & Light Co. v. Lorion*, 470 U.S. 729 (1985); *Camp v. Pitts*, 411 U.S. 138 (1973); *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971); *Fund for Animals v. Babbitt*, 903 F. Supp. 96, 105 (D.D.C. 1995).  In considering such cases, the district court functions as a reviewing court; it does not act as a fact-finder.  *Florida Power & Light Co.*, 470 U.S. at 744; *Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 284-285 (D.C. Cir. 1981).  "The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court."  *Florida Power & Light Co.*, 470 U.S. at 743-44; *see also Fund for Animals v. Williams*, 245 F. Supp. 2d 49, 55 (D.D.C. 2003), *vacated on*

---

2/(...continued)

formal and informal discovery requests.  *See, e.g.*, Defendants' Notice of Objection to Request for Production, Dkt. 68, at 3-4.  For instance, on August 29, 2008, the United States provided written responses to Plaintiff's formal discovery requests in its parallel case in the United States Court of Federal Claims (CFC), *Ak-Chin Indian Community v. United States*, Case No. 06-0932L (Fed. Cl.).  Further, on September 2, 2008, the United States produced certain documents and data responsive to Plaintiff's discovery requests.  This production consisted of over 22,000 document images, some of which relate to the 15 rights-of-way (ROWs) that had been identified by Plaintiff as a priority.  Counsel for the parties continue to discuss ways and means to address Plaintiff's requests for ROW documents and data.

*mootness grounds by*, 428 F.3d 1059 (D.C. Cir. 2005).

Notwithstanding the well-established law, Plaintiff seeks to circumvent this obvious prohibition on discovery by levying requests for the production of extra-record trust documents on Defendants. It has done so, even though it has failed to challenge a final agency action for which there can be an administrative record and where its case suffers from jurisdictional defects (as shown by Defendants' pending motion to dismiss). Plaintiff has strayed far afield from what is proper and permissible in a challenge under the APA. Thus, as explained below, this Court should issue the protective order requested by Defendants herein.

## II.    **RELEVANT FACTUAL AND LITIGATION BACKGROUND**

On December 29, 2006, Plaintiff filed its two-count Complaint seeking declaratory and injunctive relief. Compl., Dkt. No. 1. In Count I, Plaintiff requests a declaration that Defendants have "failed to provide [Plaintiff] with a complete, accurate, and adequate accounting of [Plaintiff's] trust assets," as well as a declaration that this alleged failure "constitutes a breach of the defendants' fiduciary duties to [Plaintiff] and a violation of federal law." *Id.*, at ¶ 36. Plaintiff also requests a declaration that the "[the Interior Department's Tribal trust fund reconciliation project] Report prepared by the defendants' contractors does not constitute a full, complete, and accurate accounting." *Id.*, ¶ 37. In Count II, Plaintiff requests injunctive relief, specifically that the Court direct the Defendants to provide a "complete, accurate, and adequate accounting of [Plaintiff's] trust assets," *Id.*, ¶ 42, and also "any additional equitable relief that may be appropriate (e.g., disgorgement, equitable restitution, or an injunction directing the trustee to take action against third parties)." *Id.* ¶ 43. As noted previously, the Complaint cites certain sections of the APA, 5 U.S.C. §§ 702 and 706. *Id.*, at ¶¶ 9, 10.

On March 13, 2007, Defendants filed their Answer to the Complaint. Dkt. No. 5. The parties filed a Joint Report Pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3 on May 4, 2007. Dkt. No. 12. In that filing, the parties stated their respective positions regarding, *inter alia*, the role of the APA and the propriety of discovery. *Id*. at 11, 14, 15, 17-18 (explaining Defendants' position that judicial review should be limited to the agency's administrative record and that extra-record discovery is improper and inappropriate). On January 18, 2008, Plaintiff filed a status report highlighting its need for rights-of-way documents for use in connection with matters not directly related to this lawsuit, including "ongoing negotiations and other dealings with developers, local governments, the State of Arizona . . . and other third parties regarding the expansion of roads, infrastructure development, use of rights-of-way and innumerable other matters." *Id*. at 2; *see also* Dkt. No. 27, Declaration of Delia Carlyle.

The Court conducted a status conference on February 25, 2008. At that status conference, the Court strongly encouraged the parties to work together to resolve Plaintiff's need for specific rights-of-way documents. *See* February 25, 2008 Transcript, 23-24. As noted above, the Interior Department has been and continues to do that.

Following that status conference and with leave of the Court, Defendants filed their Revised Report Pursuant to Fed. R. Civ. P. 26(f) and LcvR 16.3 and Proposed Case Management Order on March 3, 2008. Dkt. No. 33. In that filing, Defendants pointed out the fact that significant jurisdictional issues exist regarding Plaintiff's Complaint were made clear in Plaintiff's status report, dated January 18, 2008, Dkt. 27, which stated that Plaintiff's claim for an equitable accounting of all trust funds and other assets is not brought under the APA, as well as the fact that Plaintiff's proposal for discovery contemplates discovery of materials related to issues beyond this Court's

jurisdiction.  Dkt. No. 33 at 2.  Defendants requested that this Court first determine its jurisdiction (if any) over Plaintiff's claim for an equitable accounting before allowing any discovery to occur. *Id*. at 5.

Between March 25 and July 31, 2008, pursuant to this Court's instructions at the February 25, 2008 status conference and the Court's March 25, 2008 telephonic order, Plaintiff and Defendants filed separate monthly status reports regarding their efforts to resolve Plaintiff's need for specific ROW documents.  *See* Dkt. Nos. 39, 40, 49, 50, 55, 56, 63, and 64.  As detailed in those reports, Defendants provided Plaintiff with approximately 3,540 images (comprising 1,787 documents) pertaining to the 15 ROWs identified by Plaintiff.  *See* Defendants' July 31, 2008 Status Report, Dkt. 64, at 2-3 (describing the chronology of Plaintiff's request for documents pertaining to specific rights-way) and Defendants' July 31, 2008 Status Report, Dkt. 40, at 2-3 (describing the total number of documents that had been produced at that time).

On June 16, 2008, pursuant to this Court's May 6, 2008 order, Defendants filed their motion to dismiss this case for lack of jurisdiction and for failure to state a claim.  *See generally* Defendants' Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss (Motion to Dismiss), Dkt. 52.  As described in Defendants' motion to dismiss, no federal statute grants Plaintiff a private cause of action against Defendants for breach of trust or to compel an accounting, especially in light of the APA's provisions for judicial review.  *Id*. at 2, 12-22.  In addition, Plaintiff's claim for breach of trust and to compel an accounting does not satisfy the prerequisites for judicial review pursuant to the APA.  *Id*. at 2, 22-52.  As explained in Defendants' motion to dismiss, it appears that Plaintiff primarily attempts to assert a claim under Section 706(1) of the APA, 5 U.S.C. § 706(1), to compel agency action unlawfully withheld.  *Id.*, at 22; *see also* Compl.,

Dkt. 1, ¶ 9 (citing 5 U.S.C. § 706 as a basis of jurisdiction and stating that "this is an action to compel federal officials to perform a duty owed to the Community."). Plaintiff opposed Defendants' motion. *See* Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss, Dkt. No. 59. The Court heard oral argument on July 24, 2008.

On August 5, 2008, Plaintiff filed formal requests for production of documents. Dkt. 67. In those requests, Plaintiff sought "[t]rust records evidencing the creation, rescission or termination of rights-of-way, easements, leases, permits or other authorizations of use" for 15 ROWs. Plaintiff's First Amended Request for Production of Trust Records Pursuant to Court's February 25, 2008 Order, attached hereto as Exhibit 1, at 2. Plaintiff requests the same records for a total of 15 specific rights-of-way. *Id*. at 2-5. The requests duplicate in large part those that were served in Plaintiff's Court of Federal Claims litigation. *Compare* Dkt. 56-2 *with* Exhibit 1, attached hereto.

On September 5, 2008, Plaintiff filed a motion to compel the production of trust records. Dkt. 71. Defendants intend to file an opposition or response to Plaintiff's motion to compel on or before September 19, 2008, as set forth under LCvR 7.[3/]

## III. **ARGUMENT**

As discussed in Defendants' pending Motion to Dismiss, Dkt. No. 52, the only avenue available to Plaintiff in seeking judicial review of agency action in this matter is under the APA, which provides the generally applicable means for obtaining judicial review of agency actions. *See, e.g., Nat'l Ass'n of Home Builders v. Norton*, 415 F.3d 8, 13 (D.C. Cir. 2005); *Trudeau v. FTC*, 456 F.3d 178, 188 (D.C. Cir. 2006); *Public Citizen v. U.S. Trade Representative*, 5 F.3d 549, 551 (D.C.

---

[3/]    As an initial matter, Defendants note several legal deficiencies in Plaintiff's motion, including but not limited to the lack of discussion about clearly applicable APA record review principles and of a ruling by this Court about the propriety of discovery in this case.

Cir. 2006). It is a well-settled principle of law that judicial review of an agency action under the APA, 5 U.S.C. §§ 701-06, is generally limited to the administrative record. *Camp*, 411 U.S. at 142; *Walter O. Boswell Memorial Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984). Plaintiff's request for production of trust records seeks extra-record evidence. Therefore, this Court should enter a protective order prohibiting discovery of extra-record evidence in this case.

### A.    This Court Should Enter a Protective Order Barring Discovery in this Case.

In a case like this one, where Plaintiff has invoked the Court's jurisdiction pursuant to the APA, the statute defines the scope and standard of judicial review. *Camp*, 411 U.S. at 140-42. It is well-established that a party who seeks discovery outside the administrative record bears the burden of showing that one of the narrow exceptions to the rule limiting the review to the administrative record applies and that additional information is needed. *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996).

### 1.    Under the APA, Judicial Review in this Case Is Properly Limited to the Administrative Record.

The judicial review provisions of the APA authorizing the Court to hear this case alter the usual rule that discovery is freely available in civil litigation. *See* 5 U.S.C. § 706. When a court reviews a final agency action pursuant to the deferential "arbitrary and capricious" standard of review dictated by the APA,[4] discovery, as well as the extra-record evidence that such discovery produces, are generally inappropriate. The APA requires the Court to look no further for evidence than the administrative record compiled by the agency and upon which the agency based its

---

[4]    The APA requires a reviewing court to affirm an agency action, unless that action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A).

decision.[5]  *Camp,* 411 U.S. at 142.  "If a court is to review an agency's action fairly, it should have

before it neither more nor less information than did the agency when it made its decision."  *Walter*

*O. Boswell Memorial Hosp.*, 749 F.2d at 792.

    The reasons for the doctrine limiting judicial review of agency actions to the administrative

record lie chiefly in the principle that a court must not substitute its judgment for that of the agency

decisionmaker.  *Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Council*, 435 U.S. 519,

549, 555 (1978).  Unlike in the typical civil action, the Court is not to act as a finder of fact when

it is reviewing final agency action under the APA.  *Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275,

284-285 (D.C. Cir. 1981) (citing *Camp*, 411 U.S. at 142).  Courts presume an agency has "properly

designated the administrative record absent clear evidence to the contrary."  *Fund for Animals v.*

*Williams*, 245 F. Supp. 2d 49, 56 (D.D.C. 2003).  As such, submission of extra-record evidence and

procedures such as discovery, which are specifically designed to uncover and present new facts

before the trial court, are nearly always inappropriate in actions challenging agency action under the

APA.  *Fund for Animals v. Babbitt*, 903 F. Supp. 96, 105 (D.D.C. 1995); *Occidental Eng'g Co. v.*

*Immigration and Naturalization Serv.*, 753 F.2d 766, 769 (9th Cir. 1985) (the district court "is not

required to resolve any facts in a review of an administrative proceeding . . . the function of the

district court is to determine whether or not, as a matter of law, the evidence in the administrative

---

[5]    In cases such as this one, where Plaintiff alleges that Defendants have failed to perform
certain required actions (<u>i.e.</u>, trust accountings allegedly required by law), the rule limiting reveiw
to the administrative record is still applicable.  This is because "[t]he judicial review provisions of
the APA do not distinguish between a claim that an agency unlawfully failed to act and a claim
based on an action taken. In both cases, the court's review of the defendant agencies' action is
generally confined to the administrative record."  *Sierra Club v. Dep't of Energy*, 26 F. Supp. 2d
1268, 1271 (D. Colo. 1998); *see also* 5 U.S.C. § 706 (stating that "[i]n making the foregoing
determinations [under sections 706(1) and (2)], the court shall review the whole record or those parts
of it cited by a party").

record permitted the agency to make the decision it did.").

Consequently, evidence challenging the merits and propriety of the agency's decision may not be considered by the reviewing court, unless it is part of the administrative record. *Edison Elec. Inst. v. Occupational Safety & Health Admin.*, 849 F.2d 611, 617-18 (D.C. Cir. 1988). "To permit an administrative determination to be attacked or supported by new evidence, the Supreme Court has admonished, would substitute the court for the administrative tribunal." *Doraiswamy v. Sec'y of Labor*, 555 F.2d 832, 840 (D.C. Cir. 1976) (internal citations and quotation marks omitted). If the agency's decision cannot be sustained based on the administrative record, then the appropriate remedy is not a *de novo* evidentiary hearing, but a remand to the agency for further explanation or consideration. *Vermont Yankee Nuclear Power Corp.*, 435 U.S. at 549; *Camp*, 411 U.S. at 143.

Notwithstanding Plaintiff's assertion that extra-record discovery is appropriate here and its attempt to compel the production of certain trust documents and data, courts in this Circuit have repeatedly heeded the Supreme Court's admonition to limit the scope of its review under the APA to the administrative record. *See Doraiswamy*, 555 F.2d at 842 (affirming district court's limitation of review to the record and prohibiting discovery); *Envtl. Def. Fund*, 657 F.2d at 286 (affirming district court's limitation of the scope of its review to the administrative record); *Edison Elec. Inst.*, 849 F.2d, 617-18 ("neither party is entitled to supplement the record with . . . evidentiary material that was not before the agency."); *Fund for Animals v. Babbitt*, 903 F. Supp. at 105 (limiting review to the record and barring plaintiffs from filing information not contained in the record as it appeared before the agency at the time of its decision). In these cited cases, the courts concluded that the administrative record provided all the information upon which the agency relied in reaching its decision and there was no reason to consider extra-record information to determine whether the

challenged action was arbitrary and capricious. The same conclusion should be reached here because the administrative record, if and when filed, will include all of the information that the agency considered in its decisionmaking process.

This case presents factual circumstances that are further removed from those found in cases usually brought under the APA. As described above and detailed in Defendants' pending motion to dismiss, Plaintiff has filed claims in the case that are jurisdictionally defective. Also as explained previously, Plaintiff has not identified a final agency action that can be challenged under the APA and for which an administrative record can be compiled and submitted. Therefore, it is premature to determine, as Plaintiff has done, that discovery is warranted and that Defendants' responses thereto should be compelled. In the event that the Court determines that it has jurisdiction over this case and there is a specific final agency action that can be challenged under the APA, the appropriate Defendant will prepare and submit an administrative record appropriate for the Court's review of that agency's alleged final agency action.

If an administrative record is filed, the designation of that administrative record is entitled to a presumption of regularity. *See Blue Ocean Inst. v. Gutierrez*, 503 F. Supp. 2d 366, 369 (D.D.C. 2007). The court assumes the agency properly designated the administrative record absent clear evidence to the contrary. *See Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 197 (D.D.C. 2005); *Fund for Animals v. Williams*, 245 F. Supp. 2d at 56. Only the agency is in a position to know what materials were considered in making its decision:

> The question left for the court is straightforward: who determines what constitutes the "full" administrative record that was "before" the agency? Common sense and precedent dictate that at the outset, the answer must be the agency. It is the agency that did the "considering," and that therefore is in a position to indicate initially which of the materials were "before" it--namely, were "directly or indirectly considered." If it were otherwise, non-agency parties would be free to define the

administrative record based on the materials they believe the agency must (or should) have considered, leaving to the court the unenviable task of sorting through a tangle of competing "records" in an attempt to divine which materials were considered. Judges are not historians charged with isolating the "true" basis for an agency's decision when its ostensible justification proves unconvincing.   Hence the presumption that the agency properly designated the administrative record.

*Id.* at 56-57 (internal citations and quotation marks omitted) (emphasis added).

As stated above, judicial review in this case is conducted under the APA.  Therefore, the only relevant evidence in a case seeking to compel agency action or review a final agency action is the administrative record to be filed with the court.  Accordingly, the Court should enter a protective order limiting its review and prohibiting extra-record discovery, such as the requests propounded by Plaintiff.  At a minimum, the Court should stay Defendants' obligation to respond to the discovery requests until after the Court has ruled on Defendants' pending motion to dismiss and determined the appropriate next steps in the proceedings, if any; an administrative record, if one is needed, has been compiled and submitted; and Plaintiff has reviewed that record and demonstrated a need for extra-record discovery.

> **2.      Plaintiff Has Not Demonstrated that Any of the Narrow Exceptions to the Rule Limiting Judicial Review to the Record Apply in this Case.**

Given the principles confining the ambit of judicial review under the APA, *see, e.g., Camp,* 411 U.S. at 140-42; *Commercial Drapery Contractors v. United States*, 133 F.3d 1, 7 (D.C. Cir. 1998), it is only in exceptional circumstances in which courts have permitted extra-record discovery and supplementation of an administrative record.  *Id.*; *see also Motor & Equip. Mfrs. Ass'n v. Envtl. Prot. Agency*, 627 F.2d 1095, 1105 n.18 (D.C. Cir. 1979) (noting that practice of discovery and supplementing the record for judicial review "decidedly is the exception, not the rule").  Consistent with these principles, the D.C. Circuit has allowed extra-record review or limited discovery in the

following narrow circumstances: (1) when "the agency deliberately or negligently excluded documents that may have been adverse to its decision," (2) when the court needed "background information" in order to determine whether the agency considered all the relevant factors, or (3) where the administrative record is so bare it precludes effective judicial review. *James Madison Ltd.*, 82 F.3d at 1095; *see also Camp,* 411 U.S. at 142-43; *Citizens to Preserve Overton Park*, 401 U.S. at 420; *TOMAC v. Norton*, 193 F. Supp. 2d 182, 194-95 (D.D.C. 2002).

While the D.C. Circuit has recognized these certain narrow exceptions to the general prohibition against extra-record review, the exceptions are just that—exceptions. *Commercial Drapery Contractors*, 133 F.3d at 7; *Motor & Equip. Mfrs. Ass'n*, 627 F.2d at 1105 n.18. It is well-established that a party who seeks to supplement the administrative record bears the burden of showing that supplementation is justified. *San Louis Obispo Mothers for Peace v. NRC*, 751 F.2d 1287, 1324 (D.C. Cir. 1984). In fact, courts have insisted that a party seeking permission to supplement the record must meet its burden to show that the administrative record presented is inadequate for effective judicial review, that one of the exceptions applies, and that additional information is needed. *Id.* Unless the party seeking to depart from the record can make a strong showing that the specific extra-record material falls within one of these exceptions, review therefore is properly limited to the record. *Id.*; *see also James Madison Ltd.*, 82 F.3d at 1095 (rejecting supplementation claim and finding that the plaintiff had failed to demonstrate "the existence of any of the factors we have previously recognized as requiring district courts to supplement the administrative record."). In this case, none of the limited recognized exceptions to the prohibition against extra-record discovery applies.

Here, Plaintiff has not alleged that any of the narrow exceptions to the APA record review

rule apply. Plaintiff has not alleged that the Court may need background information in order to determine whether the agency considered all the relevant information, *James Madison Ltd.*, 82 F.3d at 1095; *TOMAC*, 193 F. Supp. 2d at 194-95, or that the administrative record is so bare it precludes effective judicial review, *Envtl. Def. Fund*, 657 F.2d at 285; *Camp,* 411 U.S. at 142-43. Nor has Plaintiff alleged that Defendants have deliberately or negligently excluded documents from the record. *Kent County v. Envtl. Prot. Agency*, 963 F.2d 391, 395-96 (D.C. Cir. 1992); *Citizens to Preserve Overton Park*, 401 U.S. at 420.

In fact, Plaintiff has not even challenged a final agency action for which either Defendant could prepare and submit an appropriate administrative record, and, further, it has not awaited the production and filing of a record. Therefore, it is entirely premature and baseless for Plaintiff to assert at this juncture that it needs extra-record discovery and evidence.

Under these circumstances, it would be and inappropriate for the Court to allow Plaintiffs to take extra-record discovery and compel discovery from Defendants. The Court should grant Defendants' request for protective order.

        **3.**     **The Discovery That Plaintiff Seeks Will Not Lead to Admissible Evidence in this Case, and, in Any Event, Plaintiff Has Several Other Means by Which It Can Obtain the Documents That It Seeks.**

The discovery that Plaintiff seeks is duplicative and is not reasonably calculated to lead to the discovery of admissible evidence related to Plaintiff's claims in this Court. *See Convertino v. U.S. Dept. Of Justice*, --- F. Supp. 2d ---, Case No. 04-0236, 2008 WL 2640288, *1 (D.D.C. July 7, 2008) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978)). For example, Plaintiff seeks "[t]rust records evidencing the creation, rescission or termination of rights-of-way, easements, leases, permits or other authorizations of use for Maricopa Casa Grande Highway (SR

238), including, but not limited to those trust records identified in Exhibit A to the April 22, 2008 letter from Catherine F. Munson to Laura Maroldy." Plaintiff's First Amended Request for Production of Trust Records Pursuant to Court's February 25, 2008 Order, attached hereto as Exhibit 1, at 2. Plaintiff requests the same records for a total of 15 specific ROWs. Plaintiff does so, despite the fact that, in this case, Plaintiff seeks to compel Defendants to provide a full and complete accounting of all of Plaintiff's trust funds and non-monetary assets. There is no apparent relationship between the particular categories of ROW documents requested by Plaintiff and its claim to compel a full and complete accounting allegedly required by law. The D.C. Circuit has held that an accounting does not require a listing or examination of every particular document created by Interior in its administration and oversight of trust assets to resolve an accounting claim. *See Cobell v. Norton*, 428 F.3d 1070, 1076-79 (D.C.Cir. 2005) (discussing the propriety of statistical sampling and the need for the Court to strike a balance between "exactitude and cost"). Thus, the specific categories of documents sought by Plaintiff are not relevant to a viable theory of accounting breach.

By Plaintiff's own admission, many of the documents that it seeks through its formal requests for production of documents are related to third-party disputes or issues irrelevant to this APA case. *See* Plaintiff's January 18, 2008 Status Report, Dkt. 27 at 2. The proper means by which Plaintiff can obtain the information it seeks is through the Interior Department's administrative channels, not through a case for an accounting before this Court, in which review is limited to the administrative record. The regulations set forth in 25 C.F.R. Part 150 (Land Records and Title Documents) and 25 C.F.R. Part 2 (Appeals from Administrative Actions) establish administrative mechanisms through which Plaintiff can procure the types of documents it seeks and appeal any

action or inaction.  Plaintiff should avail itself of those mechanisms, rather than seek relief through extra-record discovery in this Court.

Also, Plaintiff's discovery requests are duplicative of and overlapping with the discovery that Plaintiff has propounded, and to which the United States has been and continues to be responding, in Plaintiff's parallel case in the CFC.  Plaintiff's attempts to depict its discovery requests in this case as being different from the ones in its CFC are baseless.  As found by the CFC, when it compared and contrasted the complaints filed by Plaintiff in the CFC case and in this case,

> Here, plaintiff's Court of Federal Claims complaint does not present "a separate and distinct claim" from that contained in plaintiff's District Court complaint. The allegations against the government in each complaint are very similar-and sometimes even identical-to one another.  Whereas the *Cooke* court found "a material difference between the operative facts relevant to each claim," there is no such difference between the operative facts relevant to plaintiff's two complaints in this case.

*Ak-Chin Indian Community v. United States*, 80 Fed. Cl. 305, 319 (2008) (internal citation omitted). To the extent that the requests require multiple reviews of the same sets of documents and data, the requests are unreasonably cumulative and duplicative under Fed. R. Civ. P. 26(b)(2)(C)(i).  As described above, the United States has been and continues to be responding to Plaintiff's discovery requests in the CFC case.[6]  Thus, as discussed at the February 25, 2008 Status conference, principles of comity and pragmatic concerns indicate that this Court should decline Plaintiff's invitation to allow duplicative and overlapping discovery.  *See* Transcript of February 25, 2008 Status Conference at 9-10, 16-17.

### B.    At a Minimum, this Court Should Stay Discovery in this Case at this Juncture.

----

[6]    *See also* Footnote 2 of this brief *supra*.

At a minimum, this Court should stay any and all discovery efforts in this case, until after it has ruled on Defendants' pending motion to dismiss on jurisdictional grounds and made the necessary determinations about the next proceedings herein. *See White v. Fraternal Oder of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990) (decision whether to stay discovery is committed to the sound discretion of the district court, and its decision to stay discovery is reversed only for abuse of discretion); s*ee also* Fed. R. Civ. P. 26(c) ("the court . . . may make any order which justice requires). The Court's ruling on Defendants' motion to dismiss will determine the course of the next proceedings in the case, if there are to be any.

In their motion to dismiss, Dkt. No. 52, Defendants argue that this case lacks the requisite basis to proceed independently of the APA's limits on judicial review. No federal statute grants Plaintiff a private cause of action against Defendants for breach of trust or compulsion of an accounting, especially given the provisions for judicial review under the APA. *Id.* In fact, Plaintiff has presented its claim to the Court as an express means to avoid judicial review under the APA. *Id.* Therefore, the claim has to be dismissed for lack of a separate statutory cause of action.

In the event that the Court determines that, in fact, it does have jurisdiction over Plaintiff's claims and that there is an identifiable final agency action for which either Defendant can compile and file an appropriate administrative record, the appropriate Defendant(s) will undertake to do so as soon as possible. Only after the submission of a record can Plaintiff review the record, determine whether it can demonstrate that it needs extra-record discovery, and make that showing. Until then, however, the Court should stay any and all discovery efforts, at a minimum.

**<u>CONCLUSION</u>**

Plaintiff's discovery requests are contrary to the APA's general prohibition on discovery and

are made without any showing about their need or basis. Therefore, Defendants respectfully request the Court issue a protective order limiting the scope of judicial review in this case to the administrative record and prohibiting extra-record discovery (such as the requests submitted by Plaintiff thus far). Defendants request that, at a minimum, the Court stay any and all discovery, until after it has ruled on Defendants' pending motion to dismiss and determined the appropriate next steps in the proceedings, if any; an appropriate administrative record, if one is needed, has been compiled and submitted; and Plaintiff has reviewed that record and demonstrated a need for extra-record discovery, such as the requests for production of documents that they have submitted thus far.

Respectfully submitted this 8th day of September, 2008,

RONALD J. TENPAS
Assistant Attorney General

*/s/ Kevin E. Regan*
KEVIN E. REGAN, OR Bar # 044825
ALISON D. GARNER, UT Bar # 9988
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-3022
Tel: (202) 514-2855
Fax: (202) 353-2021

Attorney for Defendants

OF COUNSEL:

PAUL SMYTH
ELISABETH BRANDON
JAMES STROUD

-17-

Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA E. DAWSON
THOMAS KEARNS
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C.  20227

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE AK-CHIN INDIAN
COMMUNITY,                                )
                                          )
              Plaintiff,                  )
                                          )
v.                                        )          Case No. 06-CV-02245-JR
                                          )          Judge James Robertson
DIRK KEMPTHORNE, ROSS O.                  )
SWIMMER and HENRY M.                      )
PAULSON,                                  )
                                          )
              Defendants.                 )

**FIRST AMENDED REQUEST FOR PRODUCTION OF TRUST RECORDS
PURSUANT TO COURT'S FEBRUARY 25, 2008 ORDER**

Pursuant to the procedure adopted by this Court at the February 25, 2008 Hearing,

Plaintiff, the Ak-Chin Indian Community ("Ak-Chin"), hereby formally requests that

Defendants, Dirk Kempthorne, Ross O. Swimmer and Henry M. Paulson ("Trustee-Delegates"),

produce the trust records designated below.[1]

Ak-Chin specifies 10:00 a.m. on September 8, 2008 at the offices of Kilpatrick Stockton

LLP, 607 14th St. NW, Suite 900, Washington, DC 20005, as the time and location for this

production of trust records. Ak-Chin's counsel invites Trustee-Delegates' counsel to contact

them if this date or location is inconvenient or burdensome, so that mutually acceptable

arrangements can be discussed.[2]

---

[1] These Amended Requests are identical to the requests served yesterday except that they include Exhibit 1, which was inadvertently omitted from the original Requests.

[2] In various correspondence, Trustee-Delegates have suggested that it is appropriate and sufficient for Ak-Chin to travel to Lenexa, Kansas to search upwards of 6400 boxes of documents for Ak-Chin's trust records. To be clear, Ak-Chin does not find that proposal sufficient or acceptable. These are Ak-Chin's records and Trustee-Delegates should produce these records to Ak-Chin as any trustee must. Forcing the beneficiary to review millions of pages of documents because the trustee has chosen to maintain documents in a cumbersome manner is not in conformity with governing procedural rules or trust law. It

As for the manner of production, Ak-Chin specifies that the trust records shall be produced by Trustee-Delegates and further, that the trust records produced shall be labeled with exhibit numbers which shall correspond to the numbers of each and every written response to this request so that responses will accurately show the production of trust records or the absence thereof.

Pursuant to the Court's February 25, 2008 Order, Trustee-Delegates have 30 days from service to provide the trust records. If Trustee-Delegates object to production of such material or needs clarification, it is required to file an appropriate motion for protective order by no later than 15 days after service of this request.[3] Further, pursuant to the protocol adopted by this Court, if Trustee-Delegates fail to object timely, they thereafter waive their right to object and must provide the requested information.

## REQUESTS FOR TRUST RECORDS

### 1.

Trust records evidencing the creation, rescission or termination of rights-of-way, easements, leases, permits or other authorizations of use for Maricopa Casa Grande Highway (SR 238), including, but not limited to those trust records identified in Exhibit A to the April 22, 2008 letter from Catherine F. Munson to Laura Maroldy, attached hereto as Exhibit 1.

### 2.

Trust records evidencing the creation, rescission or termination of rights-of-way, easements, leases, permits or other authorizations of use for Peters & Nall Road (Rt. 16),

---

is an elementary and strict rule of the Law of Trusts that a Trustee must produce information about the corpus of the trust to a beneficiary who requests it. *See* RESTATEMENT (SECOND) OF TRUSTS § 173.

[3] As Ak-Chin communicated to Trustee-Delegates during a telephonic conference on August 4, 2008, Ak-Chin is open to discussing any request informally and clarifying any requests to facilitate the production of the requested records.

including, but not limited to those trust records identified in Exhibit A to the April 22, 2008 letter from Catherine F. Munson to Laura Maroldy, attached hereto as Exhibit 1.

3.

Trust records evidencing the creation, rescission or termination of rights-of-way, easements, leases, permits or other authorizations of use for Maricopa Highway (SR 347), including, but not limited to those trust records identified in Exhibit A to the April 22, 2008 letter from Catherine F. Munson to Laura Maroldy, attached hereto as Exhibit 1.

4.

Trust records evidencing the creation, rescission or termination of rights-of-way, easements, leases, permits or other authorizations of use for Farrell Road (Rt. 14), including, but not limited to those trust records identified in Exhibit A to the April 22, 2008 letter from Catherine F. Munson to Laura Maroldy, attached hereto as Exhibit 1.

5.

Trust records evidencing the creation, rescission or termination of rights-of-way, easements, leases, permits or other authorizations of use by El Paso Natural Gas Company, including, but not limited to those trust records identified in Exhibit A to the April 22, 2008 letter from Catherine F. Munson to Laura Maroldy, attached hereto as Exhibit 1.

6.

Trust records evidencing the creation, rescission or termination of rights-of-way, easements, leases, permits or other authorizations of use for White & Parker Road (Rt. 33), including, but not limited to those trust records identified in Exhibit A to the April 22, 2008 letter from Catherine F. Munson to Laura Maroldy, attached hereto as Exhibit 1.

7.

Trust records evidencing the creation, rescission or termination of rights-of-way easements, leases, permits or other authorizations of use for Ralston Road, including, but not limited to those trust records identified in Exhibit A to the April 22, 2008 letter from Catherine F. Munson to Laura Maroldy, attached hereto as Exhibit 1.

8.

Trust records evidencing the creation, rescission or termination of rights-of-way, easements, leases, permits or other authorizations of use for Murphy Road, including, but not limited to those trust records identified in Exhibit A to the April 22, 2008 letter from Catherine F. Munson to Laura Maroldy, attached hereto as Exhibit 1.

9.

Trust records evidencing the creation, rescission or termination of rights-of-way, easements, leases, permits or other authorizations of use by the Union Pacific Railroad, including, but not limited to, trust records required per 25 C.F.R. Part 169.

10.

Trust records evidencing the creation, rescission or termination of rights-of-way, easements, leases, permits or other authorizations of use by the Union Pacific Pipe Line, including, but not limited to, trust records required per 25 C.F.R. Part 169.

11.

Trust records evidencing the creation, rescission or termination of rights-of-way, easements, leases, permits or other authorizations of use by Southwest Gas, including, but not limited to, trust records required per 25 C.F.R. Part 169.

12.

Trust records evidencing the creation, rescission or termination of rights-of-way, easements, leases, permits or other authorizations of use by Qwest, including, but not limited to, trust records required per 25 C.F.R. Part 169.

13.

Trust records evidencing the creation, rescission or termination of rights-of-way, easements, leases, permits or other authorizations of use by Electrical District 3, including, but not limited to, trust records required per 25 C.F.R. Part 169.

14.

Trust records evidencing the creation, rescission or termination of rights-of-way, easements, leases, permits or other authorizations of use by Western Area Power Administration, including, but not limited to, trust records required per 25 C.F.R. Part 169.

15.

Trust records evidencing the creation, rescission or termination of rights-of-way, easements, leases, permits or other authorizations of use by Arizona Public Service, including, but not limited to, trust records required per 25 C.F.R. Part 169.

This 6th day of August, 2008.

_[signature]_

KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621 Admitted *pro hac vice*
KILPATRICK STOCKTON LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800

*Attorneys for Plaintiff*
The Ak-Chin Indian Community

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE AK-CHIN INDIAN COMMUNITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-CV-02245-JR |
| | ) | Judge James Robertson |
| DIRK KEMPTHORNE, ROSS O. | ) | |
| SWIMMER and HENRY M. PAULSON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have served FIRST AMENDED REQUEST FOR PRODUCTION

OF TRUST RECORDS PURSUANT TO COURT'S FEBRUARY 25, 2008 ORDER by

delivering a copy thereof addressed to:

> John H. Martin, Esq.
> United States Department of Justice
> Environmental and Natural Resources Division
> Natural Resources Section
> 1961 Stout Street, Eighth Floor
> Denver, CO 80294
>
> Kevin E. Regan, Esq.
> United States Department of Justice
> Environmental and Natural Resources Division
> Natural Resources Section
> P.O. Box 663
> Washington, D.C.  20044-0663

by United States Mail, with sufficient postage paid.

This the 6th day of August, 2008.

KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com

US2000 10975722.1

G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621 Admitted *pro hac vice*
KILPATRICK STOCKTON LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800

*Attorneys for Plaintiff*
The Ak-Chin Indian Community

**EXHIBIT 1**



# KILPATRICK STOCKTON LLP

Attorneys at Law

Suite 900  607 14th St., NW
Washington DC 20005-2018
t 202 508 5800  f 202 508 5858
www.KilpatrickStockton.com

direct dial 202 824 1435
direct fax 202 585 0017
CMunson@KilpatrickStockton.com

April 22, 2008

**VIA E-MAIL and U.S. MAIL**

Laura M.L. Maroldy, Esq.
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044-0663

Re:    *Ak-Chin Indian Community v. Kempthorne, et al.*, Civil Action No. 06-2245 (JR)

Dear Laura:

We have completed our review of the materials you produced on August 14th, March 6th and March 14th regarding the Maricopa-Casa Grande Highway, Peters & Nall Road, Maricopa Highway 347, Farrell Road, El Paso Gas Line, White & Parker Road, Ralston Road and Murphy Road.  Attached as Exhibit A is a listing of the documents which were not included in the government's productions regarding those right-of-ways and which the Ak-Chin Community does not possess.

To fully evaluate the Community's legal rights, we need confirmation that what the government has produced is the entirety of the extant record regarding these encumbrances. Therefore, please confirm in writing that the government does not have in its possession the documents listed in Exhibit A.

In light of the upcoming April 30 deadline to file a Status Report, please provide this confirmation by April 28th.  Please do not hesitate to contact me with any questions.

ATLANTA  AUGUSTA  CHARLOTTE  LONDON  NEW YORK  RALEIGH  STOCKHOLM  WASHINGTON  WINSTON-SALEM

April 22, 2008
Page 2


Best regards.

                                    Very truly yours,

                                    Catherine F. Munson

                                    Catherine F. Munson

cc:    Edward Roybal, Esq.
       G. William Austin, Esq.
       Keith M. Harper, Esq.

**Exhibit A**

**<u>SR 238 (Mobile Road/Maricopa-Casa Grande West) – 1980</u>**

1. Permission to Survey - 25 CFR § 169.4
   a. Application
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
   a. Application for Right of Way
   b. Environmental assessment report
   c. Environmental assessment
   d. Archaeological clearance
   e. Area Map/map of defined location
3. Action of Application - 25 CFR §169.15 (listed requirements)
   a. Grant of Easement (e.g., conveyance instrument indicating that the right of way was approved by the Secretary)
   b. Application for Right of Way (copy indicating filing date and Secretarial approval)
4. Engineer's Affidavit – 25 CFR § 169.11
5. Record of Assignment from BIA
6. Affidavit of Completion- 25 CFR § 169.16

**<u>SR 238 (Mobile Road/Maricopa-Casa Grande West) – 1990-91</u>**

1. Application for Right of Way - 25 CFR §§ 169.5-169.11
   a. Application is missing record-dated document from Pima Agency accepting Right of Way application from the AZ Dept. of Transportation
   b. Area Map/map of defined location
2. Record of Assignment from BIA
3. Engineer's Affidavit - 25 CFR § 169.11
4. Affidavit of Completion - 25 CFR § 169.16

**<u>Peters and Nall Road (Rt. 16) – SR 347 to Porter Road</u>**

1. Permission to Survey - 25 CFR § 169.4
   a. Application
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
   a. Environmental Assessment Report
   b. Environmental Assessment
   c. Market Value Report
   d. Appraisal Report
   e. Archaeological Clearance
   f. Area Map
3. Action of Application - 25 CFR §169.15 (listed requirements)
   a. Application for Right of Way (copy indicating filing date and Secretarial approval)
4. Affidavit of Completion - 25 CFR § 169.16

**Peters and Nall Road (Rt. 16) – Porter Road to White & Parker Road**

1. Permission to Survey - 25 CFR § 169.4
   a. Application
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
   a. Tribal Consent
   b. Environmental Assessment Report
   c. Environmental Assessment
   d. Market Value Report
   e. Appraisal Report
   f. Archaeological Clearance
   g. Area Map
3. Action of Application - 25 CFR §169.15 (listed requirements)
   a. Application for Right of Way (copy indicating filing date and Secretarial approval)
4. Affidavit of Completion - 25 CFR § 169.16

**Peters and Nall Road (Rt. 16) – White & Parker Road to Hartman Road**

1. Permission to Survey - 25 CFR § 169.4
   a. Application
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
   a. Environmental Assessment Report
   b. Environmental Assessment
   c. Appraisal Report
3. Record of Assignment of Right of Way from BIA
4. Affidavit of Completion - 25 CFR § 169.16

**Maricopa Road (SR 347) – 1992**

1. Permission to Survey - 25 CFR § 169.4
   a. Application
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
   a. Environmental Assessment Report
   b. Archaeological Report
   c. Area Map
3. Record of Assignment of Road from BIA
4. Engineer's Affidavit - 25 CFR § 169.11
5. Affidavit of Completion - 25 CFR § 169.16

**Maricopa Road (SR 347) – 1942**

1. Permission to Survey - 25 CFR § 169.4
   a. Application
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
   a. Tribal consent by resolution

US2000 10786209.1

     b. Environmental Assessment Report
     c. Archaeological Report
     d. Appraisal
3. Action of Application - 25 CFR §169.15 (listed requirements)
     a. Application for Right of Way
4. Record of Assignment of Road from BIA
5. Engineer's Affidavit - 25 CFR § 169.11
6. Affidavit of Completion - 25 CFR § 169.16

## Farrell Road (Rt. 14) – 1982

1. Permission to Survey - 25 CFR § 169.4
     a. Application
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
     a. Archaeological Report
     b. Appraisal
     c. Area Map
3. Record of Assignment of Road from BIA

## Farrell Road (Rt. 14) – 1973

1. Permission to Survey - 25 CFR § 169.4
     a. Application
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
     a. Application for Right of Way
     b. Grant of Easement
     c. Environmental Assessment Report
     d. Archaeological Report
     e. Appraisal
     f. Area Map
3. Action of Application - 25 CFR §169.15 (listed requirements)
     a. Grant of Easement (e.g., conveyance instrument indicating that the right of way was approved by the Secretary)
     b. Application for Right of Way (copy indicating filing date and Secretarial approval)
4. Affidavit of Completion - 25 CFR § 169.16

## El Paso Natural Gas Co. – 1969

1. Permission to Survey - 25 CFR § 169.4
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
     a. Environmental Assessment Report
     b. Environmental Assessment
     c. Area Map

3.  Action of Application - 25 CFR §169.15 (listed requirements)
    a.  Application for Right of Way (copy indicating filing date and Secretarial approval)
4.  Engineer's Affidavit - 25 CFR § 169.11
5.  Affidavit of Completion - 25 CFR § 169.16

**El Paso Natural Gas Co. – 1986**

1.  Permission to Survey - 25 CFR § 169.4
    a.  Application
2.  Application for Right of Way - 25 CFR §§ 169.5-169.11
    a.  Application for Right of Way
    b.  Environmental Assessment Report
    c.  Environmental Assessment
    d.  Appraisal Report
    e.  Area Map
3.  Action of Application - 25 CFR §169.15 (listed requirements)
    a.  Grant of Easement (e.g., conveyance instrument indicating that the right of way was approved by the Secretary)
    b.  Application for Right of Way (copy indicating filing date and Secretarial approval)
4.  Engineer's Affidavit - 25 CFR § 169.11
5.  Affidavit of Completion - 25 CFR § 169.16

**White & Parker Road (Rt. 33) – 1975**

1.  Permission to Survey - 25 CFR § 169.4
2.  Application for Right of Way - 25 CFR §§ 169.5-169.11
    a.  Environmental Assessment Report
    b.  Environmental Assessment
3.  Action of Application - 25 CFR §169.15 (listed requirements)
    a.  Application for Right of Way (copy indicating filing date and Secretarial approval)
4.  Affidavit of Completion - 25 CFR § 169.16

**Ralston Road**

1.  Permission to Survey - 25 CFR § 169.4
2.  Application for Right of Way - 25 CFR §§ 169.5-169.11
    a.  Appraisal
    b.  Area Map
3.  Action of Application - 25 CFR §169.15 (listed requirements)
    a.  Application for Right of Way (copy indicating filing date and Secretarial approval)
4.  Record of Assignment of Road from BIA
5.  Engineer's Affidavit - 25 CFR § 169.11

6. Affidavit of Completion - 25 CFR § 169.16

## Murphy Road

1. Permission to Survey - 25 CFR § 169.4
   a. Application
2. Application for Right of Way - 25 CFR §§ 169.5-169.11
   a. Application for Right of Way
   b. Grant of Easement
   c. Environmental Assessment Report
   d. Environmental Assessment
   e. Area Map
3. Action of Application - 25 CFR § 169.15 (listed requirements)
   a. Grant of Easement (e.g., conveyance instrument indicating that the right of way was approved by the Secretary)
   b. Application for Right of Way (copy indicating filing date and Secretarial approval)
4. Engineer's Affidavit - 25 CFR § 169.11
5. Affidavit of Completion - 25 CFR § 169.16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AK-CHIN INDIAN COMMUNITY,        )
                                 )
        Plaintiff,               )
                                 )
    v.                           )
                                 )     No. 06-cv-02245-JR
DIRK KEMPTHORNE,                 )
Secretary of the Interior, *et al.*, )
                                 )
        Defendants.              )
_____)

## [PROPOSED] ORDER

This matter is before the Court on Defendants' motion for a protective order.  Upon

consideration of the motion, the papers supporting and opposing it, arguments presented by counsel,

and for good cause shown, it is hereby ORDERED that

    1.    Defendants' motion should be and hereby is granted.

    2.    The Court's review of this case is limited to the administrative record.

    3.    No extra-record discovery shall be allowed.  Therefore, Plaintiff's request for

production (Dkt. 67) and Plaintiff's amended request for production shall be stricken, and

Defendants need not respond to them.

        SO ORDERED.

Date:  _____          _____
                                      HON. JAMES ROBERTSON
                                      United States District Judge